KENNETH L. COVELL
LAW OFFICE OF KENNETH L. COVELL
712 Eighth Avenue
Fairbanks, Alaska 99701
Phone: 907.452.4377
Fax:    907.451.7802

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

GREGG CONITZ,                                     )
                                                  )
                Plaintiff        )
                                                  )
      vs.                                 )
                                                  )
TECK COMINCO ALASKA, INC., )
                                                  )
              Defendant        )
_____)          Case No. 4:06-CV-00015 RRB

## 1st AMENDED COMPLAINT

COMES NOW Plaintiff, Gregg Conitz, by and through counsel, THE LAW OFFICE OF KENNETH L. COVELL, and for his Complaint alleges as follows:

1.  At all relevant times,  Gregg Conitz was an adult resident of Alaska.

2.  Teck Cominco Alaska, Inc. is a corporation organized under the laws of the state of Alaska, and at all relevant times was doing business in Alaska.  Teck Cominco Alaska, Inc. has an official policy of granting an employment preference to Native Americans from the Northwest region of Alaska, in hiring and advancement.

3.   Gregg Conitz is white with a European national origin.

4.  Gregg Conitz has worked in various positions with defendant.  In April 1990 Gregg Conitz accepted a position with the Mill Maintenance Department, and began employment with Cominco Alaska, Inc. as a Level IV Millwright.  Gregg Conitz was assigned to a Level VI

Millwright position on July 2, 1990.  On June 6, 1995 Gregg Conitz was transferred to the Mine Operations Department and placed at Level III Operator, and Mine Department Superintendent, Mr. Jim Greenhall assured Gregg Conitz that he would be allowed to progress within the Mine Operations Department on a fair and equal basis without a hiring preference given to Native Americans.  On August 18, 1996 Gregg Conitz was assigned to the Level IV Operator position at the Mine Operations Department with Cominco Alaska, Inc.

5.  During May 1999, Gregg Conitz submitted a written application for the Relief Supervisor position.  On August 10, 1999, the Mine Operations Department Coordinator, Mr. Bill Haney, told Gregg Conitz that he was the best applicant for the Relief Supervisor position and would begin receiving supervisory training.

6.  On September 22, 1999 Gregg Conitz was assigned to Level V Operator position at the Mine Operations Department with Cominco Alaska, Inc.

7.  The week of December 9, 1999 was the first week Gregg Conitz acted as the Relief Supervisor, and on December 20, 2000 he was assigned to the Level VI Operator position.

8.  From July to November 2004 Teck Cominco Alaska, Inc., formerly Cominco Alaska, Inc., sought applicants for the Mine Operations Supervisor position.

9.  Mr. Larry Hanna (a Native American), Mr. Martin Parillon (a non Native American), and Gregg Conitz (a non Native American) applied for the Mine Operations Supervisor position.

10. On November 20, 2004 Mr. Larry Hanna was appointed as Mine Operations Supervisor for Teck Cominco Alaska, Inc., even though Gregg Conitz was more qualified for the position.

11. Immediately after Gregg Conitz learning of Larry Hanna's appointment, Mr. John Kells, the Mine Operations Foreman told Gregg Conitz that Conitz had been selected as the best candidate for the Mine Operations Supervisor.  However, Mr. Kells' decision had been overturned by the General Manager, Mr. Rob Scott, who was required to give hiring preference to a Native American.

12. Because Gregg Conitz is not of Native American ancestry he was not selected for the Mine Operations Supervisor position.  A less qualified Native American was selected for the position.

13. On November 26, 2004, Gregg Conitz filed a complaint about the supervisor selection process per the grievance procedure of Teck Cominco Alaska, Inc.  No satisfactory resolution of Gregg Conitzs' complaint was arrived at through the grievance procedure.

14. On February 15, 2005, Gregg Conitz submitted an application for the Mine Trainer position with Teck Cominco Alaska, Inc.

15. During May 2005, Gregg Conitz became aware that a Native American, Mr. Mike Baker, was selected for the Mine Trainer position.

16. Gregg Conitz was more qualified for the position. Because Gregg Conitz is not of Native American ancestry, he was not selected for the Mine Trainer position.

17. On February 8, 2006, Gregg Conitz filed a Complaint of Racial and National Origin Discrimination with the U.S. Equal Employment Opportunity Commission, regarding the unlawful Native American hiring preference used in favor of Mike Baker in selecting him for the Mine Trainer position.  On February 23, 2006, the same charge was filed with the Alaska State Commission For Human Rights.

18. After filing the complaints with the EEOC and the Alaska State Commission For Human Rights, during March, April and May 2006, Gregg Conitz was deliberately excluded from his duties as Relief Supervisor to which he had been assigned since December 1999.

19. Mr. Robert Shields, a Mine Department Supervisor at Teck Cominco Alaska, Inc. was Gregg Conitz's acting supervisor. On May 10, 2006, Mr. Shields agreed with Gregg Conitz that Conitz was deliberately excluded from the duties of the Relief Supervising position.

20. On May 17, 2006, Mr. Warren (Butch) Draper, Mine Department Foreman at Teck Cominco Alaska, Inc. informed Gregg Conitz that Conitz was deliberately excluded from the duties of the Relief Supervising position because of Gregg's complaint letters filed with the Equal Employment Occupation Commission alleging Racial and National Origin Discrimination.

21. Gregg Conitz was retaliated against by deliberate exclusion from the duties of the Relief Supervising position for filing the Complaint of Racial and National Origin Discrimination, and the Charge of Discrimination.

22. Teck Cominco Alaska, Inc. also opened Mr. Conitz' private letter mail. On April 6, 2006, Gregg Conitz, located at the mine worksite near Kotzebue, received his personal U.S. Postal Mail that had been previously opened and stapled shut. The envelope from counsel, Mr. Kenneth Covell, was addressed to Gregg Conitz' home address, and had been forwarded to the worksite via the Teck Cominco Alaska, Inc. Anchorage office. The mail person at the worksite stated the envelope had arrived from the Teck Cominco Alaska, Inc. Anchorage office opened and stapled shut.

23. Between April 6th and April 19th Gregg Conitz received a letter from his attorney, Ken Covell, addressed to him and forwarded to him at the mine site. The flap on the back of

the envelope appeared to have been glued shut when it was mailed, but had been carefully opened by separating the glue, and then left open. No note was made on the letter by anyone prior to my receiving it.

24. As a proximate result of Defendant Teck Cominco Alaska, Inc. unlawful employment actions and inactions, Gregg Conitz has been injured and has suffered past and future economic loss and earning capacity, humiliation, and emotional distress.

25. Gregg Conitz received a right to sue letter for Racial and National Origin Discrimination from the U.S. Equal Employment Opportunity Commission on May 1, 2006.

## FIRST CAUSE OF ACTION – TITLE 7 FEDERAL CIVIL RIGHTS

Unlawful Employment Action – Race and National Origin Discrimination

26. For his First Cause of Action, Gregg Conitz incorporates the allegations above, and further alleges as follows:

27. Defendant Teck Cominco Alaska, Inc. unlawful employment actions of preferring Mike Baker to Gregg Conitz for the position of Mine Trainer constitutes discrimination on the basis of Race and/or National Origin and violates 42 U.S.C.A. § 2000e-2.

## SECOND CAUSE OF ACTION –STATE CIVIL RIGHTS A.S. 18.80.220

Unlawful Employment Action – Race and National Origin Discrimination

28. For his Second Cause of Action, Gregg Conitz incorporates the allegations above, and further alleges as follows:

29. Defendant Teck Cominco Alaska, Inc. unlawful employment actions of preferring Larry Hanna to Gregg Conitz for the Mine Operations Supervisor position and Mike Baker to Gregg Conitz for the position of Mine Trainer constitutes discrimination on the basis of Race and/or National Origin and violates A.S. 18.80.220.

**THIRD CAUSE OF ACTION – TITLE 7 FEDERAL CIVIL RIGHTS RETALIATION**
Unlawful Employment Action – Retaliation

30. For his Third Cause of Action, Gregg Conitz incorporates the allegations above, and further alleges as follows:

31. Defendant Teck Cominco Alaska, Inc. unlawful employment actions of opening Gregg Conitz's private letter mail and excluding him from assignments of Relief Supervisor constitutes prohibited retaliation under the Federal Civil Rights Act and violates 42 U.S.C.A. § 2000e-3.

**FOURTH CAUSE OF ACTION – STATE CIVIL RIGHTS RETALIATION**
Retaliation

32. For his Fourth Cause of Action, Gregg Conitz incorporates the allegations above, and further alleges as follows:

33. Defendant Teck Cominco Alaska, Inc. unlawful employment actions of opening Gregg Conitz's private letter mail and excluding him from assignments of Relief Supervisor constitutes prohibited retaliation and violates A.S. 18.80.220 (a)(4)

**FIFTH CAUSE OF ACTION – INVASION OF PRIVACY**

34. For his Fifth Cause of Action, Gregg Conitz incorporates the allegations above, and further alleges as follows:

35. Defendant Teck Cominco Alaska, Inc. actions in opening the mail of Gregg Contiz constitutes an Invasion of Privacy which is a tortuous violation of Gregg Conitz's rights.

**WHEREFORE,** Gregg Conitz requests the court:

**1.** Temporarily, preliminarily and permanently enjoin Defendant Teck Cominco Alaska, Inc. from discriminating in employment at all of it's facilities; and

particularly enjoining Defendant from giving preference to Native Americans in regard to hiring and advancement.

2. Order Defendant to advance Gregg to the position to which he is entitled;

3. Award Gregg Conitz actual and compensatory damages, in an amount to be determined at trial;

4. Award Gregg Conitz his actual reasonable attorney fees and costs; and,

5. Grant such other relief as the Court deems just and equitable.


DATED this 10th day of August, 2006 at Fairbanks, Alaska


LAW OFFICES OF KENNETH L. COVELL
Attorney for the Plaintiff, Gregg Conitz

s/Kenneth L. Covell
712 8th Ave.
Fairbanks, AK 99701
Phone:  907.452.4377
Fax:  907.451.7802
E-mail:  kcovell@gci.net
Attorney Bar #:  8611103