Thomas M. Daniel
Alaska Bar No. 8601003
TDaniel@perkinscoie.com
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
Telephone: 907.279.8561
Facsimile: 907.276.3108

Attorneys for Intervenor
NANA Regional Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREGG CONITZ,<br><br>        Plaintiff,<br><br>v.<br><br>TECK COMINCO ALASKA, INC.,<br><br>        Defendant. | Case No. 4:06-cv-00015-RRB |

**NANA REGIONAL CORPORATION'S MOTION TO INTERVENE**

Pursuant to Federal Rule of Civil Procedure 24(a)(2) and 24(b), NANA Regional Corporation, Inc. ("NANA") moves to intervene in this case as a defendant.

Plaintiff Gregg Conitz alleges that the operator of the Red Dog Mine, Teck Cominco Alaska, Inc. ("Teck Cominco"), violated his legal rights by discriminating against him on the basis of race and/or national origin, based on Teck Cominco's policy of granting an employment preference to Native Americans from the

MOTION TO INTERVENE
Conitz v. Teck Cominco    -1-
Case No. 4:06-cv-00015-RRB
18531-0014/LEGAL13190748.1
13190748_1.DOC

Northwest region of Alaska. Complaint ¶¶ 27, 29 (Docket No. 6). He seeks to enjoin Teck Cominco from giving preference to Native Americans in regard to hiring and advancement. Prayer for Relief ¶ 1.

Neither NANA nor Teck Cominco grants a race-based employment preference to Native Americans. Rather, as the owner of the Red Dog Mine, NANA has a contractual relationship with Teck Cominco, providing for Teck Cominco to operate the Mine. Under its contract with NANA, Teck Cominco is obligated to offer employment to qualified NANA stockholders whose stock carries voting rights, and the descendants and spouses of such stockholders, and secondarily, to residents of the NANA region, residents of Northwest Alaska and residents of Alaska.

The determination of plaintiff's claims in this action may directly affect NANA, by prohibiting or restricting Teck Cominco's performance of its contractual obligations to NANA related to stockholder hiring. Moreover, determination of plaintiff's claims could affect NANA's ability to require other contractors to give employment preferences to NANA stockholders. For these reasons, NANA moves to intervene.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

MOTION TO INTERVENE
Conitz v. Teck Cominco                -2-
Case No. 4:06-cv-00015-RRB
18531-0014/LEGAL13190748.1

# I. BACKGROUND

NANA is one of 13 regional corporations organized under the Alaska Native Claims Settlement Act (ANCSA). NANA owns the land, including subsurface minerals, where the Red Dog Mine is located.

In 1982, NANA entered into an agreement with Cominco American Incorporated for operation of the Red Dog Mine ("the Agreement"). The Agreement includes provisions addressing Teck Cominco's hiring practices. Relevant to this case, the Agreement includes the following provisions:

> 1.17 "Natives of the NANA Region" means the stockholders of NANA whose stock carries voting rights, and the descendants and spouses of such stockholders.
>
> 10.1 Employment Goals and Policy.
>
> 10.1.1. Beginning in calendar year 1982, as many as possible of the employees required by operator or any contractor or subcontractor in connection with any activities under this Agreement to be undertaken in Alaska shall be Natives of the NANA Region, including employees for Exploration Work, development and production activities and supervisory and managerial positions. It is the goal of NANA and Cominco that by not later than twelve years after commencement of production from the first Mine on the Red Dog Property, to the extent feasible, one hundred percent (100%) of such employees shall be Natives of the NANA Region. To that end, whenever employees are hired for jobs relating to any activities to be undertaken in Alaska under this Agreement, such employment shall be offered first to available Natives of the NANA Region who are qualified for the job or, if none are qualified and except as otherwise provided in Section 10.1.3, to those who meet job-related standards of fitness and ability which indicate that with a reasonable amount of on-the-

MOTION TO INTERVENE
Conitz v. Teck Cominco                -3-
Case No. 4:06-cv-00015-RRB
18531-0014/LEGAL13190748.1

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

job training as outlined in the Employment Plan the person could satisfactorily perform the job.

10.1.2. If Natives of the NANA Region are unavailable as provided above, then Operator shall, to the extent permitted by law, give preference to qualified job applicants in the following order of priority:

    (a)    individuals who have been residents of the NANA Region for at least two years;

    (b)    individuals who have been residents of Northwest Alaska for at least two years;

    (c)    individuals who have been residents of Alaska for at least two years;

    (d)    any other job applicant.

10.1.3. If there are no Natives of the NANA Region qualified and available for nonrecurring jobs with a duration of two months or less after inquiry to NANA in the manner prescribed by the Employment Plan for the names of such available and qualified Natives, the Operator may hire persons qualified for such jobs without regard to the requirements of Section 10.1.1 and 10.1.2 for reasons of essential and/or expeditious performance. It is recognized that emergency situations may arise where it is necessary for Operator to bring in specialists from outside of the NANA Region and the State of Alaska without regard to the requirements of this Article X if a breakdown of equipment, metallurgical and/or water treatment process problem, structural failure or some similarly serious problem occurs. This emergency power will be detailed in their Employment Plan. Operator need not provide training for job described in this section 10.1.3, unless otherwise required by the Employment Plan.

. . .

Perkins Coie LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

MOTION TO INTERVENE
Conitz v. Teck Cominco     -4-
Case No. 4:06-cv-00015-RRB
18531-0014/LEGAL13190748.1

10.3  Wages and Benefits.

There shall be no discrimination in the amount or rate of wages and fringe benefits paid to employees on the basis of race, color, religion, sex, national origin, age, physical or mental handicaps, or status as a disabled veteran.

. . .

10.5  Compliance with Applicable Laws.

Nothing in this Agreement shall require NANA or Cominco, or any contractors or subcontractors, to violate Title VII of the Civil Rights Act of 1964, as amended, Executive Order 11246, as amended, the National Labor Relations Act, ANCSA, or any other law or regulation relating to employment.

## II.  ARGUMENT

### A.  NANA Has the Right to Intervene Under Federal Rule of Civil Procedure 24(a)(2).

A four-part test governs intervention under Fed. R. Civ. P. 24(a)(2):[1]

(1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

California ex rel. Lockyer v. United States, 450 F.3d 436, 440 (9th Cir. 2006).

---

[1] Rule 24(a)(2) states: "Upon timely application anyone shall be permitted to intervene in an action . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

MOTION TO INTERVENE
Conitz v. Teck Cominco                 -5-
Case No. 4:06-cv-00015-RRB
18531-0014/LEGAL13190748.1

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Rule 24(a)(2) is construed broadly, in favor of intervention. <u>United States v. City of Los Angeles</u>, 288 F.3d 391, 397 (9th Cir. 2002). A liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts. In evaluating whether these requirements are met, courts are guided primarily by practical and equitable considerations. <u>Id</u>. "By allowing parties with a *practical* interest in the outcome to intervene, we often prevent or simplify future litigation involving related issues; at the same time, we allow an additional interested party to express its views before the court." <u>Id</u>.

All of the requirements for intervention are satisfied here.

1.   <u>NANA's Intervention is Timely</u>.

The case was filed on June 22, 2006, and Teck Cominco filed an answer on July 25, 2006. The Court has not issued a Rule 16 scheduling order, and thus there is currently no date for completing discovery, filing motions or trial. Under these circumstances, intervention is timely, and will not disrupt the orderly and timely determination of the issues in the case.

2.   <u>NANA has a Protectable Interest</u>.

An applicant has a significant protectable interest in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims. <u>Id</u>. at 398. "The 'interest' test

P<small>ERKINS</small> C<small>OIE</small> <small>LLP</small>
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

MOTION TO INTERVENE
Conitz v. Teck Cominco                    -6-
Case No. 4:06-cv-00015-RRB
18531-0014/LEGAL13190748.1

is not a clear-cut or bright-line rule, because 'no specific legal or equitable interest need be established . . . . Instead, the 'interest' test directs courts to make a 'practical, threshold inquiry' and 'is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is consistent with efficiency and due process.'" Id. (Internal citations omitted.) "[A] party has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." California, 450 F.3d at 441.

A contractual right may be the basis for intervention, as demonstrated by United States v. City of Los Angeles, 288 F.3d 391 (9th Cir. 2002). In that case, the United States alleged that certain police practices deprived individuals of their constitutional rights. The union representing LAPD officers moved to intervene, arguing that a proposed consent decree was incompatible with the collective bargaining agreement between the City and the union. The district court denied intervention, and the Ninth Circuit reversed, observing that the union had a protectable interest both in the merits of the claim, and in the proposed remedy.[2] See also Southwest Center for Biological Diversity v. Berg, 268 F.3d 810, 820 (9th Cir.

---

[2] "We granted intervention to the bargaining unit because the proposed consent decree in the case purported to give the district court authority to override the officers' collective bargaining agreement." California, 450 F.3d at 443.

MOTION TO INTERVENE
Conitz v. Teck Cominco                                -7-
Case No. 4:06-cv-00015-RRB
18531-0014/LEGAL13190748.1

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

2001) ("Contract rights are traditionally protectable interests" for purposes of Rule 24(a) intervention).

Moreover, the Ninth Circuit has determined that a claim to continued benefit from a policy or practice of favorable treatment for a Native group is a "significantly protectable interest" that supports intervention. In <u>Arakaki v. Cayetano</u>, 324 F.3d 1078 (9th Cir. 2003), the plaintiff raised an equal protection challenge to benefits provided to Native Hawaiians, but not to members of other racial or ethnic groups. A group of Native Hawaiians who benefited from the current program sought to intervene. The Ninth Circuit held that the Native Hawaiians defending their favorable treatment had a sufficient interest to support intervention.[3] "[Intervenors], as lessees of Hawaiian homestead lands or applicants for such leases, have a stake in the outcome of Plaintiffs' equal protection challenge. Consequently, [their] protectable interest in the continued receipt of benefits supports intervention." <u>Id</u>. at 1084.[4]

---

[3] The Ninth Circuit held that the intervenors did not have an interest supporting intervention with respect to a claim by the intervenors that the benefits in question should be limited to Native Hawaiians with at least 50% Native Hawaiian blood. Intervention was not justified on this issue because the plaintiffs' challenge to the benefit policy did not address this issue, and therefore as to this issue there was an inadequate relationship between the plaintiffs' claims and the interest invoked by the intervenors. 324 F.3d at 1085.

[4] <u>See also</u> <u>Arakaki</u>, 324 F.3d at 1085-86 ("We agree with the district court that Hoohuli has a significant interest against Plaintiffs' equal protection challenge in the continued receipt of benefits as native Hawaiians.").

MOTION TO INTERVENE
Conitz v. Teck Cominco                                                -8-
Case No. 4:06-cv-00015-RRB
18531-0014/LEGAL13190748.1

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Applying these standards here, NANA has a "significant protectable interest." It has a contractual right to Teck Cominco's performance of certain hiring practices. There is a relationship between plaintiff's claims and this legally protected right, because plaintiff alleges his rights have been violated by Teck Cominco's hiring practices related to Native hiring, and he seeks to enjoin Teck Cominco "from giving preference to Native Americans in regard to hiring and advancement." NANA may suffer "practical impairment of its interests as a result of the pending litigation," if the Court were to determine that Teck Cominco violated the law by complying with the stockholder-hiring provisions of the Agreement, or if the Court were to enjoin Teck Cominco's future performance of the stockholder-hiring provisions of the Agreement.

3. <u>Disposition of this Case May Impair NANA's Interests</u>.

Again, the Court should focus on the practical effect of the lawsuit on the intervenor's interests: "If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." <u>California</u>, 450 F.3d at 442 (quoting Fed. R. Civ. P. 24 advisory committee note to 1966 amendment). Here, the practical effect of plaintiff's challenge to the legality of Teck Cominco's hiring and promotion practice is clear. If Teck Cominco is liable to the plaintiff based upon Teck Cominco's performance of the stockholder-hire provision in its contract with NANA, or if the court enjoins Teck

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

MOTION TO INTERVENE
Conitz v. Teck Cominco                    -9-
Case No. 4:06-cv-00015-RRB
18531-0014/LEGAL13190748.1

Cominco from further performance of the stockholder-hire provision of its contract with NANA, NANA will be "substantially affected in a practical sense."[5]

### 4. Teck Cominco May Not Adequately Protect NANA's Interests.

The proposed intervenor has the burden of demonstrating that existing parties may not adequately represent its interest. "However, the burden of showing inadequacy is minimal, and the applicant need only show that representation of its interests by existing parties 'may be' inadequate." Southwest Center, 268 F.3d at 823.

Three factors are considered to make this determination: 1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; 2) whether the present party is capable and willing to make such arguments; and 3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect. Id. at 822.

Teck Cominco does not have the same interest as NANA in defending the stockholder-hire provisions in the Agreement. These contractual provisions are for the benefit of NANA, not Teck Cominco. Teck Cominco could even conclude that these provisions impose extra burdens on its hiring process, and that an order invalidating these provisions would be advantageous to Teck Cominco. Thus, it is not

---

[5] See Arakaki, 324 F.3d at 1086 ("We agree with the district court's conclusion that a ruling in favor of Plaintiff's equal protection challenge would impair [Intervenor] Hoohuli's ability to protect its interest in the continued receipt of benefits as native Hawaiians.").

MOTION TO INTERVENE
Conitz v. Teck Cominco                   -10-
Case No. 4:06-cv-00015-RRB
18531-0014/LEGAL13190748.1

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

certain that Teck Cominco would make all possible arguments in favor of the stockholder-hire provisions.

Moreover, NANA can address these issues from the perspective of an Alaska Native corporation. This perspective is not shared by either of the current parties. For example, if the Court were to consider the injunctive relief claimed by plaintiff, NANA could present evidence concerning the harm that would be inflicted on NANA and its stockholders by the proposed remedy.[6] These are not harms that would be visited on Teck Cominco, or on the plaintiff. These factors strongly support NANA's intervention. Id. at 823-24 (divergent interests and priorities between existing defendants and intervenors support intervention).

### B. NANA Should be Permitted to Intervene Under Federal Rule of Civil Procedure 24(b).

Permissive intervention is authorized when 1) there is an independent ground for jurisdiction; 2) the motion is timely; and 3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common. City of Los Angeles, 288 F.3d at 403 (quoting Northwest Forest Resource Council v. Glickman, 82 F.3d 825, 839 (9th Cir. 1996)). Unlike Rule 24(a), intervention under Rule 24(b) does not require identification of a "significant protectable interest" on the part of the

---

[6] See Plaintiff's First Amended Complaint (Docket No. 6), Prayer for Relief.

MOTION TO INTERVENE
Conitz v. Teck Cominco                -11-
Case No. 4:06-cv-00015-RRB
18531-0014/LEGAL13190748.1

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

intervenor. Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094, 1108 (9th Cir. 2002). If there is a common question of law or fact, the requirement of the rule has been met, and the district court has discretion to allow intervention. Id. at 1110-11. For the reasons previously stated, the Court should exercise its discretion to allow NANA to intervene on issues pertaining to the legality of the stockholder hiring provisions of the Agreement.

### III.   CONCLUSION

For these reasons, NANA respectfully requests that the Court grant its motion to intervene in this action.

DATED:  June 22, 2007.

s/ Thomas M. Daniel, Alaska Bar No. 8601003
TDaniel@perkinscoie.com
**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, AK  99501-1981
Telephone:  907.279.8561
Facsimile:  907.276.3108

Attorneys for Intervenor
NANA Regional Corporation

The undersigned hereby certifies that a true and correct copy of the foregoing document is being electronically served on Sean Halloran and Kenneth Covell this 22nd day of June, 2007.
s/Thomas M. Daniel

MOTION TO INTERVENE
Conitz v. Teck Cominco                    -12-
Case No. 4:06-cv-00015-RRB
18531-0014/LEGAL13190748.1

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK  99501-1981
907.279.8561 / Facsimile 907.276.3108