Kenneth L. Covell
LAW OFFICE OF KENNETH L. COVELL
712 Eighth Avenue
Fairbanks, Alaska  99701
(907) 452-4377 telephone
(907) 451-7802 fax
e-mail:  kcovell@gci.net

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREGG CONITZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) MOTION TO COMPEL |
| vs. | ) |
| | ) |
| | ) |
| TECK COMINCO ALASKA, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) Case No.  4:06-CV-00015 RRB |

### MOTION TO COMPEL PRODUCTION OF EVIDENCE

COMES NOW, the Law Office of Kenneth L. Covell, and moves the Court to compel the production of evidence pursuant to Fed. R. Civ. P. 26.

There is an agreement between Teck Cominco Alaska, Inc.'s (hereafter 'Teck') predecessor in interest and NANA Regional Corporation concerning operation of and hiring at

the Red Dog Mine. Teck does not wish to produce the whole agreement and represented that it would produce the relevant portions thereof.

Plaintiff agreed to this procedure as long as it appeared that all the pertinent portions of the agreement were produced.

Plaintiff reviewed those portions of the agreement produced and indicated that not all the relevant portions had been produced. Plaintiff further indicated that he had seen other portions of the agreement not in the portion produced. Counsel has written and asked the Defendant to produce the entire agreement; and/or produce the entire agreement with those portions that the Defendant thinks ought to be kept confidential designated for discussion on confidentiality and possible motion work.

Defendant has declined to do so and says that it will ask for *in camera* review.

Plaintiff understands the agreement runs in the hundreds of pages and expects that an *in camera* review is unnecessary. First, a twenty-five-year-old agreement is unlikely to contain much material that legitimately needs to be kept secret at this point. Even secret government documents tend to get unsealed after twenty five or thirty years. Secondly, while the court may be familiar with the general gist of the case, the court is not an advocate and does not necessarily have the knowledge and/or the interest that the plaintiff will have in scrutinizing the document for potential usefulness in the case.

Thirdly, it seems that the real reason to not have the document produced is that the Defendant does not want to.[1] This would make plaintiff suspect that there is likely other damaging material to Defendant in the agreement.

---

[1] On June 22, 2007, NANA Regional Corporation filed a motion to intervene in the above captioned matter. Plaintiff intends to file a response motion in opposition. Interestingly, subsequent to embroilment of the parties on

*Conitz v. Teck Cominco Alaska, Inc.*, Case No. 4:06-CV-00015 RRB        Page 2 of 3
Motion to Compel

For the foregoing reasons, it is respectfully requested that the Court order the 1982 NANA agreement produced with all attachments, schedules, exhibits, etc.

DATED this 2nd day of July 2007 at Fairbanks, Alaska.

LAW OFFICE OF KENNETH L. COVELL
Attorney for Defendant

s/Kenneth L. Covell
712 8th Ave.
Fairbanks, AK 99701
Phone: 907.452.4377
Fax: 907.451.7802
E-mail: kcovell@gci.net
Attorney Bar #: 8611103

**CERTIFICATE OF SERVICE**
This is to certify that a copy of the foregoing has been
Served electronically, via ECF to the following attorney(s):
Sean Halloran
Thomas M. Daniel – TDaniel@perkinscoie.com

Dated: 07/02/2007
By:    /s/ Emily S. Ervin
       Emily S. Ervin for Kenneth L. Covell

---

the issue of production of the 1982 NANA agreement, NANA Regional Corporation filed a motion to intervene. NANA's briefing in this regard quotes extensively from the 1982 agreement. It seems paradoxical that NANA wishes to intervene and yet would apparently oppose discovery on the very 'interest' it has on the litigation.