SEAN HALLORAN
Hartig Rhodes Hoge & Lekisch P.C.
717 K Street
Anchorage, AK 99501
Phone: 907-276-1592
Fax:   907-277-4352
mail@hartig.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREGG CONITZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) |
| | ) |
| TECK COMINCO ALASKA INC., | ) |
| | ) |
| Defendant. | ) |
| | ) Case No. 4:06-CV-00015 RRB |

## QUALIFIED NON-OPPOSITION TO NANA MOTION TO INTERVENE

NANA Regional Corporation, the owner of Red Dog Mine, has moved to intervene and thereby become a defendant alongside Teck Cominco Alaska Incorporated, the operator of Red Dog Mine. Teck Cominco Alaska herein states its qualified non-opposition.

A.   Although NANA's Interest Is Illusory, This Court Must Acknowledge It.

NANA looks to the Complaint, which asserts that Teck Cominco Alaska discriminated against Mr. Conitz under federal and state law when it re-hired Mr.

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

Baker into his former position instead of promoting Mr. Conitz.[1] [See Docket 1 at 1st and 2nd causes of action]  Mr. Conitz has made clear that he is attempting to invalidate any hiring preference that Teck Cominco Alaska may have for the owners of Red Dog Mine.  In this regard, Mr. Conitz repeatedly ignores the voluminous evidence establishing that Teck Cominco Alaska gives a hiring preference to NANA shareholders (since they are the owners of Red Dog Mine), and asserts instead that Teck Cominco Alaska gives a preference to Native Americans.  [E.g. see Id. at ¶¶ 11, 16; Docket 4 at ¶¶ 11, 16; Exhibit 1.]  Although the as-yet undisputed facts in this case establish that Teck Cominco Alaska has no hiring preference beyond its policy of preferring NANA shareholders, and although the as-yet undisputed facts show that Mr. Baker was re-hired because he was eminently well qualified for his former position while Mr. Conitz was entirely unqualified, and although the hiring decision was undisputedly made without regard for anyone's status as a NANA shareholder and without regard for anyone's race or national origin, this court must look to the actual claim asserted by the plaintiff in his Complaint.  In doing so, the court must recognize that NANA has an interest in the asserted claim without looking to the facts that show the plaintiff's claims are specious and that NANA's interest is therefore illusory.  Accordingly, Teck Cominco must agree with NANA that its

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

---

[1]     The remaining causes of action involve claims that Teck Cominco Alaska opened Mr. Conitz's private mail, and failed to allow him to serve as an acting supervisor once he was no longer being considered for any supervisory positions.  Those claims are irrelevant here.

interests could theoretically be impaired if the plaintiff prevailed on certain of his stated claims, and that it is entitled to intervention as of right.

B.   Teck Cominco Alaska Is Not Representing NANA's Interests.

NANA asserts that Teck Cominco is obligated to adopt a hiring preference not only for NANA shareholders, but also, to the extent permitted by law, for specified others. NANA further argues that Teck Cominco is not likely to have an interest in protecting NANA's right to enforce contractual obligations that mandate that such preferences be adopted. Teck Cominco agrees. As Teck Cominco has repeatedly made clear to the plaintiff in this litigation, it is committed to the practice of preferring NANA shareholders when hiring personnel, but otherwise has never adopted hiring preference policies. [See Docket 4; Exhibit 1.] NANA is therefore correct: its interests are not entirely aligned with those of Teck Cominco or protected by Teck Cominco's participation in this litigation. While Teck Cominco believes that NANA's interests should be irrelevant to the claims at bar, it recognizes that if NANA's interests are at issue, and if they are to be protected, it will have to be done by someone other than Teck Cominco or the plaintiff. Teck Cominco therefore does not oppose intervention.

C.   NANA's Motion Is Timely.

The plaintiff served some discovery requests in March and April [see Exhibit 1], finally made his initial disclosures in April of this year, and has so far been

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

unwilling to commit to any schedule for any depositions. With the exception of the plaintiff's recent motion to compel Teck Cominco Alaska to produce an unredacted copy of the confidential Development And Operating Agreement Between NANA Regional Corporation and Cominco American Incorporated, this case has largely remained dormant since it was filed more than a year ago. As NANA points out, no deadlines have ever been set for this matter. In the absence of any schedule by which this case is to proceed to resolution, NANA's intervention could not possibly serve to disrupt one, and NANA's intervention is therefore timely.

Dated this 9th day of July, 2007.

HARTIG RHODES HOGE & LEKISCH, P.C.
Attorney for Teck Cominco Alaska Incorporated

By: _____
Sean Halloran
717 K Street
Anchorage, AK 99501
Tel: 907/276-1592
Fax: 907/277-4352
Email: mail@hartig.com

CERTIFICATE OF SERVICE

I certify that on the 9th day of July, 2007, a true and correct copy of the foregoing was served on those parties of record by First Class Mail or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

_____
Sean Halloran

f:\docs\62880\198 - conitz - federal case\pleadings\non_op_motion_intervene.doc

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352