SEAN HALLORAN
Hartig Rhodes Hoge & Lekisch P.C.
717 K Street
Anchorage, AK 99501
Phone: 907-276-1592
Fax:   907-277-4352
mail@hartig.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREGG CONITZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) |
| | ) |
| TECK COMINCO ALASKA INC., | ) |
| | ) |
| Defendant. | ) |
| | ) Case No. 4:06-CV-00015 RRB |

**OPPOSITION TO MOTION TO COMPEL,
MOTION FOR PROTECTIVE ORDER
AND
MOTION FOR IN-CAMERA INSPECTION**

Mr. Conitz seeks to compel Teck Cominco Alaska Incorporated to produce the October 11, 1982 confidential Development and Operating Agreement Between NANA Regional Corporation, Inc. and Cominco American Incorporated, despite the fact that he has not requested it through discovery and despite the fact that all relevant portions of the Agreement were voluntarily produced to him. [See Docket 13.] Teck Cominco Alaska herein opposes his request, and asks, pursuant to Civil

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

Rule 26(c)(7), that the court conduct an in-camera review of the Agreement to verify that Mr. Conitz is not entitled to obtain any more of the confidential Agreement than has already been disclosed.

A.   Teck Cominco Has Produced All Relevant Portions Of The Agreement.

Teck Cominco Alaska has been in possession of the confidential Development and Operating Agreement Between NANA Regional Corporation, Inc. and Cominco American Incorporated since shortly after that agreement was executed in October, 1982. [Somers Affidavit.] That Agreement settled certain claims that were then in dispute between Cominco American and NANA, and set forth a comprehensive and detailed scheme by which those companies would cooperate with respect to the development and operation of Red Dog Mine. [Id.] By virtue of the relationship existing between Teck Cominco Alaska and NANA, many of the provisions contained in the NANA / Cominco American Agreement are enforceable against Teck Cominco Alaska in addition to being enforceable against Cominco American. [Id.] As NANA properly pointed out in its Motion to Intervene, the provisions that call for certain hiring preferences are among the provisions that NANA has a right to enforce against Teck Cominco Alaska. [See Docket 11.]

Mr. Conitz has asserted in his Complaint that Teck Cominco Alaska discriminated against him on the basis of his race when it re-hired Mr. Baker into his former position instead of promoting Mr. Conitz into that job. [Docket 1.]

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

OPPOSITION TO MOTION TO COMPEL
4:06-cv-00015 RRB
Page 2 of 5

Although Teck Cominco has denied that there was any racial discrimination, and has steadfastly insisted that no hiring preference of any kind was applied in the course of making that decision, Mr. Conitz continues to assert that Teck Cominco discriminated against him on the basis of race. [See Docket 1, Docket 4, Exhibit 2.]

Because Mr. Conitz has attempted to place at issue any hiring preferences that Teck Cominco Alaska may have, Teck Cominco voluntarily disclosed a redacted copy of the Agreement that revealed only the provisions that call for the adoption of hiring preferences in favor of NANA shareholders and, to the extent permitted by law, certain others. [Exhibit 1.] Teck Cominco Alaska has acknowledged that NANA has a right to enforce those provisions against it, and has further acknowledged that it has never adopted any policies setting forth hiring preferences beyond a general policy of preferring NANA shareholders when hiring workers at the NANA owned mine. As the court can verify in an in-camera review, Exhibit 1 includes all portions of the confidential Development and Operating Agreement Between NANA Regional Corporation, Inc. and Cominco American Incorporated that could possibly be relevant to Mr. Conitz's discrimination claim against Teck Cominco Alaska.. Where the remainder of the Agreement is neither relevant nor likely to lead to admissible evidence, Teck Cominco has no duty to disclose any additional portions of the confidential Agreement, and Mr. Conitz's motion should be denied. This court should affirmatively order that Teck Cominco is entitled to

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

maintain the confidentiality of the Agreement, and to not disclose any additional portions to Mr. Conitz.

B.  Teck Cominco Is Entitled To A Protective Order Precluding Production Of The Confidential Agreement.

The Development and Operating Agreement Between NANA Regional Corporation, Inc. and Cominco American Incorporated contains trade secrets and other highly confidential, commercial development information of a proprietary nature. [Somers Affidavit.] Accordingly, Teck Cominco is obligated to maintain confidentiality with respect to the specific contents of that Agreement. [Id.] In the Ninth Circuit, the law is clear in requiring that "the requirements of relevance and necessity must be established where disclosure of a trade secret is sought". Hartley Pen Co. v. United States Dist. Court, 287 F.2d 324, 331 (9th Cir. 1961). Mr. Conitz has utterly failed to even attempt to show that the remainder of the Agreement is in any way relevant. [See Conitz Motion.] Where a party "has not shown either its need for, or the relevance under Rule 26(b)(1) of, the requested information, its motion to compel must be denied.". DirecTV Inc. v. Trone, 209 F.R.D. 455, 460 (CD Cal. 2002). This court should deny Mr. Conitz's motion and enter a protective order that Teck Cominco is not obligated to produce the confidential Agreement.

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

## CONCLUSION

This court should deny Mr. Conitz' motion, where he has made no showing that an unredacted Agreement is in any manner relevant to the claims at bar, and enter an order protecting from disclosure the confidential October 11, 1982 Development and Operating Agreement Between NANA Regional Corporation, Inc. and Cominco American Incorporated. If the court desires, an unredacted copy of the Agreement can be filed ex parte, under seal, for in camera review.

Dated this 16th day of July, 2007.

HARTIG RHODES HOGE & LEKISCH, P.C.
Attorney for Teck Cominco Alaska Incorporated

By: _____
Sean Halloran
717 K Street
Anchorage, AK 99501
Tel: 907/276-1592
Fax: 907/277-4352
Email: mail@hartig.com

CERTIFICATE OF SERVICE

I certify that on the 16th day of
July, 2007, a true and correct
copy of the foregoing was served on
those parties of record by First Class Mail
or by electronic means through the
ECF system as indicated on the
Notice of Electronic Filing.

_____
Sean Halloran

f:\docs\62880\198 - conitz - federal case\pleadings\motion_compel_op.doc

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352