Kenneth L. Covell
LAW OFFICE OF KENNETH L. COVELL
712 Eighth Avenue
Fairbanks, Alaska  99701
(907) 452-4377 telephone
(907) 451-7802 fax
e-mail:  kcovell@gci.net

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| GREGG CONITZ,                     )  | |
|                                   )  | |
|         Plaintiff,                )  | |
|                                   )  MOTION TO COMPEL |
| vs.                               )  | |
|                                   )  | |
|                                   )  | |
| TECK COMINCO ALASKA, INC.,        )  | |
|                                   )  | |
|         Defendant.                )  | |
| _____)  Case No.  4:06-CV-00015 RRB |

**REPLY TO OPPOSITION TO MOTION TO COMPEL PRODUCTION OF EVIDENCE**
**AND OPPOSITION TO MOTION FOR IN-CAMERA INSPECTION**

Defendant has a contract which contains the premises for racially based hiring and promotion practices.  Defendant refuses to produce it.

Defendant moves the court to make an *ex parte* review and decide relevance without allowing plaintiff the opportunity to

*Conitz v. Teck Cominco Alaska, Inc.*, Case No. 4:06-CV-00015 RRB
Reply to Opposition to Motion to Compel              Page 1 of 6

review the contract and argue why portions of the contract might be relevant or might lead to relevant information in the case.

Defendant's approach is backward.

Rather than saying the whole agreement ought to be confidential, if the defendant can point to some particular section that they think ought to be not discovered, they could explain what it is and why it ought to be.

Defendant's arguments are wholly devoid of a substantial basis for a protective order from the court in this regard.

The law. FRCP 26(c)(7) states, "that a trade secret or other confidential research, development, or commercial information not be revealed, or be revealed only in a designated way." Clearly, we are not dealing with research or development. The defendant fails to explain what "commercial information" is contained that might somehow be damaging.

In Somers' Affidavit, in paragraph eight he states:

That Agreement contains trade secrets and other highly confidential, commercial development information of a proprietary nature belonging to Teck Cominco Alaska, Teck Cominco America, and NANA.

However, he goes on to make the following statement:

Teck Cominco Alaska works hard to maintain secrecy with respect to the specific contents of most parts of that Agreement, <u>and is obligated by agreements with NANA and Teck Comino America to maintain the utmost confidentiality</u>.

It appears, by defendant's own admission that the Agreement itself does not even require secrecy or confidentiality.

If defendant wishes to assert in a logical and forthright manner the portions of the Agreement that ought not to be in a public record, they could send plaintiff's counsel a copy of it with the portions purportedly to be kept confidential highlighted. The parties then can discuss them and if they believe it to be fair, the matter will be taken care of. If the parties cannot reach an agreement, then a hearing could be held with the court in that regard.

Indeed, it may be that portions of the agreement, whether relevant or not, will lead to relevant information.

For instance, defendants in their opposition say that it will not lead to relevant information. However, in this instance we have NANA making a Motion to Intervene. It appears that unrevealed portions of the Agreement might be relevant to that Motion.

In *Reich v. Cominco Alaska*, 56 P.3d 18 (Alaska 2002), the Alaska Supreme Court notes:

> Per the terms of their Development and Operating Agreement for the mine, NANA and Cominco, annually share the mine's net profits. The Agreement permits Cominco to subtract from gross revenues its costs of defending law suits against it and any judgments against it, unless the judgment is based on a jury

      award that finds Cominco liable for gross negligence or willful misconduct. *Reich* at 20.

This citation brings to mind a number of questions. First of all, in NANA's Motion to Intervene, the argument of adversity is therein; and sort of concurred with by defendant Cominco, in that their Qualified Non-Opposition. Both parties fail to address the adversity position maintained by Cominco in the *Reich* case.

These fact issues show a pattern where there is information in the 1982 Agreement, arguably not immediately and directly relevant to the issue of racial discrimination; but clearly relevant to the issue of NANA's Motion to Intervene. The exact implications of such facts in NANA's Motion to Intervene are not currently clear to plaintiff's counsel and are not thoroughly explored at this point because neither NANA nor Cominco raise it as an argument in their pleadings in that regard. However, plaintiff might or might not wish to use such information to make an argument on that motion. Therefore clearly information in the Agreement not disclosed is relevant or might lead to relevant information in the case. This bit of information seems to be neither a trade secret, proprietary, or commercial development information not to be revealed.

If plaintiff were in a position to pick and choose which information he had to disclose to defendant, he would really enjoy litigating that way, but that is simply not how litigation is conducted.

Furthermore, in the Reich case it appears that the Agreement has already been revealed and parts of it are published in the public record. It would appear, in any event, the "cat is already out of the bag".

The court is not in a position to, nor is it supposed to act as an advocate for Mr. Conitz. Mr. Conitz is entitled to the information. This is not a case where plaintiff needs to prove his right to it nor its relevance. Those are abundantly clear. Rather, it is a case for defendant to prove, an exceptional circumstance where discoverable information ought to be kept from plaintiff. They ought to have an awful good reason for that rather than attempting to make such an argument. Instead they talk circles about information that is apparently already given out. Further, plaintiff has demonstrated through a bit of research a glaring example of why the information should be revealed.

Further, the facts in controversy here require discovery of the Agreement.

*Conitz v. Teck Cominco Alaska, Inc.*, Case No. 4:06-CV-00015 RRB
Reply to Opposition to Motion to Compel                Page 5 of 6

Mr. Conitz has been shown portions of the contract (See Affidavit of Counsel).

Mr. Conitz has reviewed the portions of the contract given to plaintiff's counsel by defendant and indicates there are sections of the contract that he has seen that are not being revealed. Defendant has already waived any "secrets" by already revealing the contract in *Reich*. It is fundamentally unfair to ban Conitz from using evidence of facts in this case, when plaintiff has said that the Agreement is relevant to the action taken against him.

RESPECTFULLY SUBMITTED this 20TH day of July 2007 at Fairbanks, Alaska.

LAW OFFICE OF KENNETH L. COVELL
Attorney for Defendant

s/Kenneth L. Covell
712 8th Ave.
Fairbanks, AK 99701
Phone: 907.452.4377
Fax: 907.451.7802
E-mail: kcovell@gci.net
Attorney Bar #: 8611103

**CERTIFICATE OF SERVICE**
This is to certify that a copy of the foregoing has been
Served electronically, via ECF to the following attorney(s):
Sean Halloran
Thomas M. Daniel - TDaniel@perkinscoie.com

Dated: 07/20/2007
By:    /s/ Emily S. Ervin
       Emily S. Ervin for Kenneth L. Covell

*Conitz v. Teck Cominco Alaska, Inc.*, Case No. 4:06-CV-00015 RRB
Reply to Opposition to Motion to Compel                Page 6 of 6

LAW OFFICES OF
**KENNETH L. COVELL**
712 8TH AVENUE
FAIRBANKS, ALASKA 99701

KENNETH L. COVELL

PHONE (907) 452-4377
FAX (907) 451-7802

June 21, 2007
*Fax: 907.277.4352*

Sean Halloran
Hartig Rhodes Hoge & Lekisch, P.C.
717 K Street
Anchorage, AK 99501

Re: *Conitz v. Teck Cominco Alaska, Inc.*

Dear Sean,

Thank you for your letter concerning the Teck Cominco contract of 1982.

It seems that the problem here is we think there are more relevant portions to the contract and you do not. Obviously, without having the contract in my hand, I cannot point out to you what they are. Furthermore, it is unlikely that a court is going to take the appropriate amount of time to do so during an in-camera review of the document.

If you are willing to send me a copy of the document, I would agree to keep it confidential and point out to you those sections I felt were relevant and see if we could agree in that regard.

Rather than quibble over whether or not prior requests for this document have been made, or were made properly, I can simply issue another request of that nature now. Is this necessary?

Mr. Conitz indicates that he has seen portions of the contract that we believe are relevant to this matter. I would certainly have him do an affidavit to that effect should it be necessary to file a Motion to Compel.

Your continued kind cooperation in this regard is appreciated. Let's see if we can't sort this out.
Sincerely,

The Law Office of Kenneth L. Covell

By: /s/ Kenneth L Covell

KLC/ese
*Conitz v. APC*, Case No. 4:06-CV-15 RRB
Response to Halloran's Letter re Cominco-Nana Agreement

Page 1 of 1

# HARTIG RHODES HOGE & LEKISCH, P.C.

ROBERT L. HARTIG (1928-1980)
JAMES D. RHODES (RETIRED)
G. KENT EDWARDS (RETIRED)

ROBERT C. BRINK
VICKI L. BUSSARD
ROBERT B. FLINT
SEAN HALLORAN
ANDREW E. HOGE
CHRISTINE FOOTE-HYATT

ATTORNEYS AT LAW

www.hartig.law.pro
717 K STREET
ANCHORAGE, ALASKA 99501-3397
TELEPHONE (907) 276-1592
FACSIMILE (907) 277-4352

MICHAEL JUNGREIS
PETER A. LEKISCH
CHRISTINA M. PASSARD
DOUGLAS C. PERKINS
MARGARET J. RAWITZ
TODD J. TIMMERMANS

June 21, 2007

RECEIVED JUN 25 2007 BY:

**VIA FACSIMILE**
Mr. Kenneth L. Covell
712 8th Avenue
Fairbanks, AK 99701

Re:     *Conitz v. Teck Cominco Alaska, Inc.*
File No.:  62880.198

Dear Mr. Covell:

In response to your letter requesting that Teck Cominco Alaska produce a complete copy of the 1982 agreement between Cominco American (now Teck Cominco American) and NANA Regional Corp., please be advised that we did produce the provisions that encompassed the hiring preference set forth therein. Since we find it very hard to imagine that your client has ever had an opportunity to see the actual agreement that is at issue, we cannot imagine how it is that he asserts that there are additional provisions addressing topics relevant to his litigation. Even so, if you believe that there are other relevant subjects addressed in the Agreement, please let us know what topics you are referencing. If they indeed are in the agreement and if they have anything to do with the subject of your client's lawsuit, we will produce those sections. Otherwise, Teck Cominco Alaska is obligated to maintain confidentiality with respect to the NANA/Cominco American agreement and will not voluntarily produce it. If you prefer to take this matter before the court on a motion to compel, we will not only point out to the court that the agreement is not responsive to the discovery requests you previously submitted, but we will request an in camera inspection and a ruling that we need not disclose any more than we already have.

Sincerely,

HARTIG RHODES HOGE & LEKISCH, P.C.

By: _____
Sean Halloran

cc: Tom Daniel

F:\Docs\62880\198 - Conitz - Federal Case\CORRESPONDENCE\Covell6 ltr.doc

LAW OFFICES OF
## KENNETH L. COVELL
712 8TH AVENUE
FAIRBANKS, ALASKA 99701

KENNETH L. COVELL

PHONE (907) 452-4377
FAX (907) 451-7802

June 20, 2007

Sean Halloran
Hartig Rhodes Hoge & Lekisch, P.C.
717 K Street
Anchorage, AK 99501

Re: *Conitz v. Teck Cominco Alaska, Inc.*
Your File No: 62880.198

Dear Sean,

Thank you for providing me with discovery and disclosure concerning parts of the 1982 Cominco-Nana Agreement. I have discussed this with my client and he indicates to me that there are pertinent portions of the contract not included herein.

I appreciate your effort in attempting to resolve this matter with as little conflict as possible however, it appears to me at this point that it is necessary for you to produce the whole contract. Please advise whether you will do so voluntarily, or if you have any other thoughts as to how to do this in an orderly manner. In any event, at this point it appears to me that it would be necessary to bring a Motion to Compel if you are not willing to produce it. I will await your reasonably prompt response in this regard.

Sincerely,

The Law Office of Kenneth L Covell

By: *[signature]*
Kenneth L Covell

KLC/ese