Kenneth L. Covell
LAW OFFICE OF KENNETH L. COVELL
712 Eighth Avenue
Fairbanks, Alaska  99701
(907) 452-4377 telephone
(907) 451-7802 fax
e-mail:  kcovell@gci.net

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREGG CONITZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| TECK COMINCO ALASKA, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | Case No. 4:06-CV-00015 RRB |

### REPLY TO OBJECTION OF COVELL AFFIDAVIT AND OBJECTION TO

### HALLORAN AFFIDAVIT

Teck filed a reply concerning its failure to discover the 1982 Operating agreement.

Interestingly, Teck says, "Conitz should prove relevance" of the document it will not let him look at!

Then Teck goes on to criticize Plaintiff for not being more specific in his affidavit, even though they will not give him a written copy. Then they go to move to strike plaintiff's affidavit as being inadmissible hearsay.

(Conitz is due back from his job at Teck Cominco about July 25th and counsel will endeavor to have a direct affidavit from Conitz shortly).

Then defendants go on to supply their own hearsay affidavit and in paragraph four, counsel relates, "Mr. Stastney's testimony…".

Plaintiff moves to strike those and any other hearsay portions of Mr. Halloran's affidavit.

A number of things are clear:

1. Teck wishes to be the sole arbiter as to what evidence is disclosed in this case and not allow plaintiff to see evidence it does not want plaintiff to see.

2. Teck wishes to be the sole arbiter as to what evidence is relevant in this case, even though Teck employees have shown Conitz portions of the Operating Agreement both included in those disclosed and those not disclosed and told Conitz it was relevant, yet still wishes to prevent

   Conitz from seeing it and/or attempting to admit
   in having full hearing on its relevance.

3. Teck seems to wish to strike a hearsay statement that would be helpful to plaintiff, in establishing the facts at hand (which are unavailable in part due to its prior alleged interference with attorney-client communications); yet at the same time wishes to supply its own hearsay statements and have the court rely upon them.

4. Lastly, Teck refuses to take any reasonable position about explaining how, what and why in the 25 year old contract (in the range of age of government secrets that are declassified and revealed) ought to receive some sort of extra special attention, as opposed to asking for wholesale secrecy of the entire agreement for no reason.

The court should compel discovery of the Agreement. The court is not in a position to spend the time necessary to carefully and thoughtfully decide, *ex parte,* what is relevant information. The court is not in possession of the facts and knowledge that plaintiff is and can in no way

substitute its judgment for plaintiff's knowledge and plaintiff's zealous representation of his client.

RESPECTFULLY SUBMITTED this 2nd day of August, 2007 at Fairbanks, Alaska

>LAW OFFICES OF KENNETH L. COVELL
>Attorney for the Plaintiff, Gregg Conitz
>
>s/Kenneth L. Covell
>712 8th Ave.
>Fairbanks, AK 99701
>Phone: 907.452.4377
>Fax: 907.451.7802
>E-mail: kcovell@gci.net
>Attorney Bar #: 8611103

**CERTIFICATE OF SERVICE**
This is to certify that a copy of the foregoing has been
Served electronically, via ECF to the following attorney(s):
Sean Halloran

Dated: 08/2/2007
By:   /s/ Emily S. Ervin
      Emily S. Ervin for Kenneth L. Covell