SEAN HALLORAN
Hartig Rhodes Hoge & Lekisch P.C.
717 K Street
Anchorage, AK  99501
Phone:  907-276-1592
Fax:    907-277-4352
mail@hartig.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREGG CONITZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) |
| | ) |
| TECK COMINCO ALASKA, INC., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) Case No. 4:06-CV-00015 RRB |

### MOTION TO COMPEL

Defendant Teck Cominco Alaska Incorporated moves to compel plaintiff Gregg Conitz to answer questions put to him in deposition.

Teck Cominco is the operator of Red Dog Mine, which is owned by NANA Regional Corporation.  Mr. Conitz has asserted that this litigation is intended to challenge the propriety of the hiring preference given by Teck Cominco to shareholders of NANA, despite the fact that no hiring preference was applied in either of the hiring decisions that are at issue in this case. [See Docket 1, 21.]  In furtherance of Mr. Conitz's stated goal of invalidating

Teck Cominco's practice of prefering to hire the mine's owners to work at the mine, his Complaint includes the allegation that:

> Mr. John Kells, the Mine Operations Foreman told Gregg Conitz that Conitz had been selected as the best candidate for the Mine Operations Supervisor. However, Mr. Kells' decision had been overturned. .

[Docket 1 at ¶ 11.] The Complaint further alleges that Teck Cominco's shareholder hiring preference, which Mr. Conitz asserts is a preference for "Native Americans", was the reason given by Mr. Kells to Mr. Conitz for Mr. Conitz not being promoted on that occasion. [Id.]

On Tursday, August 2, the deposition of Gregg Conitz was commenced in the offices of counsel for Teck Cominco. Teck Cominco asked Mr. Conitz if he had ever heard Mr. Kells "discuss the shareholder hire preference that Teck Cominco Alaska has in place". [Halloran Affidavit.] Mr. Conitz was subsequently asked whether Mr. Kells made "representations as to why you would not be selected for the job." [Id.] Additionally, Mr. Conitz was asked "what did Mr. Kells tell you" about an alleged meeting between Mr. Kells, Mr. Zigarlick[1], and Mr. Scott[2] regarding whether Mr. Conitz should be promoted. [Id.] At the outset of this line of questioning, counsel for Mr. Conitz objected that the deposition invaded the attorney client privilege and/or impermissibly sought work product. [Id.] After the court declined to

---

[1] Mr. Zigarlick was the mine superintendant, and made the decision to not promote Mr. Conitz on each of the occasions that are at issue in this litigation.

[2] Mr. Scott was the general manager of Red Dog Mine, but had no involvement in the decision to not promote Mr. Conitz.

address the objection except through written motion, Mr. Conitz was instructed by his attorney that he could answer the questions only as to conversations that may have taken place outside the presence of plaintiff's counsel. [Id.] The work product doctrine was articulated as the basis for that instruction. [Id.]

Neither the attorney client privilege nor the work product doctrine protect Mr. Conitz's conversations with Mr. Kells or other percipient witnesseses regardless of whether Mr. Conitz's attorney was present, and he should be compelled to answer Teck Cominco's questions in full.

A.   The Attorney Client Privilege Does Not Apply.

The attorney/client privilege protects only the communications between an attorney and his client. Admiral Ins. Co. v. U.S. District Court, 881 F.2d 1486, 1493 (9th Cir. 1988). It has long been black letter law that the privilege is waived if other persons are present when the communication takes place. E.g. La Moore v. U.S., 180 F.2d 49, (9th Cir. 1950).

Neither Mr. Kells nor Mr. Conitz is an attorney. [Halloran Affidavit.] No conversation that they have could possibly be privileged. Mr. Covell does not represent Mr. Kells. [See Exhibit 1.] Communications between Mr. Kells and Mr. Covell are not privileged. LaMoore v. U.S., 180 F.2d 49 (9th Cir. 1950). Privilege that would otherwise have attached to conversations between Mr. Conitz and Mr. Covell was necessarily destroyed if Mr. Kells

was present. Id. There simply is no basis for any assertion of attorney client privilege in this instance.

B. The Work Product Doctrine Does Not Apply.

The work-product doctrine provides a qualified immunity from discovery, though not an evidentiary privilege. Admiral Ins. Co. v. U.S. District Court, 881 F.2d 1486, 1494 (9th Cir. 1988). That immunity is subject to waiver by its holder. U.S. v. Salcedo, 607 F.2d 318, 320 (9th Cir. 1979).

"In order to qualify for protection under the work product doctrine, the material in question must: 1) be a document or tangible thing, 2) which was prepared in anticipation of litigation, and 3) was prepared by or for a party, or by or for its representative." Amica Mutual Ins. Co. v. W.C. Bradley Co., 217 F.R.D. 79, 83 (D.Mass. 2003); Allied Irish Banks v. Bank of America, 240 F.R.D. 96, 105 (SDNY 2007) (same); Wright, Miller & Marcus, *Federal Practice and Procedure*, Civil 2d, § 2024 (same). "The attorney's mental process is considered to be at the core of the doctrine, and receives special protection not accorded to factual material." Allied Irish Banks at 105.

In addition to the contours of work product set forth in Civil Rule 26, common law extends work product to the intangible with respect to the opinions and impressions of an attorney. Hickman v. Taylor, 329 US 495 (1947). In this regard, Teck Cominco could not permissibly demand, for example, that Mr. Conitz's attorney provide his own recollection of what any

witnesses may have told him in the course of preparing Mr. Conitz's case. Id. at 512-513. To the contrary, the law contemplates that depositions should generally be taken of relevant witnesses so that such information can be obtained from the witnesses without intruding upon the mental impressions of the attorney. E.g. SEC v. Treadway, 229 F.R.D. 454 (C.D.N.Y. 2005); Gargano v. Metro North, 222 F.R.D. 38 (D.Conn. 2004) Castle v. Sangamo Weston, Inc., 744 F.2d 1464 (11th Cir. 1984); U.S. v. Chatham City Corp., 72 F.R.D. 640 (D.Ga. 1976); Dingler v. Halcyon Lijn N.V., 50 F.R.D. 211 (D.Pa.. 1970). Here, Teck Cominco did not ask for any of Mr. Covell's notes or impressions. It did not ask what Mr. Covell may have considered to be important with respect to anything Mr. Kells may have said in or out of his presence, and did not enquire as to what questions, if any, Mr. Covell might have deemed worth asking of Mr. Kells.

Where the work product doctrine as embodied in Rule 26 protects only tangible things, and where Teck Cominco did not request any tangible thing, and where Teck Cominco did not ever seek to obtain the mental impressions of Mr. Conitz's attorney, but only sought to have Mr. Conitz reveal the substance of conversations that Mr. Conitz may have had with a percipient witness, the work product doctrine does not apply, and Mr. Conitz should be compelled to answer the questions put to him.

C.   Teck Cominco Should Be Awarded Costs.

Teck Cominco incurred costs of $700 in attorney fees relative to the preparation of this motion, and $86.07 in Lexis Research charges. Teck Cominco anticipates that additional costs will be incurred in responding to any opposition that Mr. Conitz might prepare. Teck Cominco should be awarded its fees relative to this motion, and should be allowed to recover them from Mr. Conitz and/or Mr. Covell. [Fed.R.Civ.P. 37(a)(4)(A).]

Dated this 16th day of July, 2007.

> HARTIG RHODES HOGE & LEKISCH, P.C.
> Attorney for Teck Cominco Alaska Incorporated
>
> By: _____
>      Sean Halloran
>      717 K Street
>      Anchorage, AK 99501
>      Tel: 907/276-1592
>      Fax: 907/277-4352
>      Email: mail@hartig.com