SEAN HALLORAN
Hartig Rhodes Hoge & Lekisch P.C.
717 K Street
Anchorage, AK 99501
Phone: 907-276-1592
Fax: 907-277-4352
mail@hartig.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREGG CONITZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) |
| | ) |
| TECK COMINCO ALASKA, INC., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) Case No. 4:06-CV-00015 RRB |
| | |
| STATE OF ALASKA | ) |
| | ) ss. |
| THIRD JUDICIAL DISTRICT | ) |

AFFIDAVIT OF SEAN HALLORAN

I, Sean Halloran, being first duly sworn, depose and aver as follows:

1. I have personal knowledge of and am competent to testify to all facts set forth in this affidavit.

2. I am an attorney at Hartig Rhodes Hoge & Lekisch, which serves as counsel to Teck Cominco Alaska Incorporated in the above captioned matter. I sought to take the deposition of plaintiff Gregg Conitz on Thursday, August 2, 2007.

3. In his deposition, I asked Mr. Conitz if he had ever heard Mr. Kells "discuss the shareholder hire preference that Teck Cominco Alaska has in place". In response, Mr. Covell, counsel for Mr. Conitz objected that the deposition invaded the attorney client privilege and/or impermissibly sought work product. I also asked Mr. Conitz whether Mr. Kells made "representations as to why you would not be selected for the job." As well, I asked Mr. Conitz "what did Mr. Kells tell you" about a meeting that Mr. Conitz alleges to have occurred between Mr. Kells, Mine Superintendant Ted Zigarlick, and Red Dog General Manager Rob Scott regarding whether Mr. Conitz should have been promoted on the occasions at issue in this case. After the court declined to address the stated objection except through written motion, Mr. Conitz was instructed by Mr. Covell that his answers to these questions were to be limited to conversations that may have taken place outside the presence of plaintiff's counsel. Mr. Covell asserted the work product doctrine as the basis for that limiting instruction.

4. After the court's staff informed us that the court was willing to entertain written briefing on the objection raised by plaintiff's counsel on shortened time, Mr. Covell firther asserted that he would not respond to any motion that Teck Cominco might make to compel testimony until after he reurned to Fairbanks from Anchorage, and that he would not make himself available to continue the depositon at any time before his client next returns to Red Dog (for a month of work) on Wednesday, August 8, such that if the

deposition was continued, it would have to be continued until at least mid-September.

5. I continued Mr. Conitz's deposition to an undetermined date so as to obtain a ruling from the court on the instant motion.

6. Upon information and belief after inquiry, Mr. Kells is currently employed at Usibelli Coal Mine, and is not an attorney in Alaska or elsewhere.

7. Upon information and belief after inquiry, Mr. Conitz is not an attorney in Alaska or elsewhere.

8   Attached as Exhibit 1 to Teck Cominco's Motion to Compel is a true and correct copy of the initial disclosures made by the plaintiff in this case, without attachments. In listing Mr. Kells as a posible witness, Mr. Covell made no representation he is an attorney for Mr. Kells, and I am not aware of any such representation elsewhere.

9. My normal hourly rate, and the rate at which Teck Cominco compensates my firm for my services is $250 per hour. This rate is reasonable and within the range of rates charged by attorneys in Anchorage with similar skills and experience.

10. The preparation of Teck Cominco's motion to compel and this affidavit required 2.8 hours of my time for a total cost of $700. In addition, lexis research charges were incurred in the amount of $86.07. I anticipate

that additional costs will be incurred in the event that Mr. Conitz opposes the instant motion.

11.  I certify that I conferred in good faith with Mr. Covell in an attempt to obtain the testimony that is the subject of this motion without the need for involving the court.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
SEAN HALLORAN

SUBSCRIBED AND SWORN TO before me this ___6___ day of August 2007, at Anchorage, Alaska

_____
Notary Public in and for Alaska
My Commission Expires: _____