Thomas M. Daniel, Alaska Bar No. 8601003
TDaniel@perkinscoie.com
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
Telephone: 907.279.8561
Facsimile: 907.276.3108

Attorneys for Intervenor
NANA Regional Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREGG CONITZ,<br><br>    Plaintiff,<br><br>    v.<br><br>TECK COMINCO ALASKA, INC.,<br><br>    Defendant. | Case No. 4:06-cv-00015-RRB |

**NANA REGIONAL CORPORATION'S REPLY TO PLAINTIFF'S OPPOSITION TO NANA REGIONAL CORPORATION'S MOTION TO INTERVENE**

Plaintiff opposes NANA Regional Corporation's motion to intervene, but in doing so, he reiterates the arguments that prompted and justify NANA's intervention. He asserts that the stockholder-hiring provisions in NANA's agreement with Teck Cominco are illegal, and he does not disclaim any effort to affect performance of those provisions through this lawsuit. NANA should be permitted to intervene.

CONITZ V. TECK COMINCO
CASE NO. 4:06-CV-00015-RRB
Page 1 of 7
18531-0014/LEGAL13447423.1

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

## I. NANA is Entitled to Intervene as a Matter of Right

Four factors govern intervention as a matter of right. The first factor for intervention is timeliness of the motion. Conitz does not contest the timeliness of NANA's motion.

The second and third factors for intervention deal with whether NANA has a protectable interest, and whether its interest will be impaired or impeded by the outcome of this case. Conitz says that NANA claims two separate protectable interests: 1) a contractual right to Teck's performance of certain hiring practices, and 2) a claim to benefit from a policy or practice of favorable treatment for a Native group. Conitz Brief at 5. Conitz distorts the points made in NANA's brief. NANA asserts an interest in favorable treatment of its stockholders – not Natives generally. The discussion at page 8 of NANA's brief describes the holding in <u>Arakaki v. Caetano</u>, and is illustrative of the analysis applicable to a motion for intervention. The discussion on page 9 of NANA's brief describes NANA's protectable interest. NANA has a contractual right to Teck Cominco's performance of certain hiring practices. There is a relationship between plaintiff's claims and this legally protected right, because plaintiff alleges his rights have been violated by Teck Cominco's hiring practices related to Native hiring, and he seeks to enjoin Teck Cominco "from giving preference to Native Americans in regard to hiring and advancement." Complaint, Prayer for Relief ¶ 1. NANA may suffer "practical impairment of its interests as a result of the pending litigation," if the Court were to determine that Teck Cominco violated the law by complying with the stockholder-hiring provisions of the Agreement, or if the Court were to enjoin Teck Cominco's future performance of the stockholder-hiring provisions of the Agreement.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Conitz's argument on the second and third factors is essentially the same. He puts the cart in front of the horse, by claiming that this lawsuit will not affect any protectable contract interest, because the stockholder-hire provisions in NANA's contract with Teck Cominco are illegal and unenforceable. Conitz's argument is invalid, because the argument assumes an outcome in Conitz's favor on the very issue for which intervention is sought.

Specifically, Conitz argues that NANA does not have any protectable interest here, because NANA does not have the right to require Teck Cominco to hire NANA stockholders. (Conitz Brief at 6.) This argument assumes that the contract's stockholder-hiring provision is illegal. But that is precisely the issue that may be addressed in this case. Conitz cannot foreclose NANA's intervention by simply asserting that Conitz is right about his claim, and NANA is wrong.

Similarly, Conitz argues that the disposition of this case will not impair or impede NANA's ability to enter into a contract with Teck Cominco, because "NANA will still be free to contract with Teck to implement legal, non-discriminatory hiring practices." (Conitz Brief at 11.) What this means is that if Conitz wins his case against Teck Cominco, NANA is free to enter into a contract with Teck Cominco that does not include the provisions that Conitz considers illegal. The unspoken flip-side of this statement is that if Conitz wins his case, NANA will not be able to enforce the provisions of its contract that Conitz considers illegal, i.e., the stockholder hiring provisions.[1] Thus, instead of denying a protectable interest that justifies NANA's

---

[1] Conitz explicitly argues that the stockholder hiring provisions are illegal. He equates stockholder hiring with Native preferences in hiring, and he asserts that Native preferences in hiring are illegal. Opposition Brief at 7-8.

CONITZ V. TECK COMINCO
CASE NO. 4:06-CV-00015-RRB
Page 3 of 7
18531-0014/LEGAL13447423.1

intervention, these statements indicate that NANA's existing contractual rights could be impaired, if Conitz is successful in obtaining the relief that he seeks in this lawsuit.

Conitz's argument that NANA's rights will not be impaired is belied by the fact that in his opposition brief, he has not waived, disclaimed or abandoned any claim that Teck Cominco violates applicable law if it complies with the stockholder-hiring provisions in its agreement with NANA. Nor has he waived, disclaimed or abandoned any effort to obtain injunctive or declaratory relief that would prevent Teck Cominco from performing the stockholder-hiring provisions in its agreement with NANA. Conitz clearly intends to preserve his option to claim that the stockholder-hire provisions in the NANA/Teck Cominco contract are illegal and unenforceable, and to obtain relief that will prevent Teck Cominco from performing those provisions. NANA has a right to intervene to protect its interest in performance of these provisions of its contract.

The fourth factor is whether Teck Cominco may not adequately represent NANA's interests. "[T]he burden of showing inadequacy is minimal, and the applicant need only show that representation of its interests by existing parties 'may be' inadequate." Southwest Center for Biological Diversity v. Berg, 268 F.3d 810, 823 (9th Cir. 2001).

Conitz argues that NANA and Teck Cominco share the same ultimate objective, but that is not necessarily true. Teck Cominco can be expected to defend its decisions regarding Conitz's application for promotion, but Teck Cominco does not have a particular interest in defending the stockholder-hiring provisions. Those provisions are for NANA's benefit, not Teck Cominco's.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Conitz makes only conclusory statements to support his argument that Teck Cominco will adequately represent NANA's interests. He argues that Teck Cominco could be assessed with damages and awards of attorneys' fees and costs. While this is true, it does not mean that Teck Cominco is fully motivated to defend the provisions of its contract with NANA. To the contrary, it is conceivable that in order to dispose of the case and avoid incurring additional defense costs, Teck Cominco could agree to a settlement that affected its future compliance with the stockholder-hiring provisions (one of the elements of relief sought by plaintiff). While such a resolution might be satisfactory to Teck Cominco, it would severely and adversely affect NANA. The point is simply that Teck Cominco's interests and NANA's interests are not the same, and Teck Cominco "may not" adequately represent NANA's interests.

Conitz also argues that "[e]lements of the contractual relationship are irrelevant to the dispute between Conitz and his employer, Teck." (Opposition at 15.) He does not explain why this is so, but as discussed above, he has not disclaimed, waived or abandoned claims directed at stockholder-hiring practices specified in the agreement between NANA and Teck Cominco. To the contrary, at the same time that Conitz is making this argument, he filed a motion seeking production of the agreement between NANA and Cominco. (Docket No. 13.) His pursuit of the agreement in discovery indicates more clearly than his words here that he considers this agreement relevant to his claims in this case.

Conitz also makes the conclusory statement that NANA's presence will needlessly complicate the proceeding, place an unfair burden on plaintiff, and waste the resources of the court and plaintiff. He fails to explain why this is so. Conitz has elected to litigate the legality of Teck Cominco's hiring practices, including the

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

CONITZ V. TECK COMINCO
CASE NO. 4:06-CV-00015-RRB
Page 5 of 7
18531-0014/LEGAL13447423.1

practices specified in the agreement between NANA and Teck Cominco. NANA is not adding new issues; it is only responding to issues already in the case by plaintiff's election. There is no reason that NANA's involvement adds any burden, or wastes any resources.

Rule 24(a)(2) is construed broadly, in favor of intervention. United States v. City of Los Angeles, 288 F.3d 391, 397 (9th Cir. 2002). "If an absentee would be substantially affected in a practical sense by a determination made in an action, he should, as a general rule, be entitled to intervene." California ex rel Lockyer v. United States, 450 F.3d 436, 440 (9th Cir. 2006). Intervention is plainly warranted here.

## II. NANA Should be Allowed to Intervene Under Rule 24(b)

In the alternative, NANA requested intervention under Rule 24(b). Conitz repeats arguments addressed above, and does not demonstrate any reason why NANA should not be permitted to intervene.

## CONCLUSION

For the foregoing reasons, NANA Regional Corporation respectfully requests that the Court grant its Motion to Intervene.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

CONITZ V. TECK COMINCO
CASE NO. 4:06-CV-00015-RRB
Page 6 of 7
18531-0014/LEGAL13447423.1

DATED: August 8, 2007.

s/ Thomas M. Daniel, Alaska Bar No. 8601003
TDaniel@perkinscoie.com
**Perkins Coie LLP**
1029 West Third Avenue, Suite 300
Anchorage, AK  99501-1981
Telephone:  907.279.8561
Facsimile:  907.276.3108

Attorneys for Intervenor
NANA Regional Corporation

The undersigned hereby certifies that a true and correct
copy of the foregoing document is being electronically
served on Sean Halloran and Kenneth Covell this 8th
day of August, 2007.

s/Thomas M. Daniel

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, AK  99501-1981
907.279.8561 / Facsimile 907.276.3108

CONITZ V. TECK COMINCO
CASE NO. 4:06-CV-00015-RRB
Page  7 of 7
18531-0014/LEGAL13447423.1