SEAN HALLORAN
Hartig Rhodes Hoge & Lekisch P.C.
717 K Street
Anchorage, AK 99501
Phone: 907-276-1592
Fax:   907-277-4352
mail@hartig.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREGG CONITZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) |
| | ) |
| TECK COMINCO ALASKA, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) Case No. 4:06-CV-00015 RRB |

## OPPOSITION TO MOTION TO STRIKE
## HALLORAN AFFIDAVIT

Mr. Conitz asks that the court strike paragraph 4 of the Affidavit of Sean Halloran filed at Docket 22-2. According to Mr. Conitz, that paragraph constitutes inadmissible hearsay. Mr. Conitz is wrong.

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." [Fed.R.Evid. 801.] In paragraph 4 of the Halloran Affidavit, Mr. Halloran informed the court that Shelby Stastney testified in the Reich case about the contractual relationships between Teck Cominco and NANA involving the Red Dog Project, and that his testimony addressed

such topics as the composition of the management committee, the types of

royalties paid to NANA, the impact of litigation on the computation of

NANA's revenue stream, and the development and operating agreement by

which NANA's royalties are authorized. [Docket 22-2.] Other than to say

that Mr. Stastney's testimony is summarized in <u>Reich v. Cominco Alaska</u>, 56

P.3d 18 (Alaska 2002), Mr. Halloran did not reveal the actual content of Mr.

Stastney's testimony. Mr. Halloran's affidavit, for example, did not discuss

what contractual relationships Mr. Stastney identified. [<u>See</u> Docket 22-2.]

There is no hint as to the management committee composition that Mr.

Stastney identified. Nor is there any suggestion as to what Mr. Stastney said

about how litigation impacts NANA's royalties or even which development

and operating agreement might address NANA's royalty payments. The

affidavit would only be hearsay if it was offered for the truth of Mr.

Stastney's testimony in the <u>Reich</u> case. Where it does not reveal the content

of Mr. Stastney's testimony in that case, and where the affidavit was offered

to establish the fact that the October 1982 Development and Operating

Agreement between Cominco American and NANA was not disclosed in that

or any other litigation, the testimony at issue simply does not qualify as

hearsay. There is no basis for striking any portion of the Halloran Affidavit, and Mr. Conitz's motion should be denied.

DATED at Anchorage, Alaska, this 8th day of August, 2007.

HARTIG RHODES HOGE & LEKISCH
Attorneys for Defendant
Teck Cominco Alaska Incorporated.

By: _____
Sean Halloran

CERTIFICATE OF SERVICE
I certify that on the 8th day of
August, 2007, a true and correct
copy of the foregoing was served on
those parties of record by electronic
means through the ECF system as
indicated on the Notice of Electronic Filing.

Becky Nelson