Sean Halloran
Hartig Rhodes Hoge & Lekisch, P.C.
717 K Street
Anchorage, Alaska 99501
Phone: (907) 276-1592
Fax: (907) 277-4352
mail@hartig.com

Attorneys for Teck Cominco Alaska Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| GREGG CONITZ, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>TECK COMINCO ALASKA, INC., )<br>)<br>Defendant. )<br>_____ ) | Case: 4:06-CV-00015 RRB |

OPPOSITION TO MOTIONS TO RECONSIDER

Mr. Conitz sought to compel Teck Cominco Alaska to produce an unredacted version of the 1982 Development and Operating Agreement between Cominco American and NANA. Teck Cominco opposed that motion, and, in order to protect trade secrets of Teck Cominco Alaska, Teck Cominco American, and NANA that are contained within that Agreement, requested that the court conduct an in-camera review to verify that all portions of the Agreement that are relevant to this litigation were in fact disclosed to the plaintiff. At Docket

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

26, this court agreed to conduct an in-camera review, and denied the plaintiff's motion to compel as moot. Mr. Conitz then filed two motions to reconsider: one with respect to his motion to compel, and another seeking reconsideration of the decision to conduct an in-camera review. [Docket 33 and 35.] In accordance with the order at Docket 36, Teck Cominco[1] herein addresses both motions to reconsider the court's order at Docket 26.

Mr. Conitz seeks reconsideration of the decision to review the NANA/Cominco American Agreement in camera on the basis that the court improperly considered alleged hearsay in paragraph 4 of the Halloran Affidavit. [Docket 35, see Docket 34.] He is wrong. As Teck Cominco explained at Docket 39, paragraph 4 of that Affidavit does not constitute hearsay, since it does not reveal the specifics of Mr. Stastney's testimony or offer Mr. Stastney's testimony as the truth, but rather only informs the court that Mr. Stastney testified in the Reich case on certain topics. [Fed.R.Evid. 801; see Docket 22-2 at ¶ 4 (Halloran Affidavit).]

In his opposition to Teck Cominco's request for in camera review, Mr. Conitz falsely asserted that the NANA/Cominco American Agreement was already "published in the public record" in the Reich case, and that he should therefore be allowed access to it. [Docket 20 at 5.] Even if paragraph 4 of the Halloran Affidavit were to be stricken, the remainder of the Affidavit, to which Mr. Conitz has voiced no objection, still makes clear that Mr. Conitz's assertion is false, and that no portion of the Agreement has ever been produced in any litigation

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

---

[1] Any reference by the defendant to "Teck Cominco" in this litigation is a reference to Defendant Teck Cominco Alaska Incorporated. Teck Cominco will reference related companies that are involved in the Red Dog Project, including Teck Cominco American Incorporated and Teck Cominco, Ltd using names that clearly distinguish them from the defendant.

with the exception of the redacted portion that was given to counsel for Mr. Conitz as part of Teck Cominco's disclosures in this case. [Docket 22-2.]

Mr. Conitz further asserts that reconsideration is appropriate because the court overlooked his own Affidavit. [Docket 35.] Again he is wrong.

Mr. Conitz filed his motion to compel on July 2, 2007. [Docket 13.] His reply to Teck Cominco's opposition, and his opposition to Teck Cominco's cross-motion seeking a protective order and in camera review was filed on July 20, 2007. [Docket 20.] Nowhere in either of those filings was there any reference to an affidavit of Mr. Conitz, and no such affidavit was filed with those papers. [See Docket 13 and 20.] It was not until after the court's August 2 order granting in camera review [Docket 26] that Mr. Conitz decided to prepare an affidavit of his own.[2] He then filed his affidavit without leave of court in violation of Local Rule 7.1(h)(2).[3]

Mr. Conitz was the one who raised the issue of the NANA/Cominco American Agreement. Even if we assume that Mr. Conitz's Affidavit could not have been obtained any sooner than it was, the fact is that if Mr. Conitz had wanted his own affidavit to be conisdered by the court, he could have timed his motion to include it. Where he chose to not submit an

---

[2]   Although the Conitz Affidavit is dated the "1st day of August, 2007, at Fairbanks", this assertion is clearly false. Mr. Conitz attended Mr. Zigarlick's full-day deposition on August 1 in Teck Cominco's counsel's office in Anchorage, and was not in Farirbanks on that date. (He was also at Teck Cominco's counsel's office on July 31 for Mr. Somers' deposition, and on August 2 for half a day for the start of his own deposition.) On the morning of August 3, his attorney made known that no affidavit yet existed when he informed the court that "counsel will endeavor to have a direct affidavit from Conitz shortly". [Docket 27.] As well, the notary made clear that the Conitz affidavit was signed sometime on August 3, and not August 1. [Docket 32-2 at 5.]

[3]   There is a motion pending to strike the Conitz Affidavit for this and other reasons. [Docket 38.] Teck Cominco notes for the record that where it reported in Docket 38 that it was unable to download the Conitz Affidavit from ECF, and that the plaintiff did not otherwise serve it on Teck Cominco, NANA was kind enough to forward a copy to the undersigned.

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

affidavit until after the court ruled on his motion, he should not be heard to complain that reconsideration is warranted based upon a failure by the court to consider his affidavit. Moreover, even if his affidavit should remain in the record, and even if the court should have considered it, where Mr. Conitz testifies in his affidavit that Teck Cominco specifically informed him that it was a "secret" document, and took pains to maintain conditions designed to preserve secrecy, and where Mr. Conitz cavalierly disregards the confidential nature of the Agreement by filing his affidavit in open court purporting to reveal its contents and thereby place it in the public record,[4] there is all the more reason for the court to examine the document in camera and not merely require that Teck Cominco produce it.

In his motion for reconsideration at Docket 33, Mr. Conitz argues that his affidavit establishes that Teck Cominco "relied upon" provisions of the NANA/Cominco American Agreement other than those produced to him, in order to give a hiring preference to NANA shareholders. Even if his affidavit is properly before the court, the fact is that nothing in the affidavit supports this assertion. [See Docket 32-2.]

Teck Cominco has clearly and unequivocally stated that it has given Mr. Conitz all of the confidential Agreement between NANA and Cominco American that he is entitled to access in this litigation. It is appropriate for the court to test that assertion through an in camera review. Where Mr. Conitz insists that he be given the entire Agreement without this court having reviewed it to determine whether there is any additional portion that he might be

---

[4] Mr. Conitz does not mention that his viewing of the document was pursuant to a written agreement providing that he is "not to use on my own behalf or on behalf of others, nor to publish or divulge to others, during the period of my employment or at any time thereafter, any trade secrets or confidential information . . ." [Exhibit 1.] He clearly breached that agreement when he filed his affidavit in open court claiming to reveal contents of the NANA/Cominco American Agreement.

OPPOSITION TO MOTIONS TO RECONSIDER  
Conitz, v. Teck Cominco

Page 4 of 5  
Case No: 4:06-00015 CV (RRB)

HARTIG RHODES HOGE & LEKISCH, P.C. ATTORNEYS AT LAW 717 K STREET ANCHORAGE, ALASKA 99501-3397 TELEPHONE: (907) 276-1592 FAX: (907) 277-4352

entitled to receive, the only rational conclusion is that he wants it for some purpose other than this litigation. He has presented no basis for this court to reconsider its decision to conduct an in camera review, and the court should deny the reconsideration motions accordingly.

DATED at Anchorage, Alaska, this 10th day of August, 2007.

HARTIG RHODES HOGE & LEKISCH
Attorneys for Defendant
Teck Cominco Alaska Incorporated.

By: _____
Sean Halloran

CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of August, 2007
a true and correct copy of the foregoing was served
on Kenneth Covell & Thomas Daniel by electronic
means through the ECF system as indicated on
the Notice of Electronic Filing.

_____
Hartig Rhodes Hoge & Lekisch PC

F:\Docs\62880\198\PLEADINGS\OPPOSITION TO MOTIONS TO RECONSIDER.doc

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

OPPOSITION TO MOTIONS TO RECONSIDER                        Page 5 of 5
*Conitz. v. Teck Cominco*                                  Case No: 4:06-00015 CV (RRB)