IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREGG CONITZ,<br><br>          Plaintiff,<br><br>vs.<br><br>TECK COMINCO ALASKA, INC., and NANA REGIONAL CORPORATION,<br><br>          Defendants. | Case No. 4:06-cv-0015-RRB<br><br>**ORDER GRANTING**<br>**MOTION TO INTERVENE** |

**I.   INTRODUCTION**

At Docket 11 is NANA Regional Corporation ("NANA") with a Motion to Intervene. NANA moves to intervene as a matter of right and/or permissively as a defendant in this action. The motion is opposed at Docket 21.

**II.  FACTS**

Because the facts are more than substantially briefed within the applicable pleadings, they are not repeated herein except as necessary.

ORDER GRANTING MOTION TO INTERVENE - 1
4:06-CV-0015-RRB

**III. STANDARD OF REVIEW**

"In order to intervene, applicants must establish that they have Article III standing and that the requirements of either Fed. R. Civ. P 24(a) or 24(b) are satisfied."[1]

**IV. DISCUSSION**

Inasmuch as NANA has done both, it is hereby permitted to intervene in this action as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2)[2], and permissively pursuant to Fed. R. Civ. P. 24(b)(2).[3]

---

[1]   Planned Parenthood Minnesota, North Dakota, South Dakota v. Rounds, 2005 WL 2338863 *1 (D.S.D. 2005)(citing South Dakota v. Ubbelohde, 330 F.3d 1014, 1024-25 (8th Cir. 2003)).

[2]   Fed. R. Civ. P. 24(a)(2) requires a court to permit a person to intervene in an action if the application is timely and:

> [T]he applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The Court finds that NANA has met all of the requirements to intervene as a matter of right.

[3]   Fed. R. Civ. P. 24(b)(2) allows for permissive intervention if the application is timely and "the applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2). "In exercising its discretion[, with respect to permissive intervention,] the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Id. Having done so, the Court finds permissive intervention appropriate.

**V.   CONCLUSION**

      Upon due consideration, and for good cause shown, NANA's Motion to Intervene at **Docket 11** is hereby **GRANTED**.

      ENTERED this 13th day of August, 2007.

                                      S/RALPH R. BEISTLINE
                                      UNITED STATES DISTRICT JUDGE