SEAN HALLORAN
Hartig Rhodes Hoge & Lekisch P.C.
717 K Street
Anchorage, AK 99501
Phone: 907-276-1592
Fax:   907-277-4352
mail@hartig.com

counsel for Teck Cominco Alaska Incorporated

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREGG CONITZ, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| Vs. | ) |
|  | ) |
| TECK COMINCO ALASKA INC., and | ) |
| NANA REGIONAL CORPORATION | ) |
|  | ) |
| Defendants. | ) |
|  | ) Case No. 4:06-CV-00015 RRB |

## TECK COMINCO ALASKA INCORPORATED's
## ANSWER TO 2ND (sic) AMENDED COMPLAINT

1. Upon information and belief, Mr. Conitz is and has been an Alaska resident.

2. The name of the defendant is Teck Cominco Alaska Incorporated and not "Teck Cominco Alaska, Inc.". Teck Cominco admits that it is an Alaska corporation and that it conducts business in Alaska, principally serving as the operator of Red Dog Mine. Teck Cominco denies that it has a policy of granting an

employment preference to Native Americans, but admits that it has a policy of granting an employment preference at Red Dog Mine to shareholders of NANA Regional Corporation, which is the owner of Red Dog Mine.

3. Teck Cominco admits that Mr. Conitz is "white" with respect to his race. Teck Cominco denies that Mr. Conitz is European or that he is from any European country.

4. Mr. Conitz began employment with Teck Cominco Alaska Incorporated at Red Dog in April, 1990 as an Oiler in the Mill Maintenance Department. At the time of hire, he was classified as a regular Level I Mill Mechanic. He worked in the Mill Maintenance department until June, 1995, when he transferred to Mine Operations. His requests to transfer had twice been refused prior to that time because of his lack of equipment operating abilities. At the time of transfer, he was rated as a Level 3 (apprentice) Operator do to his limited skills. It took Mr. Conitz five years to achieve Level 6 (journeyman), and he continues to be employed as a Level 6 Operator today. Teck Cominco denies that any conversation such as is alleged by the plaintiff between Mr. Greenhall and Mr. Conitz occurred.

5. Teck Cominco denies the allegations and averments in paragraph 5 of the Complaint.

6. Teck Cominco denies the allegations and averments in paragraph 6 of the Complaint.

7.  Teck Cominco denies the allegations and averments in paragraph 7 of the Complaint.

8.  Teck Cominco denies the allegations and averments in paragraph 8 of the Complaint.

9.  Five individuals applied for the position of Mine Operations Supervisor, including Mr. Lawrence Hanna, Mr. Gregg Conitz, Mr. Martin Parillion, Mr. Tommy Sheldon and Mr. Mike Baker. The racial background of each applicant is as follows:

>   Mr. Hanna    Alaska Native
>   Mr. Conitz    Caucasian
>   Mr. Parillion West Indies (Lesser Antilles)
>   Mr. Sheldon Alaska Native
>   Mr. Baker    Alaska Native

10.  Mr. Hanna was promoted to fill the position of Mine Operations Supervisor effective April 1, 2005. Mr. Hanna was selected because his qualifications were superior to all other applicants, including Mr. Conitz.

11.  The hiring decision was made by Ted Zigarlick, and not Mr. Kells or Mr. Scott, although Mr. Scott approved Mr. Zigarlick's decision. Race played absolutely no role in the hiring decision, and is not ever a basis for any hiring or other employment decision at Teck Cominco Alaska Incorporated. No preference of any kind was given to Mr. Hanna. Had any other candidate been rated as high as he was, Mr. Hanna would have received a preference based upon his status as a

NANA shareholder and owner of Red Dog Mine. However, it was unnecessary to award him such preference in light of the fact that he was found to be the superior candidate based on his qualifications.

12. Mr. Conitz was not selected to fill the vacancy because he did not have as much experience, skills or knowledge as other candidates.

13. Teck Cominco denies the allegations and averments in paragraph 13 of the Complaint.

14. Teck Cominco denies the allegations and averments in paragraph 14 of the Complaint.

15. Teck Cominco admits that Mr. Conitz was informed in May 2005 that he would not be hired into a Mine Operations Trainer position, and that Mr. Mike Baker was the successful candidate for that position.

16. Mr. Baker was re-hired into a position he formerly held with Teck Cominco due to his experience in Surface Operations, Materials Management and Mine Operations; his qualifications as a trainer; his exemplary safety record; and his outstanding past performance as a trainer and a developer of training programs. Mr. Conitz, on the other hand, had a poor record with respect to safe mobile equipment operating practices over many years of operations, had no prior experience as an equipment trainer, and had no formal training as a trainer. In short, Mr. Baker was well qualified for the position, while Mr. Conitz was not qualified. Race played absolutely no role in the hiring decision, and is not ever a

basis for any hiring or other employment decision at Teck Cominco Alaska Incorporated. No preference of any kind was given to Mr. Baker. Had any other candidate been rated as high as he was, Mr. Baker would have received a preference based upon his status as a NANA shareholder and owner of Red Dog Mine. However, it was unnecessary to award him such preference in light of the fact that he was found to be the vastly superior candidate based on his qualifications and experience.

17. Teck Cominco denies the allegations and averments in paragraph 17 of the Complaint.

18. Teck Cominco denies the allegations and averments contained in paragraph 18 of the Complaint.

19. Teck Cominco denies the allegations and averments contained in paragraph 19 of the Complaint.

20. Teck Cominco denies the allegations and averments contained in paragraph 20 of the Complaint.

21. Teck Cominco denies the allegations and averments contained in paragraph 21 of the Complaint.

22. Teck Cominco denies the allegations and averments contained in paragraph 22 of the Complaint.

23. Teck Cominco denies the allegations and averments contained in paragraph 23 of the Complaint.

24. Teck Cominco denies the allegations and averments contained in paragraph 24 of the Complaint.

25. Teck Cominco is without knowledge as to when Mr. Conitz received any "right to sue" letter, and specifically denies that he received any such letter addressing all the issues addressed in his Complaint.

26. Paragraph 26 of the Complaint requires no response from Teck Cominco.

27. Teck Cominco denies the allegations and averments contained in paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint requires no response from Teck Cominco.

29. Teck Cominco denies the allegations and averments contained in paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint requires no response from Teck Cominco.

31. Teck Cominco denies the allegations and averments contained in paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint requires no response from Teck Cominco.

33. Teck Cominco denies the allegations and averments contained in paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint requires no response from Teck Cominco.

35. Teck Cominco denies the allegations and averments contained in paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint requires no response from Teck Cominco.

37. Teck Cominco denies the allegations and averments contained in paragraph 37 of the Complaint.

38. Teck Cominco denies the allegations and averments contained in paragraph 38 of the Complaint.

39. Teck Cominco denies the allegations and averments contained in paragraph 39 of the Complaint.

40. Teck Cominco denies the allegations and averments contained in paragraph 40 of the Complaint.

41. Teck Cominco denies the allegations and averments contained in paragraph 41 of the Complaint.

42. Teck Cominco denies the allegations and averments contained in paragraph 42 of the Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim against the defendant upon which relief can be granted.

2.   The plaintiff has failed to exhaust his administrative remedies and is thus barred from access to this court.

3.   Some or all of the plaintiff's claims are barred by the applicable statutes of limitation.

4.   The liability of an employer prescribed in AS 23.30.045 is exclusive and in place of all other liability of the employer and any fellow employee to the employee, such that some or all of the plaintiff's claims are barred as a matter of law.

WHEREFORE, Teck Cominco Alaska Incorporated prays as follows:

1.   That the plaintiff take nothing as a result of his complaint and that the complaint be dismissed with prejudice.

2.   That Teck Cominco Alaska Incorporated be awarded its costs and reasonable attorney fees in defending against the complaint.

3.   For such further relief as the Court deems just and proper.

Dated this 16th day of August, 2007.

HARTIG RHODES HOGE & LEKISCH, P.C.
Attorneys for Teck Cominco Alaska Incorporated

By: _____
Sean Halloran

CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of August, 2007
a true and correct copy of the foregoing was served
on Kenneth Covell & Thomas Daniel by electronic
means through the ECF system as indicated on
the Notice of Electronic Filing.

*[signature]*
Hartig Rhodes Hoge & Lekisch PC