KENNETH L. COVELL
LAW OFFICE OF KENNETH L. COVELL
712 Eighth Avenue
Fairbanks, Alaska 99701
Phone: 907.452.4377
Fax: 907.451.7802
kcovell@gci.net

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| GREGG CONITZ, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | |
| ) | |
| TECK COMINCO ALASKA, INC., ) | |
| ) | |
| Defendant ) | |
| _____ ) | Case No. 4:06-CV-00015 RRB |

**3RD AMENDED COMPLAINT**

COMES NOW Plaintiff, Gregg Conitz, by and through counsel, THE LAW OFFICE OF KENNETH L. COVELL, and for his Complaint alleges as follows:

1. At all relevant times, Gregg Conitz was an adult resident of Alaska.

2. Teck Cominco Alaska, Inc. is a corporation organized under the laws of the state of Alaska, and at all relevant times was doing business in Alaska.

3. In 1982 Cominco American Incorporated, a predecessor in interest to Teck Cominco Alaska, Inc., had a policy, the

goal of which is, "to the extent feasible, one hundred percent (100%) of [its] employees [at the mine] shall be Natives.

4. Natives of the NANA Region entitled to the preference means the stockholders of NANA whose stock carries voting rights, and the descendants and spouses of such Native Alaskan NANA Shareholders.

5. This native preference is continued to this day, with the substitution of the word "shareholder" for the word "Native."

6. Teck Cominco Alaska, Inc. has a policy of granting an employment preference to Native Alaskan NANA Shareholders.

7. When there is no Native Alaskan NANA Shareholder who can do the job, Teck Cominco Alaska, Inc. gives a preference, "to the extent permitted by law," over all others to, in the following order: residents of the NANA Region for at least two years; residents of Northwest Alaska for at least two years; residents of Alaska for at least two years; and finally, any other job applicant.

8. Gregg Conitz is white and of European national origin.

9. Gregg Conitz has worked in various positions with defendant. In April 1990 Gregg Conitz accepted a position

with the Mill Maintenance Department, and began employment with Cominco Alaska, Inc. as a Level IV Millwright. Gregg Conitz was assigned to a Level VI Millwright position on July 2, 1990. On June 6, 1995 Gregg Conitz was transferred to the Mine Operations Department and placed at Level III Operator. The Mine Department Superintendent, Mr. Jim Greenhall, assured Gregg Conitz that he would be allowed to progress within the Mine Operations Department on a fair and equal basis without a hiring preference given to Native Alaskan NANA Shareholders.

  10. On August 18, 1996 Gregg Conitz was assigned to the Level IV Operator position at the Mine Operations Department with Cominco Alaska, Inc.

  11. During May 1999, Gregg Conitz submitted a written application for the Relief Supervisor position. On August 10, 1999, the Mine Operations Department Coordinator told Gregg Conitz that Conitz was the best applicant for the Relief Supervisor position and would begin receiving supervisory training.

  12. On September 22, 1999 Gregg Conitz was assigned to Level V Operator position at the Mine Operations Department with Cominco Alaska, Inc.

13. The week of December 9, 1999 was the first week Gregg Conitz acted as the Relief Supervisor, and on December 20, 2000 he was assigned to the Level VI Operator position.

14. Teck Cominco Alaska, Inc. is the successor to Cominco Alaska, Inc.

15. From July to November 2004 Teck Cominco Alaska, Inc., formerly Cominco Alaska, Inc., sought applicants for the Mine Operations Supervisor position.

16. Mr. Larry Hanna who is a Native Alaskan NANA Shareholder and Mr. Martin Parillon who is not a Native Alaskan NANA Shareholder, and Gregg Conitz who is not a non- Native Alaskan NANA Shareholder, applied for the Mine Operations Supervisor position.

17. On November 20, 2004 Mr. Larry Hanna, a Native Alaska NANA shareholder, was appointed as Mine Operations Supervisor for Teck Cominco Alaska, Inc., even though Gregg Conitz was more qualified for the position.

18. The evening before the announcement of Hanna's selection, Mr. John Kells, the Mine Operations Foreman, told Gregg Conitz that Conitz had been selected as the best candidate for the Mine Operations Supervisor. However, Mr.

Kells' decision was overruled by the Mr. Rob Scott and/or Mr. Ted Zagarlic [both members of Teck Cominco Alaska, Inc. senior management] who was/were required to give a hiring preference to a Native Alaskan NANA Shareholder who almost certainly would be a Native Alaskan.

19. Because Gregg Conitz is not a Native Alaskan NANA Shareholder, Conitz was not selected for the Mine Operations Supervisor position. A less qualified Native Alaskan NANA Shareholders was selected for the position.

20. On November 26, 2004, Gregg Conitz filed a complaint about the supervisor selection process per the grievance procedure of Teck Cominco Alaska, Inc. No satisfactory resolution of Gregg Conitz's complaint was had through the grievance procedure.

21. On February 15, 2005, Gregg Conitz submitted an application for the Mine Trainer position with Teck Cominco Alaska, Inc.

22. During May 2005, Gregg Conitz became aware that a Native Alaskan NANA Shareholder, Mr. Mike Baker, who is of Native Alaskan ancestry, was selected for the Mine Trainer position.

23. Gregg Conitz was more qualified for the position. Because Gregg Conitz is not a Native Alaskan NANA Shareholder, Conitz was not selected for the Mine Trainer position.

24. On February 8, 2006, Gregg Conitz filed a Complaint of Racial and National Origin Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC), regarding the unlawful Native American hiring preference used in favor of Mike Baker in selecting him for the Mine Trainer position. On February 23, 2006, the same charge was filed with the Alaska State Commission For Human Rights.

25. After filing the complaints with the EEOC and the Alaska State Commission For Human Rights, during March, April and May 2006, Gregg Conitz was deliberately excluded from his former duties as Relief Supervisor, duties to which he had been assigned since December 1999.

26. Mr. Robert Shields, a Mine Department Supervisor at Teck Cominco Alaska, Inc. was Gregg Conitz's acting supervisor. On May 10, 2006, Mr. Shields agreed with Gregg Conitz that Conitz was deliberately excluded from the duties of the Relief Supervising position.

27. On May 17, 2006, Mr. Warren (Butch) Draper, Mine Department Foreman at Teck Cominco Alaska, Inc. informed Gregg Conitz that Conitz was deliberately excluded from the duties of the Relief Supervising position because of Gregg's complaint letters filed with the Equal Employment Occupation Commission alleging Racial and National Origin Discrimination.

28. Gregg Conitz was retaliated against by deliberate exclusion from his prior duties in the Relief Supervising position for filing the Complaint of Racial and National Origin Discrimination, and the Charge of Discrimination.

29. Teck Cominco Alaska, Inc. also opened Mr. Conitz' private letter mail.  On April 6, 2006, Gregg Conitz, located at the mine worksite near Kotzebue, received his personal U.S. Postal Mail that had been previously opened and stapled shut.  The envelope from counsel, Mr. Kenneth Covell, was addressed to Gregg Conitz' home address, and had been forwarded to the worksite via the Teck Cominco Alaska, Inc. Anchorage office.  The mail person at the worksite stated the envelope had arrived from the Teck Cominco Alaska, Inc. Anchorage office opened and stapled shut.

30. Tech Cominco Alaska, Inc. opened Conitz's private letter mail a second time. Between April 6th and April 19th Gregg Conitz received a letter from his attorney, Ken Covell, addressed to him and forwarded to him at the mine site.  The flap on the back of the envelope appeared to have been glued shut when it was mailed, but had been carefully opened by separating the glue, and then left open. No note was made on the letter by anyone prior to Conitz receiving it.

31. As a proximate result of Defendant's, Teck Cominco Alaska, Inc.'s, unlawful employment actions and inactions, Gregg Conitz has been injured and has suffered past and future economic loss and lost earning capacity, humiliation, and emotional distress.

32. Gregg Conitz received a right to sue letter for Racial and National Origin Discrimination from the U.S. Equal Employment Opportunity Commission on May 1, 2006.

**FIRST CAUSE OF ACTION – TITLE 7 FEDERAL CIVIL RIGHTS**
Unlawful Employment Action – Race and National Origin Discrimination

33. For his First Cause of Action, Gregg Conitz incorporates the allegations above, and further alleges as follows:

34. Defendant, Teck Cominco Alaska, Inc.'s, unlawful employment actions of preferring Mike Baker to Gregg Conitz for the position of Mine Trainer constitutes discrimination on the basis of Race and/or National Origin and violates 42 U.S.C.A. § 2000e-2.

35. Conitz is a member of an ascertainable racial class

36. Conitz was qualified for the position for which he applied.

37. Preferring a Native Alaskan NANA Shareholder over Conitz for the position was an adverse employment action.

38. NANA Shareholder's are almost entirely comprised of Native Alaskans racially and the Native Alaskan NANA Shareholder's preference is part of a contract voluntarily entered into between Teck Cominco Alaska, Inc. and NANA Regional Corporation.

39. Similarly situated individuals of a different racial background than Conitz's racial background were treated more favorably in the selection process.

40. Defendant discriminated against Conitz in the face of a perceived risk that its actions would violate federal law.

41. The acts of discrimination were intended.

42. The actors within Teck Cominco Alaska, Inc. were sufficiently senior in the management structure to be treated as the Corporation's proxy.

43. To the extent that Teck Cominco Alaska, Inc. has promulgated a policy against workplace discrimination, it has an inadequate complaint mechanism and/or does not fairly and adequately enforce the policy.

44. Federal law entitles those in Conitz's position to nominal and/or compensatory damages.

45. Teck Cominco Alaska, Inc.'s actions also entitle Conitz to an award of punitive damages.

**SECOND CAUSE OF ACTION –STATE CIVIL RIGHTS A.S. 18.80.220**
Unlawful Employment Action – Race and National Origin Discrimination

46. For his Second Cause of Action, Gregg Conitz incorporates the allegations above, and further alleges as follows:

47. Defendant's, Teck Cominco Alaska, Inc., unlawful employment actions of preferring Larry Hanna to Gregg Conitz for the Mine Operations Supervisor position and Mike Baker to Gregg Conitz for the position of Mine Trainer

constitutes discrimination on the basis of Race and/or National Origin and violates A.S. 18.80.220.

48. Conitz is a member of an ascertainable racial class

49. Contiz was qualified for the position for which he applied.

50. Preferring a Native Alaskan NANA Shareholder over Conitz was an adverse employment action.

51. Similarly situated individuals outside Conitz's racial classification were treated more favorably.

52. The acts of discrimination were intended.

53. The actors within Teck Cominco Alaska, Inc. were acting within the scope of their employment.

54. Alaska state law entitles those in Conitz's position to nominal and/or compensatory damages.

55. Teck Cominco Alaska, Inc.'s actions entitle Conitz to an award of punitive damages pursuant to AS 22.10.020(i) and AS 18.80.220.

### **THIRD CAUSE OF ACTION – TITLE 7 FEDERAL CIVIL RIGHTS RETALIATION**
Unlawful Employment Action – Retaliation

56. For his Third Cause of Action, Gregg Conitz incorporates the allegations above, and further alleges as follows:

57. Teck Cominco Alaska, Inc.'s unlawful employment actions of opening Gregg Conitz's private letter mail and excluding him from assignments as a Relief Supervisor constitutes prohibited retaliation under the Federal Civil Rights Act and violates 42 U.S.C.A. § 2000e-3.

58. Conitz complained of the selection of another person of native race, and/or Native Alaskan NANA Shareholder status, which is a proxy for race, where almost every shareholder is Alaskan Native, over Conitz for the trainer's position.

59. As a result of voicing these complaints, Conitz was subjected to the opening of his private mail.

60. As a result of these complaints, Conitz's duties as a Relief Supervisor were terminated.

61. Teck Cominco Alaska, Inc. intended to take the retaliatory actions.

62. The actors within Teck Cominco Alaska, Inc. were sufficiently senior in the management structure to be treated as the Corporation's proxy.

63. Federal law entitles those in Conitz's position to nominal and/or compensatory damages.

64. Teck Cominco Alaska, Inc.'s actions entitle Conitz to an award of punitive damages.

### **FOURTH CAUSE OF ACTION - STATE CIVIL RIGHTS**
Retaliation

65. For his Fourth Cause of Action, Gregg Conitz incorporates the allegations above, and further alleges as follows:

66. Defendant's, Teck Cominco Alaska, Inc.'s, unlawful employment actions of opening Gregg Conitz's private letter mail and excluding him from assignments of Relief Supervisor constitutes prohibited retaliation and violates A.S. 18.80.220 (a)(4)

67. Conitz complained of the selection of another person of native race, and/or Native Alaskan NANA Shareholder status where almost every shareholder is Alaskan Native, over Conitz for the trainer's position.

68. As a result of voicing these complaints, Conitz was subjected to the opening of his private mail.

69. As a result of these complaints, Conitz's duties as a Relief Supervisor were terminated.

70. The actors who retaliated against Conitz were acting within the scope of their employment.

71. Teck Cominco Alaska, Inc. intended to take the retaliatory actions.

72. Teck Cominco Alaska, Inc.'s retaliatory actions damaged him and entitles him to an award of nominal and compensatory damages.

73. Teck Cominco Alaska, Inc.'s retaliatory actions were outrageous and/or done with reckless indifference to Conitz's rights, thus entitling Conitz to an award of punitive damages.

### FIFTH CAUSE OF ACTION – INVASION OF PRIVACY

**74.** For his Fifth Cause of Action, Gregg Conitz incorporates the allegations above, and further alleges as follows:

**75.** Teck Cominco Alaska, Inc.'s actions in opening the mail of Gregg Contiz constitutes an Invasion of Privacy which is a tortuous violation of Gregg Conitz's rights pursuant to both the common law and the Constitution of the State of Alaska.

**76.** Teck Cominco Alaska, Inc. intentionally intruded, physically or otherwise, upon the solitude or seclusion of

Gregg Conitz or his private affairs or concerns, specifically communications from Conitz's attorney about Conitz's pending case against Teck Cominco Alaska, Inc.

77. Teck Cominco Alaska, Inc.'s intrusion, would be highly offensive to a reasonable person, *to wit*, performed in an unreasonable manner or the intrusion was for an unwarranted purpose.

78. Teck Cominco Alaska, Inc.'s tortuous acts entitle Conitz to an award of nominal and/or compensatory damages.

79. Teck Cominco Alaska, Inc.'s tortuous acts were outrageous and/or done with reckless indifference to Conitz's rights, thus entitling Conitz to an award of punitive damages.

## SIXTH CAUSE OF ACTION – 42 USC § 1981
Violation of contract rights

80. For his sixth Cause of Action, Conitz incorporates the allegations above, and further alleges as follows:

81. Conitz it is a member of a class of individuals protected by the Civil rights Act, 42 U.S.C. §1981(a) and (c).

82. Conitz applied and was qualified for a job for which the employer was seeking applicants.

83. Despite Conitz's qualifications, Conitz was rejected.

84. After Conitz's rejection, the position remained open and the Teck continued to seek applicants from persons of Conitz's qualifications or made the initial choice of applicant from a similarly-situated group of a different class as was Conitz.

85. The employment decision was based on a discriminatory criterion illegal under the Civil Rights Act, *to wit,* race.

86. Members of a similarly-situated group of a different class was offered the contractual services which were denied to Conitz based upon his, and their, race.

87. Teck's actions impair Conitz's right to be free of discrimination based upon his race, and his right to make and enforce contracts on an equal manner as is enjoyed by other citizens, violates 42 USC 1981.

**WHEREFORE,** Gregg Conitz requests the court:

1. Temporarily, preliminarily and permanently enjoin Defendant Teck Cominco Alaska, Inc. from discriminating in employment at all of it's facilities; and particularly enjoining Defendant from

   giving preference to Shareholders and or Native Alaskans in regard to hiring and advancement;

2. Order Defendant to advance Gregg to the position to which he is entitled;

3. Award Gregg Conitz nominal damages in addition to other damages proved;

4. Award Gregg Conitz actual and\or compensatory damages, in an amount to be determined at trial;

5. Award Greg Conitz punitive damages as permitted by each or any cause of action;

6. Award Gregg Conitz his actual reasonable attorney fees and costs;

7. Award Gregg Conitz prejudgment interest; and,

8. Grant such other relief as the Court deems just and equitable.

DATED this 17th day of August, 2007 at Fairbanks, Alaska.

> LAW OFFICES OF KENNETH L. COVELL
> Attorney for the Plaintiff, Gregg Conitz
>
> s/Kenneth L. Covell
> 712 8th Ave.
> Fairbanks, AK 99701
> Phone: 907.452.4377
> Fax: 907.451.7802
> E-mail: kcovell@gci.net
> Attorney Bar #: 8611103

**CERTIFICATE OF SERVICE**
This is to certify that a copy of the foregoing has been
Served electronically, via ECF to the following attorney(s):

Sean Halloran
Thomas M. Daniel – TDaniel@perkinscoie.com

Dated: 08/17/2007
By:      /s/ Emily S. Ervin
         Emily S. Ervin for Kenneth L. Covell