KENNETH L. COVELL
LAW OFFICE OF KENNETH L. COVELL
712 Eighth Avenue
Fairbanks, Alaska 99701
Phone: 907.452.4377
Fax: 907.451.7802
kcovell@gci.net

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| GREGG CONITZ,                    )<br>                                  )<br>          Plaintiff              )<br>                                  )<br>    vs.                           )<br>                                  )<br>TECK COMINCO ALASKA, INC.,        )<br>                                  )<br>          Defendant               )<br>_____)  | Case No. 4:06-CV-00015 RRB |

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL**

COMES NOW Plaintiff, Gregg Conitz, by and through counsel, THE LAW OFFICE OF KENNETH L. COVELL, and submits his Response in Opposition to Defendant's Motion To Compel an answer to a deposition question.

**Introduction**

Defendant moves to compel statements made to attorney Covell by witness Kells by ordering plaintiff Conitz to tell the defense what Kells said. A sensible analysis of this matter leads to the logical conclusion that such information is attorney work product.

If counsel for plaintiff Conitz interviewed any witness, including Kells, and had either his secretary, a paralegal, or other staff from his office assist in the interview, it is beyond question that the assistant staff could not be deposed and compelled to answer the question. In this instance, Conitz was present to assist counsel Covell in the interview. Conitz should not be compelled to answer any such questions any more than any other member of Mr. Covell's staff.

If the defense wants information as to what Kells might say, Mr. Kells can be deposed.

As a natural matter of law it would seem that factual statements made to counsel by witnesses he interviews ought to be discoverable. However, a little bit of thought makes obvious the problem with that concept. If the statement of the witness is "Mary Jones lives at 1605 F Street"; and Mary Jones has never been mentioned in this case before, the statement contains the work product of counsel. Obviously such statement ought to be protected by the privilege. If the court is put in the endless determination of determining the shadings and variations between answers to questions that are wholly factual and do not reveal work product, and answers to questions that reveal to the other side the work product of counsel; it becomes obvious that the practical answer to the question is that the parties seeking the discovery should not be allowed to obtain the discovery, absent

demonstration on their part that the evidence can be obtained no other way. Here, in this instance, it is plain that the defendants can depose Mr. Kells.

This motion is being argued as a work product motion. However, this Motion also arguable as an attorney-client privilege motion in that Conitz was acting in the capacity of an assistant to counsel during the interview of this witness. Conitz's plaintiff status should not defeat the proposition that counsel and their staff cannot (or should not) be called as witnesses on facts, or matters such as this.

Even if plaintiff Conitzs' assertions concerning interpretation of the rule are wrong, counsel Covell is compelled to object to the questions, least if be argued at a latter date there was some kind of waiver of either the attorney client and/or the work product rule.

### The Work Product Privilege

The work product privilege protects the impressions and work of counsel. The work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case. But the doctrine is practical. Attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial and covers these agents too. *United States v. Nobles*, 422 U.S. 225, 239 (U.S. 1975)

*Conitz v. Teck Cominco,* Case No. 4:06-CV-00015 RRB
Response In Opposition To Defense Motion To Compel Deposition Testimony
Page 3 of 17

The seminal case said:

> But **as to oral statements made by witnesses to [the attorney], whether presently in the form of his mental impressions or memoranda, we do not believe that any showing of necessity can be made under the circumstances of this case so as to justify production.** Under ordinary conditions, forcing an attorney to repeat or write out all that witnesses have told him and to deliver the account to his adversary gives rise to grave dangers of inaccuracy and untrustworthiness. No legitimate purpose is served by such production. **The practice forces the attorney to testify as to what he remembers or what he saw fit to write down regarding witnesses' remarks.** Such testimony could not qualify as evidence; and to use it for impeachment or corroborative purposes would make the attorney much less an officer of the court and much more an ordinary witness. The standards of the profession would thereby suffer.

*Hickman v. Taylor*, 329 U.S. 495, 514-513 (U.S. 1947)(emphasis added)

### The Question At Issue

The deposition question was:

**HALLORAN: Did you ever hear him [Kells] discuss the shareholder hire preference that Teck Cominco has in place?**

**COVELL: I'm going to make and objection here as to potential privilege and work product issue. [sic]**

Conitz Deposition (hereinafter *CD)* at p.42 (Exhibit 1)

Mr. Covell clarified that the only objection was to what Mr. Conitz heard when his attorney was present. (*CD* at p.43 )

One other exchange is significant:

**HALLORAN: I WANT TO KNOW IF YOU'VE EVER HEARD Mr. Kells make any comments about the shareholder hire preference at Red Dog Mine.**

    **COVELL: And that will be outside the presence of counsel, right, Mr. Halloran?**

    **HALLORAN: Well, you're instructing him to answer it with that limitation. I understand that.**

    **COVELL: Okay. All right. Then I'm instructing you to answer it with that limitation.**

*CD* at p.48

## The Facts Underlying The Debate

The exact pattern of facts is not necessary to decide the motion. Forcing counsel or Conitz to defend this Motion puts counsel and Conitz in the position of violating the work product rule and the attorney client privilege. The exact facts in the case are not necessary for the court to decide the legal issue of the Motion. The court might presume the facts as follows or similar to as follows:

1. Attorney Covell interviewed Mr. Kells.

2. Mr. Conitz listened to the conversation by speakerphone from Mr. Covell's office.

3. Mr. Conitz did not hear all of the interview because of a bad telephone connection.

4. Mr. Conitz did not participate in the conversation, he only listened.

5. Following the interview, Mr. Covell and Mr. Conitz discussed the interview.

The only difference between this situation and a privileged attorney-client conference following an interview without the client listening in on speaker, is that instead of taking notes and discussing them with Conitz, counsel let Conitz listen and then discussed the conversation with counsel.  It is a difference without substance.

Conitz contends that it is beyond question that if Mr. Covell made notes, or had a paralegal staff or secretary take notes and/or listen to the conversation for the purpose of later discussion, the work product rule and/or the attorney client privilege(s) would apply.

If Mr. Conitz had not been on the speakerphone listening, and Mr. Covell called Conitz after the conversation with Kells, the privilege(s) would apply.

Conitz contends that if Mr. Covell took notes and faxed them to Conitz who read the notes and discussed the notes of the conversation with Mr. Covell, the privilege(s) would apply.

If Mr. Covell had made a tape recording of the interview with Kells and then played it for Conitz, the attorney client privilege would apply because it would be a communication from counsel to Mr. Conitz of Kells' statements.

The defendant's interpretation of the rule would lead to an absurd situation where if the client were with the counsel live, and heard a conversation, he would be compelled to testify as to

what he heard. But if counsel recorded the conversation, let the witness sit in his office, played the tape for the client in an adjacent office and then ran back with more questions for the witness, the statements would be protected. Clearly the court does not want to create a practice rule requiring such an absurd result.

Mr. Conitz is the principal and Covell his attorney. Causing Conitz to testify as to what Kells may have said to Covell is the same as causing Covell to testify as to what Kells may have said.

Had associated counsel, a paralegal, or even counsel's secretary been present during the interview with Kells, those persons could not be deposed and asked what took place during the meeting based on the work product privilege. Conitz is afforded the same protection. It is attorney work product whether obtained by: the attorney, his staff, or his client acting in concert on behalf of his attorney, as an assistant to he attorney.

That it was Conitz, instead of some attorney or other staff, assisting Covell, listening to the conversation, does not avoid the work product protection.

Another problem in separating out evidence arises. If the facts were that Conitz listened to the conversation and later discussed it with counsel; and/or in addition, if Conitz

listened to the conversation but was unable to hear parts of it because of poor telephone connection, and immediately thereafter and at later dates discussed the conversation, it would be neigh impossible for Conitz to separate out what he heard and what was communicated to him by his lawyer.  Obviously the attorney client privilege applies to anything that may have been discussed between Covell and Conitz.  It would be simply impossible to attempt to separate these facts out.

In addition, because the principal, Conitz, listened to the conversation and later discussed the conversation, to the extent he was actually able to hear it, with his lawyer, the attorney-client privilege also applies because the things discussed immediately following the interview were between the attorney and client. That it was Conitz, instead of some attorney or staff assisting Covell, in listening to the conversation does not void the attorney client, or work product protections.

### The Attorney Client Privilege

The error in the defense's analytical reasoning is an assumption that Mr. Kells and Mr. Conitz had a conversation; or that the statements of Mr. Kells obtained Mr. Covell in a conversation could be compelled to be revealed from the testimony of Covell.  (Motion at 3) If the facts were that the conversation at issue did not include Mr. Conitz, but Conitz was only a listener.  The conversation between Mr. Covell and Mr.

Kells is privileged *vis-à-vis* Mr. Covell who could not be questioned about the conversation. If the defense wants to talk to Mr. Kells about the conversation, they can, and should, depose him.[1]

The nature and extent of the privilege created between a lawyer and his client by the attorney-client relationship requires the federal courts to follow the state law. *Baird v. Koerner*, 279 F.2d 623, 632 (9th Cir. 1960) ARE 503 defines a communication as confidential when in furtherance of legal services.

Discussions following Conitz's observation of Kells' interview are privileged by the attorney-client privilege. That they followed his listening on a phone live, listening to a tape of the conversation, reading his attorney's notes, or otherwise does not change the resultant transmittal of information to Conitz for later privileged discussion with his attorney.

**Further Discussion of Work Product**

FRCP 26(b)(3) distinguishes between "opinion" work product, which consists of the "mental impressions, conclusions, or legal theories of an attorney or other representative of a party," and "factual" work product, which consists of factual material

---

[1] Kells is available for deposition or testimony. Any repetition by Conitz about what Kells said would be inadmissible hearsay in any case. FRCP 802
*Conitz v. Teck Cominco,* Case No. 4:06-CV-00015 RRB
Response In Opposition To Defense Motion To Compel Deposition Testimony
Page 9 of 17

prepared in anticipation of litigation. *United States ex rel. Bagley v. TRW, Inc.,* 212 F.R.D. 554, 560 (D. Cal. 2003)

Opinion work product is at issue here. What questions Mr. Covell chose to ask, depends on his thought processes and theories. Responses to questions would reveal these processes if Conitz were forced to relate the responses. (To the extent that Conitz remembers them). The attorney's work product is reflected in his interviews and other tangible and intangible ways. *Bagley,* 212 F.R.D. at 560.

For example, in *Ceco Steel Products Corp. v. H. K. Porter Co.,* 31 F.R.D. 142 (N.D.Ill.1962), the court refused to compel a corporate vice-president to answer deposition questions about conversations he overheard between plaintiff's counsel and employees of plaintiff's insurer. That court relied partly on the danger that the discovery would "reflect what plaintiff's counsel thought about the case."

### Tangible vs. Intangible

The interview that Conitz listened to between counsel and Kells falls within the work product doctrine unless the defendant's reliance on the word "tangible" [2] in FRCP 26(b)(3) as

---

[2] Counsel notes that in this modern day and age, much of the "material" that we use is electronic. There is nothing tangible about a digital recording, digital data, digital photographs, or PDF files that are transferred to this court when pleadings are filed electronically. Defendant's insistence on the "tangibility" of statements would create an even more absurd rule that an electronic magnetic recording would be tangible and protected, yet the same recording, when stored digitally, would not be.
*Conitz v. Teck Cominco,* Case No. 4:06-CV-00015 RRB
Response In Opposition To Defense Motion To Compel Deposition Testimony
Page 10 of 17

exempting intangible evidence of counsel's work product creates an exception. (Motion at 4 – 5)

FRCP 26 accords special protection to work product revealing the attorney's mental processes. The Rule does permit disclosure of attorney work product **upon showing of substantial need and inability to obtain the equivalent without undue hardship.** [Conitz repeats, the remedy is to depose Kells.] FRCP 26 also says that "[in] ordering discovery . . . the court shall protect against disclosure of the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation." *Upjohn Co. v. United States*, 449 U.S. 383, 400 (U.S. 1981)

Reasoning from this language a Nevada District Court concluded that FRCP 26 covered intangible material as well as tangible things. *Laxalt v. McClatchy*, 116 F.R.D. 438, 442 (D. Nev. 1987), *citing, Phoenix National Corp. v. Bowater United Kingdom Paper,* 98 F.R.D. 669, 671 (N.D. Ga. 1983)[The rule does not imply that mental impressions which are not embodied in documents are discoverable.]; *Ford v. Philips Electronics Instruments Co.,* 82 F.R.D. 359, 360 (E.D. Pa. 1979)[The Rule in no way implies that mental impressions not embodied in documents are otherwise discoverable.][3]

---

[3] Following reasonable review, the author has not found Ninth Circuit precedent for this proposition.

*Conitz v. Teck Cominco,* Case No. 4:06-CV-00015 RRB
Response In Opposition To Defense Motion To Compel Deposition Testimony
Page 11 of 17

The proposed line of questioning leads inexorably to exploration of what questions counsel asked and what counsel thought important. This is especially true when the immediate privileged discussion about the interview between Conitz and counsel would necessarily reinforce some memories and not others.

FRCP 26 does not apply only to tangible things and forbids the line of questioning defense counsel so ingeniously planned to implement.

### The Self-Help Remedy

Nothing is stopping the defense from deposing Mr. Kells to find out what he said to Mr. Covell. Mr. Covell, nor his staff (i.e. Conitz in this case) can be compelled to breach the attorney client privilege and/or the work product privilege.

### Sub-Conclusion

The work product rule is in place to protect the impression and thought process of counsel. As a practical matter, giving out the factual material of Kells' questions can and will lead to revelation of such attorney process and impression. The only way to prevent litigants from mucking an endless mire, of attempting to sort out what questions or part of questions might or might not violate the rule is prohibitively burdensome. The practical answer arrived at by the courts is that unless the

complaining party can demonstrate that the information is not otherwise available, is to enforce the work product rule.

Additionally, the likely instance here is that there are layers of attorney client privilege involved as well. The attorney client privilege is absolute and cannot be violated to the extent that Conitz was working as an assistant to attorney Covell, he cannot be compelled to answer questions as to what Kells said.

### Failure to Object May Be Construed As Waiver

Both the attorney-client and work product privileges can be waived if not asserted. This circuit has cited with approval the language of Rule 511 of the proposed Federal Rules of Evidence, which states that "the right of any person to claim a privilege . . . is waived with respect to a communication protected by such privilege if any holder of the privilege, without coercion, has disclosed a significant part of the communication or has consented to such disclosure made by anyone." *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 341 (9th Cir. 1996)

The work product immunity can be waived by its holder as the defense admits. *United States v. Salsedo*, 607 F.2d 318, 320 (9th Cir. 1979) (Motion at 4)

Mr. Covell had no choice but to assert these privileges lest he be trapped into waiving them and opening the door to even more invasive discovery predicated upon that waiver.

Counsel Covell indicated to counsel Halloran that he should ask any other questions that he might have of the deponent and then if it is necessary to return for a continuing deposition, the deposition should be limited to that purpose. *CD* at p.43, ln.17-24 and *CD* at p.99, ln.22-end.

Should the court grant defendant's Motion, plaintiff Conitz requests the court to order the questions at the continued deposition be limited to statements of Kells heard by Conitz in the presence of counsel, only.

This being the case, counsel likely would not travel to Anchorage for the deposition, but would rather attend telephonically and the deposition would be rather short and not require the physical attendance of counsel Covell.

**CONCLUSION**

Statements made by witnesses to counsel as they prepare a case are covered by the work product rule. If facts are assumed in this case as stated, the attorney client privilege applies as well.

If statements were made to Conitz in the presence of counsel as counsel interviewed Kells, then making Conitz testify about those statements would be a violation of the work product rule and/or the attorney client privilege. If Conitz were not a plaintiff and either an assistant attorney, secretary or other staff of counsel, it would be a situation where an attorney

could not be compelled to testify. The fact that Conitz is the plaintiff as well as assistant to Mr. Covell in such an instance should make no difference on whether he would be compelled to testify.

The work product rule is intended to protect the mental impressions, conclusions, or legal theories of an attorney. Forcing Conitz to testify would reveal that information to the defendant. The practical concern of attempting to sort out what factual answers would still reveal work product has lead the court to the conclusions that if the complaining party can obtain the information any other way, the work product privilege would apply. Here, defendant has a perfect alternative path. It can depose Kells.

Whether right or wrong, Covell was compelled to direct his client to limit his answers in order that he not waive his attorney client privilege and/or work product rule.

The problems of separating out work product from factual answers is illustrated earlier in the pleading and is reiterated and reemphasized here in the example of a client who attends an interview and then discusses the interview immediately thereafter with counsel. How will the client separate out what information came when and how not to emphasize counsel's thought process concerning the interview.

**FEES AND COSTS**

FRCP 37(A)(4) conditions the grant or denial of expenses and sanctions upon lack of good faith, unjustified refusal to allow an answer or circumstances making the award unjust. Mr. Covell's agonizing over whether to refuse to allow a response is obvious when reading pages 42 – 48 of the deposition. Mr. Covell sought advice from other attorneys, tried to reserve the question without terminating the deposition and limited his objection to the extent he could.

According to transcripts, the clerk, on behalf of the court indicated that "if there is discovery that is being withheld and a deposition -- the deposition needs to be reset, that whoever is withholding the discovery will have to bear <u>the cost of the deposition being reset</u>". *CD* at p.44 (emphasis added). It appears then that the court's ruling in this regard was, in any event, only going to involve costs (not fees). As was put to Mr. Halloran at the deposition, what costs he might incur if the deposition was continued for some period of time - considering that the parties were sitting in Mr. Halloran's office (and he would not have hotel or travel costs) (*CD* at p.45, ln.7-18). In any event, defendant will have no costs.

Fees and expenses are not justified against either Covell or Conitz. Faced with waiver, Covell did all he could to facilitate non-objectionable discovery.

FRCP 37(A) is a two edged sword. If the defense loses this motion, Conitz is entitled to the same defenses and subject to the same sanctions and award as it claims. Review of the same pages of the deposition show that Mr. Halloran was far less willing to work out the problem than was Mr. Covell. A fee and cost award against Teck Cominco may be justified, and is left to the discretion of the court. The amount of the award will be documented, as needed, in a separate motion for the sanctions following the decision.

DATED this 24th day of August, 2007 at Fairbanks, Alaska

LAW OFFICES OF KENNETH L. COVELL
Attorney for the Plaintiff, Gregg Conitz

s/Kenneth L. Covell
712 8th Ave.
Fairbanks, AK 99701
Phone: 907.452.4377
Fax: 907.451.7802
E-mail: kcovell@gci.net
Attorney Bar #: 8611103

**CERTIFICATE OF SERVICE**
This is to certify that a copy of the foregoing has been
Served electronically, via ECF to the following attorney(s):
Sean Halloran
Thomas M. Daniel – TDaniel@perkinscoie.com

Dated: 08/24/2007

By: _____/s/ Emily S. Ervin_____
        Emily S. Ervin for Kenneth L. Covell