KENNETH L. COVELL
LAW OFFICE OF KENNETH L. COVELL
712 Eighth Avenue
Fairbanks, Alaska 99701
Phone:    907.452.4377
Fax: 907.451.7802
kcovell@gci.net

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| GREGG CONITZ,              )<br>                            )<br>            Plaintiff   )<br>                            )<br>    vs.                     )<br>                            )<br>TECK COMINCO ALASKA, INC.,  )<br>                            )<br>            Defendant       )<br>_____) | Case No. 4:06-CV-00015 RRB |

**REPLY TO RESPONSE IN OPPOSITION TO CONITZ' MOTION TO FILE THIRD AMENDED COMPLAINT**

Defendant opposes Conitz's Motion to File His Third Amended Complaint without claiming prejudice, by alleging factual controversies, and by faulting insignificant details. There is no reason to deny the Motion.

FRCP 15(a) establishes a policy of liberal opportunity to amend pleadings absent some prejudice to the opposition. Denial of a motion to amend is 'strictly' reviewed in light of the strong policy permitting amendment. *Moore v. Kayport Package Express*, 885 F.2d 531, 537 (9th Cir. 1989).

The relevant factors to consider when addressing a motion to amend are: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *United States v. Pend Oreille Pub. Util. Dist. No. 1*, 926 F.2d 1502, 1511 (9th Cir. 1991).

Another term is applicable to this Response. "Frivolous" is defined as "of little weight or importance." A pleading is "frivolous" when it is clearly insufficient and does not controvert the material points of the pleading it addresses. BLACK'S LAW DICTIONARY 601 (5th Ed. 1979)

Conitz' counsel will not join the defense in its *ad hominem* attacks. But, the Opposition does seem to avoid the factors this Court is to consider when deciding whether to permit the amended pleading.

### Rule 11 and Bad Faith?

FRCP 11 permits great latitude when deciding what to plead. The rule requires that: "By presenting . . . a pleading. . . an attorney . . . is certifying that . . . after an inquiry . . . the claims. . . are warranted . . . [and that] . . . the allegations . . . have evidentiary support. . . ." (FRCP 11)

Some attorneys are more careful than others when applying this rule. Making it difficult to amend as the case and discovery

develop would encourage a looser construction of Rule 11 and be at odds with its obvious purpose.

Without disclosing work product, some of the evidence reviewed and produced supports the assertion that the contract between NANA and Defendant contains a clause requiring a "NANA Shareholder" preference, where almost every shareholder is of Alaskan native descent, "to the extent that the preference is legal." The intentional or reckless nature of Defendant's actions and/or conscious disregard of the potential for illegality, as recognized in the contract itself, is sufficient to convince counsel that the claim for punitive damages, as authorized by the statutes, is justified.

"Bad Faith" means a conscious dishonesty of belief or purpose and generally implies an actual or constructive design to mislead or deceive. BLACK'S LAW DICTIONARY 127 (5th Ed. 1979)  Because Defendant's version of the facts does not agree with Conitz's version; does not make the amendments to conform with Conitz's belief, as to what the facts will show at trial "bad faith."

## Other Questions Raised

Defendant complains that the Third Amended Complaint mischaracterizes Teck Cominco Alaska as a successor in interest to

Cominco American.[1]  Defendant is somewhere down the chain of ownership following a merger and other organizational changes.  The evidence remains unclear.

Defendant has caught a typographical error in paragraph 16 of the Third Amended Complaint. (Opposition at 3) A substituted page can be filed as an "Errata" and a suggested page is attached to

---

[1] Teck claims the following language supports only that Teck Cominco American is a parent of Teck Cominnco Alaska.  Conitz's counsel is not sure what it means, but if Conitz's counsel is wrong, then a Fourth Amended Complaint may be in the offing.

```
pp. 259
 9      Q.   You mentioned a minute ago that there needs
10   to be a clarification with regard to Teck Cominco
11   Alaska, Inc.  Teck Cominco Alaska is the operator of
12   Red Dog mine; is that correct?
13      A.   That's correct.
14      Q.   And Teck Cominco Alaska, is it the same or
15   a different corporation than Teck Cominco America?
16      A.   It's a different corporation.
17      Q.   Is it the same or a different corporation
18   than Teck Cominco, Ltd.
19      A.   It's a different corporation.
20      Q.   Teck Cominco Alaska used to be known by
21   another name, is that correct, prior to the merger
22   between Teck and Cominco?
23      A.   Prior to the merger it was Cominco Alaska.
24      Q.   Was Cominco Alaska, Inc., the same
25   corporation as Cominco American?
Pp 260
 1      A.   No.
 2      Q.   Was Cominco Alaska the same corporation as
 3   Cominco, Ltd.?
 4      A.   No. . . .
```

this pleading. Or – there may have to be a Fourth Amended Complaint.[2]

The rest of this Response In Opposition consists arguments addressed to the parties' divergent interpretation of the facts and does not require response.

### Teck Does Not Claim Prejudice

Prejudice to the opposing party is the key factor when considering a Motion to Amend. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Teck does not claim prejudice in its Response in Opposition.

### CONCLUSION

Teck does not explain why it should not be held to answer to the Third Amended Complaint. The motion should be granted and the Complaint, with the "Errata" replacing the page containing the typo, be filed.

Respectfully submitted this 29th day of August, 2007 at Fairbanks, Alaska.

---

[2] A Fourth Amended Complaint is, in fact, a distinct possibility once Conitz has reviewed the portions of the contract that this Court has ordered produced on August 21, 2007.

>LAW OFFICES OF KENNETH L. COVELL
>Attorney for Plaintiff, Gregg Conitz
>
>s/Kenneth L. Covell
>712 8th Ave.
>Fairbanks, AK 99701
>Phone: 907.452.4377
>Fax: 907.451.7802
>E-mail: kcovell@gci.net
>Attorney Bar #: 8611103

**CERTIFICATE OF SERVICE**
This is to certify that a copy of the foregoing has been
Served electronically, via ECF to the following attorney(s):

Sean Halloran
Thomas M. Daniel – TDaniel@perkinscoie.com

Dated: 08/29/2007

By: _____/s/ Emily S. Ervin_____
    Emily S. Ervin for Kenneth L. Covell

13. The week of December 9, 1999 was the first week Gregg Conitz acted as the Relief Supervisor, and on December 20, 2000 he was assigned to the Level VI Operator position.

14. Teck Cominco Alaska, Inc. is the successor to Cominco Alaska, Inc.

15. From July to November 2004 Teck Cominco Alaska, Inc., formerly Cominco Alaska, Inc., sought applicants for the Mine Operations Supervisor position.

16. Mr. Larry Hanna who is a Native Alaskan NANA Shareholder and Mr. Martin Parillon who is not a Native Alaskan NANA Shareholder, and Gregg Conitz who is not a Native Alaskan NANA Shareholder, applied for the Mine Operations Supervisor position.

17. On November 20, 2004 Mr. Larry Hanna, a Native Alaska NANA shareholder, was appointed as Mine Operations Supervisor for Teck Cominco Alaska, Inc., even though Gregg Conitz was more qualified for the position.

18. The evening before the announcement of Hanna's selection, Mr. John Kells, the Mine Operations Foreman, told Gregg Conitz that Conitz had been selected as the best candidate for the Mine Operations Supervisor. However, Mr.