Sean Halloran
Hartig Rhodes Hoge & Lekisch, P.C.
717 K Street
Anchorage, Alaska  99501
Phone:  (907) 276-1592
Fax:  (907) 277-4352
mail@hartig.com


Attorneys for Teck Cominco Alaska Inc.


# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA AT ANCHORAGE


| | |
|---|---|
| GREGG CONITZ,<br><br>        Plaintiffs,<br><br>vs.<br><br>TECK COMINCO ALASKA, INC., and<br>NANA REGIONAL CORPORATION,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case: 4:06-CV-00015 RRB |

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

### TECK COMINCO'S REPLY
### TO CONITZ OPPOSITION TO MOTION TO COMPEL

**A.    The Attorney Client Privilege Does Not Apply.**

According to Mr. Conitz, he should not be compelled to testify as to statements made

by Mr. Kells because the attorney client privilege protects conversations that Mr. Conitz later

had with Mr. Covell.  His argument is irrelevant.  No-one attempted to enquire as to any

conversations that Mr. Covell may have had with Mr. Conitz outside the presence of Mr. Kells. To the contrary, Mr. Conitz was asked to testify about statements that his Complaint asserts were made by Mr. Kells in his presence. Where there is still not even a suggestion that Mr. Covell represents Mr. Kells, no statements made by Mr. Kells, whether in the presence of Mr. Conitz or Mr. Covell, can possibly be protected by the attorney client privilege, and Mr. Conitz should be compelled to answer the questions put to him in his deposition.

**B.    Mr. Conitz Is Not His Own Attorney.**

Citing to Hickman v. Taylor, 329 US 495 (1947), Mr. Conitz argues that the court should "assume" that he discussed Mr. Kells remarks with his attorney after hearing them, and that he therefore should not be compelled to divulge anything that Mr. Kells may have said in his presence. He is wrong. Hickman established that the work product doctrine generally precludes a party from deposing opposing counsel, because doing so "would make the attorney much less an officer of the court and much more an ordinary witness". 329 US at 514. Mr. Conitz, on the other hand, is the plaintiff in this case, and necessarily is, therefore, first and foremost, a witness. Mr. Conitz is not employed by Mr. Covell -- to the contrary, he is employed by Teck Cominco. [Conitz depo. at 6.] He does not cease to become a witness or become transformed into an officer of the court merely because his attorney does not want him to reveal what Mr. Kells allegedly said in his presence. Teck Cominco did not ask Mr. Conitz to divulge the substance of any conversation that he may have had with his attorney, and did not ask his attorney to divulge anything at all. Where the work product doctrine contemplates that depositions should be taken of witnesses so that facts can be obtained without deposing the

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

parties' attorneys,[1] this court should recognize that it is appropriate to depose Mr. Conitz and to ask him about statements that other witnesses allegedly made in his presence.

## C.    Mr. Conitz Presented No Facts To The Court.

Mr. Conitz asserts that it is "not necessary" for the court to know the factual context of Mr. Conitz having heard Mr. Kells speak about Teck Cominco's hiring preference for NANA shareholders.  He then asks the court to "presume" a set of facts that he feels would be advantageous to himself.  Where there is no affidavit testimony or other evidence to establish any particular fact pattern, there is absolutely no evidentiary basis for the "facts" that Mr. Conitz would have the court find, and the court sould ignore all such factual allegations accordingly.

## D.    Teck Cominco Incurred A Total Of $986.07 In Costs And Fees.

The preparation of this reply required Teck Cominco to incur $200 in attorney fees. [Halloran Supp. Affidavit.]  Thus, the total cost to Teck Cominco relative to the motion at bar is $986.07.  [Id.; Docket 30.]  Teck Cominco should be permitted to recover that amount from Mr. Covell and/or Mr. Conitz.   [Fed.R.Civ.P. 37(a)(4)(A).]

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

---

[1]      E.g. SEC v. Treadway, 229 F.R.D. 454 (C.D.N.Y. 2005); Gargano v. Metro North, 222 F.R.D. 38 (D.Conn. 2004) Castle v. Sangamo Weston, Inc., 744 F.2d 1464 (11th Cir. 1984); U.S. v. Chatham City Corp., 72 F.R.D. 640 (D.Ga. 1976); Dingler v. Halcyon Lijn N.V., 50 F.R.D. 211 (D.Pa.. 1970).

**Conclusion**

Neither the attorney client privilege nor the work product doctrine preclude Teck Cominco from asking Mr. Conitz about statements that he alleges Mr. Kells made in his presence. Accordingly, Mr. Conitz should be required to answer the questions that were put to him, and Teck Cominco should be awarded $986.07 from Mr. Covell and/or Mr. Conitz.

DATED at Anchorage, Alaska, this ___4th___ day of September, 2007.

> HARTIG RHODES HOGE & LEKISCH
> Attorneys for Defendant
> Teck Cominco Alaska Incorporated.
>
> By: _____
>      Sean Halloran

CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of September, 2007 a true and correct copy of the foregoing was served on Kenneth Covell & Thomas Daniel by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

_____
Hartig Rhodes Hoge & Lekisch PC

F:\Docs\62880\198\PLEADINGS\Mtn2CompelRpl.doc

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

GREGG CONITZ,                    )
                                 )
          Plaintiff,             )
                                 )
vs.                              )
                                 )
TECK COMINCO ALASKA, INC.,       )
                                 )
          Defendant.             )
_____)

Case No. 4:06-CV-00015 RRB

---

DEPOSITION OF GREGG CONITZ

---

Pages 1 - 102
Thursday, August 2, 2007
8:30 A.M.

Taken by Counsel for Defendant
at
HARTIG RHODES HOGE & LEKISCH
717 K Street
Anchorage, Alaska

```
 1    that he received a preference based on Teck Cominco's

 2    NANA shareholder hiring preference.

 3         Q.   Now, you're currently still working for

 4    Teck Cominco Alaska?

 5         A.   Yes, I am.

 6         Q.   And what is your position right now?

 7         A.   I'm a mine operations operator, level six.

 8         Q.   And is there a particular department you

 9    work in?

10         A.   Yes.  It's mine operations.

11         Q.   And what rotation are you on?

12         A.   I'm on a four and two schedule, four weeks

13    on, two weeks off.

14         Q.   And are your coworkers all on a four and

15    two rotation?

16         A.   No.  Most of my coworkers are on a two and

17    one rotation.  There is, I believe, throughout the

18    three crews -- there are kind of two positions on

19    each crew, and each crew is roughly a 12-man crew,

20    and out of that 12-man crew there is two people that

21    are on four and two, and the rest are on two and one.

22         Q.   And with the four and two, does it work out

23    that you end up on the same crew each rotation you're

24    at the mine or do you end up being multiple -- do you

25    work with multiple crews because your rotation is
```