SEAN HALLORAN
Hartig Rhodes Hoge & Lekisch P.C.
717 K Street
Anchorage, AK  99501
Phone:  907-276-1592
Fax:   907-277-4352
mail@hartig.com

counsel for Teck Cominco Alaska Incorporated


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREGG CONITZ, )<br><br>        Plaintiff, )<br><br>Vs. )<br><br>TECK COMINCO ALASKA INC., and )<br>NANA REGIONAL CORPORATION )<br><br>        Defendants. )<br>_____ ) | Case No. 4:06-CV-00015 RRB |


### TECK COMINCO ALASKA INCORPORATED's
### ANSWER TO 3rd (sic) AMENDED COMPLAINT

1.      Upon information and belief, Mr. Conitz is and has been an Alaska resident.

2.      The name of the defendant is Teck Cominco Alaska Incorporated and not "Teck Cominco Alaska, Inc.".  Teck Cominco admits that it is an Alaska corporation and that it conducts business in Alaska, principally serving as the operator of Red Dog Mine.

ANSWER to Amended Complaint                              **Page 1 of 13**
Conitz v. Teck Cominco,  No. 4:06-CV-00015 RRB

3.    Teck Cominco American Incorporated, f.k.a. Cominco American Incorporated is the parent of Teck Cominco Alaska Incorporated, and is not Teck Cominco Alaska's predecessor.  Teck Cominco Alaska is unqualified to admit or deny what policies other companies, including Teck Cominco American, may have had at times past.  Upon information and belief, however, Teck Cominco American has never had a policy such as that alleged in paragraph 3 of the Complaint.

4.    Teck Cominco is without knowledge as to any preference that may be referenced within the allegations contained in paragraph 4, and therefore denies the allegations and averments in paragraph 4 of the Complaint.

5.    Teck Cominco is without knowledge as to any native preference that might be referenced within the allegations contained in paragraph 5, and therefore denies the allegations and averments in paragraph 5 of the Complaint.

6.    Teck Cominco denies the allegations and averments contained in paragraph 6 of the Complaint.

7.    Teck Cominco denies the allegations and averments contained in paragraph 7 of the Complaint.

8.    Teck Cominco admits that Mr. Conitz is "white" with respect to his race.  Teck Cominco denies that Mr. Conitz is European or that he is from any European country.

9.    Mr. Conitz began employment with Teck Cominco Alaska Incorporated at Red Dog in April, 1990 as an Oiler in the Mill Maintenance Department.  At the

time of hire, he was classified as a regular Level I Mill Mechanic. He worked in the

Mill Maintenance department until June, 1995, when he transferred to Mine

Operations. His requests to transfer had twice been refused prior to that time

because of his lack of equipment operating abilities. At the time of transfer, he was

rated as a Level 3 (apprentice) Operator do to his limited skills. It took Mr. Conitz

five years to achieve Level 6 (journeyman), and he continues to be employed as a

Level 6 Operator today. Teck Cominco denies that any conversation such as is

alleged by the plaintiff between Mr. Greenhall and Mr. Conitz occurred.

      10.     Teck Cominco denies the allegations and averments contained in

paragraph 10 of the Complaint.

      11.     Teck Cominco denies the allegations and averments contained in

paragraph 11 of the Complaint.

      12.     Teck Cominco denies the allegations and averments contained in

paragraph 12 of the Complaint.

      13.     Teck Cominco denies the allegations and averments contained in

paragraph 13 of the Complaint.

      14.     Teck Cominco denies the allegations and averments contained in

paragraph 14 of the Complaint.

      15.     Teck Cominco denies the allegations and averments contained in

paragraph 15 of the Complaint.

16.     Five individuals applied for the position of Mine Operations Supervisor, including Mr. Lawrence Hanna, Mr. Gregg Conitz, Mr. Martin Parillon, Mr. Tommy Sheldon and Mr. Mike Baker.  The racial background of each applicant is as follows:

> Mr. Hanna    Alaska Native
> Mr. Conitz    Caucasian
> Mr. Parillon   West Indies (Lesser Antilles)
> Mr. Sheldon  Alaska Native
> Mr. Baker     Alaska Native

17.     Mr. Hanna was promoted to fill the position of Mine Operations Supervisor effective April 1, 2005.  Mr. Hanna was selected because his qualifications were superior to all other applicants, including Mr. Conitz.

18.     The hiring decision was made by Ted Zigarlick, and not Mr. Kells or Mr. Scott, although Mr. Scott approved Mr. Zigarlick's decision.  Race played absolutely no role in the hiring decision, and is not ever a basis for any hiring or other employment decision at Teck Cominco Alaska Incorporated.  No preference of any kind was given to Mr. Hanna.  Had any other candidate been rated as high as he was, Mr. Hanna would have received a preference based upon his status as a NANA shareholder and owner of Red Dog Mine.  However, it was unnecessary to award him such preference in light of the fact that he was found to be the superior candidate based on his qualifications.  Teck Cominco otherwise denies the allegations and averments contained in paragraph 18 of the Complaint.

ANSWER to Amended Complaint                                    **Page 4 of 13**
Conitz v. Teck Cominco,  No. 4:06-CV-00015 RRB

19.    Mr. Conitz was not selected to fill the vacancy because he did not have as much experience, skills or knowledge as other candidates.

20.    Teck Cominco denies the allegations and averments contained in paragraph 20 of the Complaint.

21.    Teck Cominco denies the allegations and averments contained in paragraph 21 of the Complaint.

22.    Teck Cominco admits that Mr. Conitz was informed in May 2005 that he would not be hired into a Mine Operations Trainer position, and that Mr. Mike Baker was the successful candidate for that position.

23.    Mr. Baker was re-hired into a position he formerly held with Teck Cominco due to his experience in Surface Operations, Materials Management and Mine Operations; his qualifications as a trainer; his exemplary safety record; and his outstanding past performance as a trainer and a developer of training programs. Mr. Conitz, on the other hand, had a poor record with respect to safe mobile equipment operating practices over many years of operations, had no prior experience as an equipment trainer, and had no formal training as a trainer. In short, Mr. Baker was well qualified for the position, while Mr. Conitz was not qualified. Race played absolutely no role in the hiring decision, and is not ever a basis for any hiring or other employment decision at Teck Cominco Alaska Incorporated. No preference of any kind was given to Mr. Baker. Had any other candidate been rated as high as he was, Mr. Baker would have received a

preference based upon his status as a NANA shareholder and owner of Red Dog
Mine.  However, it was unnecessary to award him such preference in light of the
fact that he was found to be the vastly superior candidate based on his
qualifications and experience.

    24.    Teck Cominco denies the allegations and averments contained in
paragraph 24 of the Complaint.

    25.    Teck Cominco denies the allegations and averments contained in
paragraph 25 of the Complaint.

    26.    Teck Cominco denies the allegations and averments contained in
paragraph 26 of the Complaint.

    27.    Teck Cominco denies the allegations and averments contained in
paragraph 27 of the Complaint.

    28.    Teck Cominco denies the allegations and averments contained in
paragraph 28 of the Complaint.

    29.    Teck Cominco denies the allegations and averments contained in
paragraph 29 of the Complaint.

    30.    Teck Cominco denies the allegations and averments contained in
paragraph 30 of the Complaint.

    31.    Teck Cominco denies the allegations and averments contained in
paragraph 31 of the Complaint.

32.    Teck Cominco is without knowledge as to when Mr. Conitz received any "right to sue" letter, and specifically denies that he received any such letter addressing all the issues addressed in his Complaint.

33.    Paragraph 33 of the Complaint requires no response from Teck Cominco.

34.    Teck Cominco denies the allegations and averments contained in paragraph 34 of the Complaint.

35.    Teck Cominco admits that all human beings are members of some racial group.

36.    Teck Cominco denies the allegations and averments contained in paragraph 36 of the Complaint.

37.    Teck Cominco denies that any such preference as asserted in paragrpah 37 of the Complaint ever occurred.

38.    Teck Cominco is without knowledge as to the racial composition of NANA shareholders, and otherwise denies the allegations and averments in paragraph 38 of the Complaint.

39.    Teck Cominco denies the allegations and averments contained in paragraph 39 of the Complaint.

40.    Teck Cominco denies the allegations and averments contained in paragraph 40 of the Complaint.

41.    Teck Cominco denies that any acts of discrimination occurred.

42.    Teck Cominco is without knowledge as to what actors are referenced in paragraph 42, and therefore denies the allegations and averments contained in paragraph 42 of the Complaint.

43.    Teck Cominco denies the allegations and averments contained in paragraph 43 of the Complaint.

44.    Teck Cominco denies the allegations and averments contained in paragraph 44 of the Complaint.

45.    Teck Cominco denies the allegations and averments contained in paragraph 45 of the Complaint.

46.    Paragraph 46 of the Complaint requires no response from Teck Cominco.

47.    Teck Cominco denies the allegations and averments contained in paragraph 47 of the Complaint.

48.    Teck Cominco admits that all human beings are members of some racial group.

49.    Teck Cominco denies the allegations and averments contained in paragraph 36 of the Complaint.

50.    Teck Cominco denies that any such preference as asserted in paragrpah 50 of the Complaint ever occurred.

ANSWER to Amended Complaint                    **Page 8 of 13**
Conitz v. Teck Cominco,  No. 4:06-CV-00015 RRB

51.    Teck Cominco denies the allegations and averments contained in paragraph 51 of the Complaint.

52.    Teck Cominco denies that any acts of discrimination occurred.

53.    Teck Cominco is without knowledge as to what actors are referenced in paragraph 53, and therefore denies the allegations and averments contained in paragraph 53 of the Complaint.

54.    Teck Cominco denies the allegations and averments contained in paragraph 54 of the Complaint.

55.    Teck Cominco denies the allegations and averments contained in paragraph 55 of the Complaint.

56.    Paragraph 56 of the Complaint requires no response from Teck Cominco.

57.    Teck Cominco denies the allegations and averments contained in paragraph 57 of the Complaint.

58.    Teck Cominco denies the allegations and averments contained in paragraph 58 of the Complaint.

59.    Teck Cominco denies the allegations and averments contained in paragraph 59 of the Complaint.

60.    Teck Cominco denies the allegations and averments contained in paragraph 60 of the Complaint.

61.    Teck Cominco denies the allegations and averments contained in paragraph 61 of the Complaint.

62.    Teck Cominco is without knowledge as to what actors are referenced in paragraph 62, and therefore denies the allegations and averments contained in paragraph 62 of the Complaint.

63.    Teck Cominco denies the allegations and averments contained in paragraph 63 of the Complaint.

64.    Teck Cominco denies the allegations and averments contained in paragraph 64 of the Complaint.

65.    Paragraph 65 of the Complaint requires no response from Teck Cominco.

66.    Teck Cominco denies the allegations and averments contained in paragraph 66 of the Complaint.

67.    Teck Cominco denies the allegations and averments contained in paragraph 67 of the Complaint.

68.    Teck Cominco denies the allegations and averments contained in paragraph 68 of the Complaint.

69.    Teck Cominco denies the allegations and averments contained in paragraph 69 of the Complaint.

70.    Teck Cominco denies that anyone retaliated against Conitz, and further denies that any retaliation could occur within the scope of any employee's employment.

71.    Teck Cominco denies the allegations and averments contained in paragraph 71 of the Complaint.

72.    Teck Cominco denies the allegations and averments contained in paragraph 72 of the Complaint.

73.    Teck Cominco denies the allegations and averments contained in paragraph 73 of the Complaint.

74.    Paragraph 74 of the Complaint requires no response from Teck Cominco.

75.    Teck Cominco denies the allegations and averments contained in paragraph 75 of the Complaint.

76.    Teck Cominco denies the allegations and averments contained in paragraph 76 of the Complaint.

77.    Teck Cominco denies the allegations and averments contained in paragraph 77 of the Complaint.

78.    Teck Cominco denies the allegations and averments contained in paragraph 78 of the Complaint.

79.    Teck Cominco denies the allegations and averments contained in paragraph 79 of the Complaint.

80.    Paragraph 80 of the Complaint requires no response from Teck Cominco.

81.    Teck Cominco denies the allegations and averments contained in paragraph 81 of the Complaint.

82.    Teck Cominco denies the allegations and averments contained in paragraph 82 of the Complaint.

83.    Teck Cominco denies the allegations and averments contained in paragraph 83 of the Complaint.

84.    Teck Cominco denies the allegations and averments contained in paragraph 84 of the Complaint.

85.    Teck Cominco denies the allegations and averments contained in paragraph 85 of the Complaint.

86.    Teck Cominco denies the allegations and averments contained in paragraph 86 of the Complaint.

87.    Teck Cominco denies the allegations and averments contained in paragraph 87 of the Complaint.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim against this defendant upon which relief can be granted.

2.    The plaintiff has failed to exhaust his administrative remedies and is thus barred from access to this court.

3.    Some or all of the plaintiff's claims are barred by the applicable statutes of limitation.

4.    The liability of an employer prescribed in AS 23.30.045 is exclusive and in place of all other liability of the employer and any fellow employee to the employee, such that some or all of the plaintiff's claims are barred as a matter of law.

WHEREFORE, Teck Cominco Alaska Incorporated prays as follows:

1.    That the plaintiff take nothing as a result of his complaint and that the complaint be dismissed with prejudice.

2.    That Teck Cominco Alaska Incorporated be awarded its costs and reasonable attorney fees in defending against the complaint.

3.    For such further relief as the Court deems just and proper.

Dated this 19th day of September, 2007.

HARTIG RHODES HOGE & LEKISCH, P.C.
Attorneys for Teck Cominco Alaska Incorporated

By: _____
      Sean Halloran

CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of Septemer, 2007
a true and correct copy of the foregoing was served
on Kenneth Covell & Thomas Daniel by electronic
means through the ECF system as indicated on
the Notice of Electronic Filing.

Becky Nelson
Hartig Rhodes Hoge & Lekisch PC


F:\Docs\62880\198\PLEADINGS\.doc