Thomas M. Daniel, Alaska Bar No. 8601003
TDaniel@perkinscoie.com
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
Telephone: 907.279.8561
Facsimile: 907.276.3108

Attorneys for Intervenor
NANA Regional Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREGG CONITZ,<br><br>   Plaintiff,<br><br>   v.<br><br>TECK COMINCO ALASKA, INC.,<br><br>   Defendant. | Case No. 4:06-cv-00015-RRB |

### NANA REGIONAL CORPORATION'S REPLY TO PLAINTIFF'S OPPOSITION TO NANA REGIONAL CORPORATION'S MOTION TO INTERVENE

Plaintiff opposes NANA Regional Corporation's motion to intervene, but in doing so, he reiterates the arguments that prompted and justify NANA's intervention. He asserts that the stockholder-hiring provisions in NANA's agreement with Teck Cominco are illegal, and he does not disclaim any effort to affect performance of those provisions through this lawsuit. NANA should be permitted to intervene.

CONITZ V. TECK COMINCO
CASE NO. 4:06-CV-00015-RRB
Page 1 of 7
18531-0014/LEGAL13447423.1

Exhibit 1 Page 1 of 2

Conitz's argument on the second and third factors is essentially the same. He puts the cart in front of the horse, by claiming that this lawsuit will not affect any protectable contract interest, because the stockholder-hire provisions in NANA's contract with Teck Cominco are illegal and unenforceable. Conitz's argument is invalid, because the argument assumes an outcome in Conitz's favor on the very issue for which intervention is sought.

Specifically, Conitz argues that NANA does not have any protectable interest here, because NANA does not have the right to require Teck Cominco to hire NANA stockholders. (Conitz Brief at 6.) This argument assumes that the contract's stockholder-hiring provision is illegal. But that is precisely the issue that may be addressed in this case. Conitz cannot foreclose NANA's intervention by simply asserting that Conitz is right about his claim, and NANA is wrong.

Similarly, Conitz argues that the disposition of this case will not impair or impede NANA's ability to enter into a contract with Teck Cominco, because "NANA will still be free to contract with Teck to implement legal, non-discriminatory hiring practices." (Conitz Brief at 11.) What this means is that if Conitz wins his case against Teck Cominco, NANA is free to enter into a contract with Teck Cominco that does **not** include the provisions that Conitz considers illegal. The unspoken flip-side of this statement is that if Conitz wins his case, NANA will **not** be able to enforce the provisions of its contract that Conitz considers illegal, i.e., the stockholder hiring provisions.[1] Thus, instead of denying a protectable interest that justifies NANA's

---

[1] Conitz explicitly argues that the stockholder hiring provisions are illegal. He equates stockholder hiring with Native preferences in hiring, and he asserts that Native preferences in hiring are illegal. Opposition Brief at 7-8.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

CONITZ V. TECK COMINCO
CASE NO. 4:06-CV-00015-RRB
Page 3 of 7
18551-0014/LEGAL13447423.1

Exhibit 1 Page 2 of 2