KENNETH L. COVELL
LAW OFFICE OF KENNETH L. COVELL
712 Eighth Avenue
Fairbanks, Alaska 99701
Phone: 907.452.4377
Fax: 907.451.7802
kcovell@gci.net

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREGG CONITZ, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| TECK COMINCO ALASKA, INC., | ) |
| | ) |
| Defendant | ) |
| _____ ) | Case No. 4:06-CV-00015 RRB |

## POINTS AND AUTHORITIES SUPPORTING MOTION TO COMPEL DISCOVERY, COMPEL SIGNATURE UNDER OATH, AND TO EXPAND THE NUMBER OF PERMISSIBLE INTERROGATORIES

COMES NOW Plaintiff, Gregg Conitz, by and through counsel, THE LAW OFFICE OF KENNETH L. COVELL, and submits his Memorandum Supporting his Motion To Compel discovery Responses.

### Introduction

Conitz seeks to compel Teck to respond to two sets of interrogatories containing subparts that explore a common theme and should be considered a single interrogatory.

**Set One:** On April 12, 2007 Conitz propounded one interrogatory. (Exhibit 1) Teck has considered each subpart to

be a separate interrogatory. One interrogatory became 23 by Teck's count. (Exhibit 2)

**Set Two:** Conitz propounded another set of interrogatories consisting of twenty-one (21) questions and related subparts. (Exhibit 3) This time Teck had to parse the sentences to turn 21 interrogatories into 43. (Exhibit 4) Teck refuses to answer most interrogatories because it claims that the maximum number was exceeded.

**Added Interrogatories Required:** Teck's uncooperative attitude toward discovery should be addressed now to save the resources required by counsel and court to continually seek relief.

Conitz requests this Court's authority to pose up to an added 50 interrogatories, for a total of 75, **only** if needed, to explore the facts in this complex case in the face of a zealous defense and limit the incentive to engage in this discovery battle.

Contiz's counsel are officers of this court, subject to Rule 11, and specifically undertake to not use this latitude to abuse the discovery process.

### Failure To Notarize Interrogatory Answers

FRCP 33(b) requires interrogatories to be answered under oath. Teck's designee did not answer the 8/16/07

Interrogatories under oath.  (Exhibit 5) The designee should be ordered to comply with FRCP 33(b).

## Factual Discussion

The subject matter of all interrogatory subparts were related by a common theme.

Teck made no attempt to resolve this potential discovery dispute, instead renumbered the responses as if each answered a separate interrogatory. (Exhibit 4)

Counsel wrote to Teck's counsel and suggested they try to work this problem out informally, citing to authority that supports Conitz's belief that where the information contained in the subparts concerns the details of a "common theme" the interrogatory counts as only one interrogatory. (Exhibit 6) Mr. Halloran did not even provide the courtesy of calling counsel in response. (Logan Declaration, Exhibit 7)

Being unable to resolve the matter without court intervention this motion reluctantly follows.

## Legal Discussion

The purpose and history of the rules regarding the number of interrogatories permitted to be asked is one of permitting discovery without unduly oppressing the opposition. The specific question of "discrete subparts" was anticipated.  The Advisory Committee explained that "a question asking about communications

of a particular type should be treated as a single interrogatory even though it requests the times, place, persons present, and contents be stated separately for each such communication."(8A, *Federal Practice & Procedure*, C. Wright, A. Miller & R. Marcus (2nd. Ed. 1994) at 261 and supplement to 2007)(FP&P), *citing*, Advisory Committee Notes at 146 FRD at 675-676.

No 9th circuit authority was found.

In *Clark v. Burlington Northern Railroad,* 112 F.R.D. 117, 120 (N.D. Miss. 1986) a court held that "an interrogatory is to be counted as but a single question for purposes of [our local rule], even though it may call for an answer containing several separate bits of information, if there is **a direct relationship between the various bits of information** called for. *Id.* (emphasis added)

A Ninth Circuit District Court said that although the term "discrete subparts" does not have a precise meaning, courts generally agree that "interrogatory subparts are to be counted as one interrogatory . . . if they are **logically or factually subsumed within and necessarily related to the primary question.**" Safeco of *America v. Rawston*, 181 F.R.D. 441, 445 (C.D. Cal. 1998), *citing, Kendall v. GES Exposition Services*, 174 F.R.D. 684 (D.Nev. 1997); all cited in *Zamora v. D'Arrigo*

*Bros. Co*., 2006 U.S. Dist. LEXIS 21208 (D. Cal. 2006)(emphasis added)

The treatise suggests that the preferred solution would be agreement among the parties (Conitz tried this) . . . or a court order allowing more questions. (FP&P at 261)

### Application Of Rule

The subparts of the interrogatories were all part of the "common thread," "directly related" and "subsumed within the primary question." As such, each part of is one interrogatory and must be answered as such.

This court should compel Teck to consider these interrogatories and give Teck 10 days to respond to the interrogatories it did not answer.[1]

Authority to propound 50 more interrogatories, **only** if needed, will accomplish two missions: It will conserve resources if further interrogatories are required, and it will discourage further questionable technical objections by Teck, and possibly by NANA.

### CONCLUSION

Teck's refusal to respond to interrogatories must be remedied. Conitz's counsel's attempts at informal resolution

---

[1] Conitz assumes that NANA Corporation will not utilize the same tactics.

were rebuffed. The answers should be compelled within 10 days of this court's order.

The 8/16/07 set of interrogatory answers must be answered under oath as required and should be ordered so answered.

Authority to propound up to 50 more interrogatories, with the understanding that counsel must be prepared to explain why it was necessary to propound any of these, or to respond to a Motion for a Protective Order, is appropriate to this case and the tactics employed in its defense.

DATED this 4th day of October, 2007 at Fairbanks, Alaska.

LAW OFFICES OF KENNETH L. COVELL
Attorney for the Plaintiff, Gregg Conitz

s/Kenneth L. Covell
712 8th Ave.
Fairbanks, AK 99701
Phone: 907.452.4377
Fax: 907.451.7802
E-mail: kcovell@gci.net
Attorney Bar #: 8611103

CERTIFICATE OF SERVICE
This is to certify that a copy of the foregoing has been
Served electronically, via ECF to the following attorney(s):
Sean Halloran
Thomas M. Daniel – TDaniel@perkinscoie.com

Dated: 10/04/2007

By: _____/s/ Melissa A. Dick_____
          Melissa A. Dick for Kenneth L. Covell