IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

GREGG CONITZ, )
)
        Plaintiff, )
)
vs. )
)
)
)
TECK COMINCO ALASKA, INC., )
)
        Defendant. )
_____) Case No. 4:06-CV-00015 RRB

## DISCOVERY REQUEST OF 4/12/07

Defendant's attention is directed to paragraphs 11 and 16 of defendant's Answer to plaintiff's Complaint. Paragraphs 11 and 16 state:

11. The hiring decision was made by Ted Zigarlick, and not Mr. Kells or Mr. Scott. Race played absolutely no role in the hiring decision, and is not ever a basis for any hiring or other employment decision at Teck Cominco Alaska Incorporated. No preference of any kind was given to Mr. Hanna. Had any other candidate been rated as high as he was, Mr. Hanna would have received a preference based upon his status as a NANA shareholder and owner of Red Dog Mine. However, it was unnecessary to award him such preference in light of the fact that he was found to be the superior candidate based on his qualifications.

16. Mr. Baker was re-hired into a position he formerly held with Teck Cominco due to his experience in Surface Operations, Material Management and Mine Operations; his qualifications as a trainer; his exemplary safety record; and his outstanding past performance as a trainer and a developer of training programs. Mr. Conitz, on the other hand, had a poor record with respect to safe mobile equipment operating practices over many years of operations, had no prior experience as an equipment trainer, and had no formal training as a trainer. In short, Mr. Baker was well qualified for the position; Mr. Conitz was not qualified at all. Race played absolutely no role in the hiring decision and is not ever a basis for any hiring or other employment decision at Teck Cominco Alaska Incorporated.

Exhibit __1__ page __1__ of __3__

No preference of any kind was given to Mr. Baker. Had any other candidate been rated as high as he was, Mr. Baker would have received a preference based upon his status as a NANA shareholder and owner of Red Dog Mine. However, it was unnecessary to award him such preference in light of the fact that he was found to be the vastly superior candidate based on his qualifications and experience.

As to each position described in paragraphs 11 and 16, STATE the following:

a. The name of the job.

b. The job description.

c. The minimum mandatory qualifications for the job.

d. Other hiring criteria for the job.

e. The candidates who applied for the job.

f. The ranking of the candidates.

g. The specific facts and especially including documents and interviews relied upon in ascertaining whether the candidate met these particular qualifications and state who decided whether these candidates met these qualifications based upon the above mentioned information.

h. Who made the decisions in ranking and who made the decision to hire the particular candidate.

PRODUCE:

a. The requisite job announcements.

b. The position description.

Exhibit 1 page 2 of 3