Sean Halloran
Hartig Rhodes Hoge & Lekisch, P.C.
717 K Street
Anchorage, Alaska 99501
Phone: (907) 276-1592
Fax: (907) 277-4352

RECEIVED
JUN 1 5 2007
BY: MEM

Attorneys for Teck Cominco Alaska Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

GREGG CONITZ,                       )
                                    )
        Plaintiffs,                 )
                                    )
vs.                                 )
                                    )
TECK COMINCO ALASKA, INC.,          )
                                    )
        Defendant.                  )
_____)  Case: 4:06-CV-00015 RRB

### TECK COMINCO ALASKA'S RESPONSE TO PLAINTIFF'S REQUEST FOR DISCOVERY OF 4/12/07

Defendant's attention is directed to paragraphs 11 and 16 of defendant's Answer to plaintiff's Complaint. Paragraphs 11 and 16 state:

Teck Cominco Alaska Response to Discovery of 4/12//07
Conitz. v. Teck Cominco, Case No: 4:06-00015 CV (RRB)                      Page 1 of 10



Exhibit 2 page 1 of 10

11. The hiring decision was made by Ted Zigarlick, and not Mr. Kells or Mr. Scott. Race played absolutely no role in the hiring decision, and is not ever a basis for any hiring or other employment decision at Teck Cominco Alaska Incorporated. No preference of any kind was given to Mr. Hanna. Had any other candidate been rated as high as he was, Mr. Hanna would have received a preference based upon his status as a NANA shareholder and owner of Red Dog Mine. However, it was unnecessary to award him such preference in light of the fact that he was found to be the superior candidate based on his qualifications.

16. Mr. Baker was re-hired into a position he formerly held with Teck Cominco due to his experience in Surface Operations, Material Management and Mine Operations; his qualifications as a trainer; his exemplary safety record; and his outstanding past performance as a trainer and a developer of training programs. Mr. Conitz, on the other hand, had a poor record with respect to safe mobile equipment operating practices over many years of operations, had no prior experience as an equipment trainer, and had no formal training as a trainer. In short, Mr. Baker was well qualified for the position; Mr. Conitz was not qualified at all. Race played absolutely no role in the hiring decision and is not ever a basis for any hiring or other employment decision at Teck Cominco Alaska Incorporated. No preference of any kind was given to Mr. Baker. Had any other candidate been rated as high as he was, Mr. Baker would have received a preference based upon his status as a NANA shareholder and owner of Red Dog Mine. However, it was unnecessary to award him such preference in light of the fact that he was found to be the vastly superior candidate based on his qualifications and experience.

As to each position described in paragraphs 11 and 16, STATE the following:

a. The name of the job.

Teck Cominco Alaska Response to Discovery of 4/12//07
*Conitz. v. Teck Cominco*, Case No: 4:06-00015 CV (RRB)

Page 2 of 10


HARTIG RHODES
HOGE & LEKISCH,
P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

Exhibit 2 page 2 of 10

Response to Interrogatory 6: As to paragraph 11, and as stated in Teck Cominco Alaska's Initial Disclosures, the position was Mine Shift Supervisor.

Response to Interrogatory 7: As to paragraph 16, and as stated in Teck Cominco's Initial Disclosures, the position was originally Mine Operations Trainer, and later was re-named Mobile Equipment Trainer.

b. The job description.

Response to Interrogatory 8: As to paragraph 11, in its Initial Disclosures, Teck Cominco Alaska furnished the plaintiff with a copy of the Job Profile that specifies the performance criteria for Mine Operations Supervisor positions at Red Dog Mine, along with descriptions of each of the relevant competencies at the relevant Levels.

Response to Interrogatory 9: As to paragraph 16, in its Initial Disclosures, Teck Cominco Alaska furnished the plaintiff with a copy of the Job Profile that specifies the performance criteria for Mine Operations Trainer positions at Red Dog Mine, along with descriptions of each of the relevant competencies at the relevant Levels.

c. The minimum mandatory qualifications for the job.

Teck Cominco Alaska Response to Discovery of 4/12//07
*Conitz, v. Teck Cominco*, Case No: 4:06-00015 CV (RRB)                                   Page 3 of 10


HARTIG RHODES
HOGE & LEKISCH,
P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3597
TELEPHONE
(907) 276-1592
FAX
(907) 277-4352

Exhibit 2  page 3 of 10

**Response to Interrogatory 10:** As to paragraph 11, in its Initial Disclosures, Teck Cominco Alaska furnished the plaintiff with a copy of the Job Profile that specifies the qualifications and competencies required and/or desired of applicants for Mine Operations Supervisor positions at Red Dog Mine, along with descriptions of each of the relevant competencies at the relevant Levels.

**Response to Interrogatory 11:** As to paragraph 16, in its Initial Disclosures, Teck Cominco Alaska furnished the plaintiff with a copy of the Job Profile that specifies the qualifications and competencies required and/or desired of applicants for Mine Operations Trainer positions at Red Dog Mine, along with descriptions of each of the relevant competencies at the relevant Levels.

d. Other hiring criteria for the job.

**Response to Interrogatory 12:** As to paragraph 11, in its Initial Disclosures, Teck Cominco Alaska furnished the plaintiff with complete information regarding "hiring criteria for the job" as it understands that term.

**Response to Interrogatory 13:** As to paragraph 16, in its Initial Disclosures, Teck Cominco Alaska furnished the plaintiff with complete information regarding "hiring criteria for the job" as it understands that term.

Teck Cominco Alaska Response to Discovery of 4/12//07
*Conitz. v. Teck Cominco*, Case No: 4:06-00015 CV (RRB)                              Page 4 of 10


HARTIG RHODES
HOGE & LEKISCH,
P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE
(907) 276-1592
FAX
(907) 277-4352

Exhibit 2 page 4 of 10

e. The candidates who applied for the job.

**Response to Interrogatory 14:** As to paragraph 11, and as stated in Teck Cominco Alaska's initial disclosures, the applicants for the position were Mr. Lawrence Hanna, Mr. Gregg Conitz, Mr. Martin Parillion, Mr. Tommy Sheldon and Mr. Mike Baker.

**Response to Interrogatory 15:** As to paragraph 16, and as stated in Teck Cominco Alaska's initial disclosures, the applicants for the position were Mr. Baker, Mr. Conitz, Mr. Sheldon and Mr. Parillion.

f. The ranking of the candidates.

**Response to Interrogatory 16:** As to paragraph 11, and as stated in Teck Cominco Alaska's initial disclosures, Mr. Hanna was rated as superior to all other candidates. The candidates were not otherwise ranked.

**Response to Interrogatory 17:** As to paragraph 16, and as stated in Teck Cominco Alaska's initial disclosures, Mr. Baker was rated as superior to all other candidates. As stated in Teck Cominco Alaska's Initial Disclosures, Mr. Parillion was determined to be the second best candidate. As stated in Teck Cominco Alaska's Initial disclosures, Mr. Conitz was determined to be unqualified for the position.

Teck Cominco Alaska Response to Discovery of 4/12//07
*Conitz v. Teck Cominco*, Case No: 4:06-00015 CV (RRB)                                Page 5 of 10



HARTIG RHODES
HOGE & LEKISCH,
P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE
(907) 276-1592
FAX
(907) 277-4352



Exhibit 2 page 5 of 10



g. The specific facts and especially including documents and interviews relied upon in ascertaining whether the candidate met these particular qualifications and state who decided whether these candidates met these qualifications based upon the above mentioned information.

**Response to Interrogatory 18:** As to paragraph 11, as set forth in Teck Cominco Alaska's Initial Disclosures, documentation of the following was used to review each candidate's qualifications:

1. Job Profile
2. Application including Resume, if furnished
3. Position and Salary History
4. Performance Planning & Review / Appraisals
5. Non-Exempt Employee Change Request – Acting Supervisor
6. Documentation of Field Trainer Role
7. Discipline Reports
8. Incident / Accident Reports
9. Documentation of Participation in MSHA and other Mandatory Training
10. Documentation of Participation in Non-Mandatory Training for Professional Growth & Advancement

**Response to Interrogatory 19:** As to paragraph 16, as set forth in Teck Cominco Alaska's Initial Disclosures, documentation of the following was used to review each candidate's qualifications:

1. Job Profile
2. Application including Resume, if furnished

Teck Cominco Alaska Response to Discovery of 4/12//07
*Conitz. v. Teck Cominco*, Case No: 4:06-00015 CV (RRB)                                Page 6 of 10

Exhibit 2 page 6 of 10

3. Documentation of Prior Experience As A Trainer
4. Participation in Training to Serve as a Trainer
5. Discipline Reports
6. Incident / Accident Reports
7. Hazwoper Documentation

**Response to Interrogatory 20:** As to paragraph 11, as set forth in Teck Cominco Alaska's Initial Disclosures, Ted Zigarlick evaluated the applicants and determined whether they were qualified for the position.

**Response to Interrogatory 21:** As to paragraph 16, as set forth in Teck Cominco Alaska's Initial Disclosures, Ted Zigarlick evaluated the applicants and determined whether they were qualified for the position.

    h. Who made the decisions in ranking and who made the decision to hire the particular candidate.

**Response to Interrogatory 22:** As to paragraph 11, as set forth in Teck Cominco Alaska's Initial Disclosures, the selection of the successful candidate was primarily made by Ted Zigarlick. Human Resources had input on whether the applicants were eligible for employment at Red Dog Mine.

**Response to Interrogatory 23:** As to paragraph 16, as set forth in Teck Cominco Alaska's Initial Disclosures, the selection of the successful candidate was



Teck Cominco Alaska Response to Discovery of 4/12//07
*Conitz. v. Teck Cominco*, Case No: 4:06-00015 CV (RRB)                                              Page 7 of 10


Exhibit a page 7 of 10

primarily made by Ted Zigarlick. Human Resources had input on whether the applicants were eligible for employment at Red Dog Mine.

PRODUCE:

a. The requisite job announcements.

**Response to Request For Production 5:** Responsive documents have previously been produced.

b. The position description.

**Response to Request For Production 6:** Responsive documents have previously been produced.

c. Any and all documentation, including but not limited to certificates, letters of recommendation, and other materials relied upon in making the hiring decisions described in paragraphs 11 and 16.

**Response to Request For Production 7:** As to the successful candidates for each position, and as to the plaintiff, responsive documents have previously been produced. As to other applicants, responsive documents are available for

Teck Cominco Alaska Response to Discovery of 4/12//07
*Conitz. v. Teck Cominco*, Case No: 4:06-00015 CV (RRB)                                Page 8 of 10





Sean Halloran
Hartig Rhodes Hoge & Lekisch, P.C.
717 K Street
Anchorage, Alaska 99501
Phone: (907) 276-1592
Fax: (907) 277-4352
mail@hartig.com

Attorneys for Teck Cominco Alaska Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| GREGG CONITZ, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| TECK COMINCO ALASKA, INC., | ) ) |
| Defendant. | ) ) |
| | ) Case: 4:06-CV-00015 RRB |

### VERIFICATION

STATE OF ALASKA      )
                     ) ss.
THIRD JUDICIAL DISTRICT )

I, TED ZIGARLICK, say under oath and affirm on behalf of Teck Cominco Alaska

Incorporated that that I have read Teck Cominco Alaska Incorporated's

VERIFICATION                                         Page 1 of 2
*Conitz v. Teck Cominco*                             Case No: 4:06-00015 CV (RRB)



Exhibit 2 page 9 of 10

interrogatory responses to the discovery requests of April 12, 2007,

and those responses are true and accurate to the best of my knowledge and belief.

_____
Ted Zigarlick

Subscribed and sworn to or affirmed before me at Red Dog Mine, on this 9 day of June, 2007.

_____
Notary Public in and for Alaska
My commission expires:



VERIFICATION
*Conitz v. Teck Cominco*

Page 2 of 2
Case No: 4:06-00015 CV (RRB)

Exhibit 2 page 10 of 10