KENNETH L. COVELL
LAW OFFICE OF KENNETH L. COVELL
712 Eighth Avenue
Fairbanks, Alaska 99701
Phone: 907.452.4377
Fax: 907.451.7802
kcovell@gci.net

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| GREGG CONITZ, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | |
| ) | |
| TECK COMINCO ALASKA, INC., ) | |
| ) | |
| Defendant ) | |
| _____) | Case No. 4:06-CV-00015 RRB |

**Joint Opposition to Motion(s) to Reconsider Ruling Limiting
Conitz Continued Deposition to Question Concerning Statements
Kells Made to Covell**

Teck asked the court to reconsider its order limiting; the deposition of Conitz to those questions that Conitz was directed not to answer.

Counsel for Defendant Teck was told at least twice that he was free to ask any questions he wanted, and that the one issue could be reserved; and further more that counsel would ask the court to limit the questions solely to those questions.

*Conitz v. Teck Cominco,* Case No. 4:06-CV-00015 RRB
Opposition to Motion to Reconsider Ruling Limiting Conitz Deposition
Page 1 of 5

Defendant chose not to ask any other questions and did so at his own peril.

There is simply no reason why Teck Counsel could not ask all of his questions. Teck can not demonstrate this. Teck does not explain why any delay for NANA is necessary as all the parties were there.

Counsel for Plaintiff Conitz believed then, and believes now that the continued deposition of Conitz (if any) could be attended by Conitz' counsel by phone at a significant savings in airfare, accommodation, and attorney time. If the deposition is not so limited to the questions reserved, counsel will possibly have to make an extra trip to Anchorage; unnecessarily.

## NANA Questions

NANA asked no questions at the first two depositions. At the first of the three depositions under signed counsel had a conversation with Thomas Daniel concerning Daniel asking questions. Mr. Daniel indicated that he was not likely to have questions, and I indicated to him that I would likely object if he did, however it might depend on the questions. (See Declaration of Covell filed here with.) Mr. Daniel did not ask any questions the first day, Mr. Daniel did not attend the

second day, but Kyan Olanna attended, and she did not ask questions the second day.

At the end of the Conitz deposition Ms. Olanna conferred with Mr. Halloran in private, and upon returning to the deposition room Mr. Halloran declared "We're done" I took this statement to include Ms. Olanna.  Ms. Olanna is an admitted member of the Bar Association and could have well spoken up had she had questions to ask at that time.

Mr. Daniel filed a motion joining Teck's motion to reconsider.  Mr. Daniel filed no affidavit stating that he would have asked questions.  Mr. Daniel however was not even present at this deposition in question.  No affidavit from Ms. Olanna is included indicating that she had questions, or wanted to ask questions; and why she didn't speak up, if she did want to ask questions, and why she didn't respond to Mr. Covell's opposition to any questions limited to Kells "statements to Covell" at a continued deposition, if at all.

Most saliently NANA was admitted as an intervener to this case solely on the question of whether or not Teck's shareholder preference is illegal.  NANA has proffered no reason why its questions, if any aren't already answered; or why Conitz

statement would be important to the question of the legality of the shareholder preference.

## Further Discussion

Teck appears to wish to engage in a manipulative discovery process. (E.g. See, Plaintiff's Motions to Compel at Docket 13 and 66). There appears to be no good reason to allow the deposition of Conitz to include any other questioning than that which the court has already allowed or was previously asked.[1]

Conitz will be at the mine from October 31st through November 29th, and not available for deposition then. Plaintiff's counsel is likely to be out of the jurisdiction from October 12th through October 18th and unlikely to be available for an extended deposition with Conitz for sometime.

The court might consider a stay, or partial stay, or strong limitation of discovery pending resolution of Plaintiff's Motion for Order for Law of the Case.

Once that issue is decided NANA will no longer be a party, and their concerns; whatever, will not apply to this decision.

---

[1] The court might consider ordering Defendant to posit his questions by interrogatory first and explain why such methods are inadequate after receiving the answers.

Teck's failure to ask its questions at the deposition appears to be most annoying, and oppressive, to the deponent; and the court has already considered this issue once; and as the Defendants have raised no good reason why the court ought to even engage in a reconsideration, more or less change this decision the court should deny the motion.

Respectfully submitted this 5th day of October, 2007 at Fairbanks, Alaska.

> **Deleted:** has
> **Deleted:** parties
> **Deleted:** 4th

```
                    LAW OFFICES OF KENNETH L. COVELL
                  Attorney for the Plaintiff, Gregg Conitz

                                       s/Kenneth L. Covell
                                              712 8th Ave.
                                       Fairbanks, AK 99701
                                     Phone:  907.452.4377
                                       Fax:  907.451.7802
                                  E-mail:  kcovell@gci.net
                                  Attorney Bar #:  8611103
```

**CERTIFICATE OF SERVICE**
This is to certify that a copy of the foregoing has been
Served electronically, via ECF to the following attorney(s):
Sean Halloran
Thomas M. Daniel – TDaniel@perkinscoie.com

Dated: 10/05/2007

> **Deleted:** 4

By:     /s/ Melissa A. Dick
        Melissa A. Dick for Kenneth L. Covell

*Conitz v. Teck Cominco,* Case No. 4:06-CV-00015 RRB
Opposition to Motion to Reconsider Ruling Limiting Conitz Deposition
Page 5 of 5