IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

GREGG CONITZ,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
TECK COMINCO ALASKA, INC.,　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　　　　　)
_____)

Case No. 4:06-CV-00015 RRB

---

DEPOSITION OF GREGG CONITZ

---

Pages 1 - 102
Thursday, August 2, 2007
8:30 A.M.

Taken by Counsel for Defendant
at
HARTIG RHODES HOGE & LEKISCH
717 K Street
Anchorage, Alaska

```
 1      Q.   Did you ever hear him make remarks that
 2   would be considered derogatory toward Alaska Natives?
 3      A.   No.
 4      Q.   Did you ever hear him discuss the
 5   shareholder hire preference that Teck Cominco has in
 6   place?
 7           MR. COVELL:  I'm going to make an objection
 8   here as to potential privilege and work product
 9   issue.
10           MR. HALLORAN:  What privilege could there
11   possibly be with respect to what he's heard Mr. Kells
12   say?
13           MR. COVELL:  Attorney/client.
14           MR. HALLORAN:  Mr. Kells isn't an
15   attorney.
16           MR. COVELL:  I'd' like to -- just want to
17   think about this.  Okay?  Okay?
18           MR. HALLORAN:  I would like to have him
19   answer the question that I just put to him.
20           MR. COVELL:  And the question is has
21   Mr. Kells what?
22           MR. HALLORAN:  Has he ever heard Mr. Kells
23   say anything about the shareholder hire preference in
24   effect at Red Dog mine.
25           MR. COVELL:  I think I've got a work
```

```
 1   product issue there that I'm going to, at this point,
 2   direct him not to answer on.  I'll think about it,
 3   and we'll come back.  Okay?
 4           MR. HALLORAN:  We can get the judge if you
 5   want.
 6           MR. COVELL:  I'd like to take a recess and
 7   think about it.
 8           MR. HALLORAN:  I would not like to take a
 9   recess right now.
10           MR. COVELL:  Okay.  Let's get the judge.
11   I'm going to the rest room.
12           MR. HALLORAN:  Excuse me, sir.  Don't leave
13   the room.
14           THE WITNESS:  Okay.  I was just going to
15   get a glass of water.
16           (Off record.)
17           MR. COVELL:  If you want to ask the
18   question of other than when his attorney was present,
19   if he heard Mr. Kells say whatever, I won't object to
20   that, and he'll answer the question.  And then we can
21   reserve that, and if we get the judge, then we can go
22   from there with it.
23           MR. HALLORAN:  I'd rather just get a ruling
24   from the Court at this point.
25           MR. COVELL:  All right.  Well, it might
```

```
 1   take some time.
 2              Do you need to go to the bathroom?
 3              MR. HALLORAN:  I do not want him to leave
 4   this room.
 5              MR. COVELL:  All right.  Well, if he's got
 6   to go to the bathroom, he's got to go to the
 7   bathroom.
 8              (Off record.)
 9              THE CLERK:  I have gotten ahold of the
10   judge.  The judge will not be calling you back.  He
11   told me to instruct you if you have reached an
12   impasse to file a motion on shortened time, and he
13   will be in chambers this afternoon and would be able
14   to consider it.          Covell Not Present RE
15              He did also ask me to inform you that if
16   there is discovery that is being withheld and a
17   deposition -- the deposition needs to be reset, that
18   whoever is withholding the discovery will have to
19   bear the cost of the deposition being reset.
20              So at this time he's not going to call you
21   back.  You will need to put something in writing or
22   file it electronically with the court.
23              MR. HALLORAN:  All right.  Thank you.
24              THE CLERK:  Thank you.  Bye.
25              (Off record.)
```

1       MR. HALLORAN:  The judge is not going to be
2   calling us back.  Says we have to file a motion, and
3   if the deposition has to be reconvened, then whoever
4   is the wrongful party will bear the cost of it.
5       MR. COVELL:  Okay.  We're still on record?
6       MR. HALLORAN:  We're still on record.
7       MR. COVELL:  All right.  And are you going
8   to incur costs if we continue this for some period of
9   time?
10      MR. HALLORAN:  I'm sure we will.
11      MR. COVELL:  What might they be?  I mean,
12  we're here now at your office.  So I don't know what
13  additional costs you're going to have continuing this
14  from today until another day.  You don't have travel
15  costs or hotel costs or anything of that nature.
16      MR. HALLORAN:  We're certainly going to
17  continue to get an answer to this question.
18      MR. COVELL:  That's fine.
19      MR. HALLORAN:  And I can't see how it is
20  that a witness in this case, any conversations that
21  that witness may have ever had, whether it's with you
22  or with the plaintiff or with anyone else,
23  constitutes work product.
24      MR. COVELL:  I've reviewed this area a
25  number of different times and spent a lot of time on

1   it. I don't have the briefing here with me, and I
2   don't know if I can dredge it up easily. But I think
3   it is, because I've explored this in the past. So
4   I'm going to say the following thing and try to work
5   this out, because I'm trying to work this out. Okay?
6           Number 1, I've offered for you to continue
7   the deposition, ask him the question about any
8   statements he made when his attorney, meaning me,
9   wasn't present. So we can work around a lot of it.
10  Number 2 -- and if you want to do that, we'll just
11  keep going.
12          Number 2, I'm going to go make a couple
13  more phone calls and see if I change my mind or I
14  have another thought about it, because I told you,
15  I'm trying to think about it. Okay? And I don't
16  like to have these things coming up like this
17  broadsiding us, but sometimes they do, and I
18  apologize for that, because I prefer to have it
19  thought through earlier.
20          So those are my proposals for trying to
21  navigate around this somehow. And then I guess
22  thirdly, he's here at least till -- I forget what he
23  said. Another week, and then he's back another
24  rotation. And we'll come back and continue the
25  deposition right here. So I'm willing to do all

```
 1  those things to try to make it work.
 2              MS. OLANNA:  Should I get a copy of the
 3  rules?
 4              MR. COVELL:  Yeah, you're more than welcome
 5  to.  I have no objection to that.  I think you'll
 6  find when you start thinking it through and trying to
 7  do it, it gets to be punching a tar baby, but
 8  you're -- I don't have any objection to that.
 9              MR. HALLORAN:  We have lots of copies of
10  rules if you want one.
11              MS. OLANNA:  I'm just thinking it might be
12  helpful.
13              MR. COVELL:  And if you want to think about
14  all that, I'll go outside and make another phone call
15  while you think about that, come back, and I may have
16  something new, and maybe you'll have thought about
17  those issues.
18              MR. HALLORAN:  Well, I'll go ahead and ask
19  him the question with respect to conversations
20  outside your presence, but we're going to go to the
21  judge.
22              MR. COVELL:  That's fine.
23              MR. HALLORAN:  We're going to get a ruling
24  unless you tell him he can answer with regard to any
25  conversations that he may have had with Mr. Kells.
```

```
 1         MR. COVELL:  That's fine.  And I'm -- you
 2  know, I'm not trying to embroil this any more than
 3  litigation gets to be.
 4  BY MR. HALLORAN:
 5     Q.  Do you remember the question, Mr. Conitz?
 6     A.  Vaguely, but I would appreciate it if you
 7  restated it.
 8     Q.  I want to know if you've ever heard
 9  Mr. Kells make any comments about the shareholder
10  hire preference at Red Dog mine.
11         MR. COVELL:  And that will be outside of
12  the presence of counsel, right, Mr. Halloran?
13         MR. HALLORAN:  Well, you're instructing him
14  to answer it with that limitation.  I understand
15  that.
16         MR. COVELL:  Okay.  All right.  Then I'm
17  instructing you to answer it with that limitation.
18         THE WITNESS:  Okay.  I can't say that I
19  have a specific recollection that would directly
20  answer your question of him making any comments to me
21  about that.
22  BY MR. HALLORAN:
23     Q.  Do you have a nonspecific recollection?
24     A.  I don't know exactly how far nonspecific
25  would go and still be relevant.  There would have
```

1  that ultimately there was a meeting between
2  Mr. Kells, Mr. Zigarlick and Mr. Scott about the
3  issue, which I believe was -- it was prior to this
4  dispute, and then there was also further meetings
5  after this -- I filed this dispute. Ted told me that
6  he discussed it with him, with Rob Scott.
7       Q.   And did Mr. Kells make any representations
8  to you as to why a decision was made that you would
9  not be selected for that job?
10           MR. COVELL:   And again, you're directed to
11 answer only the remarks made outside the presence of
12 counsel.
13           THE WITNESS:   It was somewhat vague. My
14 memory may not be 100 percent clear on that. To the
15 best of my recollection, the first thing that he said
16 was that he -- that Mr. Scott had a problem with it,
17 and there was no specifically stated reason as to
18 what that problem was at that point in time.
19 BY MR. HALLORAN:
20      Q.   In your complaint you say that Mr. Kells'
21 decision was overturned by the general manager,
22 Mr. Rob Scott, who was required to give hiring
23 preference to a Native American.
24           Did anyone ever tell you that Mr. Scott was
25 required to give a hiring preference to a Native

1  to Mr. Scott, did Mr. Kells tell you that he, after
2  that time, dealt with Mr. Zigarlick any further on
3  this decision?
4       A.   Yes.  Yes, that they had a meeting between
5  the three of them.
6       Q.   Didn't you tell me that when he went to
7  Mr. Scott, it was because Mr. Zigarlick was on R and
8  R?
9       A.   Yes.  So this meeting occurred later in
10 time, apparently back when they were all back on site
11 again.
12      Q.   Okay.  And what did Mr. Kells tell you
13 about this supposed meeting?
14           MR. COVELL:  I'm just going to state you
15 have an ongoing direction here to answer only
16 information you gained outside of the presence of
17 counsel so I don't have to keep interrupting.  Okay?
18           THE WITNESS:  Okay.  Yeah, and I don't
19 believe that -- in that context, I don't believe that
20 that was discussed at the time.  Like I said, it was
21 a fairly brief discussion when Mr. Kells informed me
22 that I hadn't been selected for the job.  So I don't
23 believe I would have asked that or been told that at
24 that point in time.
25           It's possible -- like I say, my memory is a

1  Q. How is it that you came to possess this
2  PowerPoint presentation?
3  A. This was somewhere on the database of the
4  company computer system at Red Dog.
5  Q. So you just went rifling through the
6  database, looking for this and found it. Is that --
7  A. Actually my wife gave this to me. She
8  does, in her prior position, very -- did a lot of
9  computer work, and it was her business to be on the
10 computer. And she was looking for something and
11 happened to run into this and thought it was
12 interesting and printed it.
13 Q. Approximately when was it that she printed
14 this out? Do you know?
15 A. I don't remember exactly, but I would guess
16 it may have been somewhere in 2004, possibly 2005.
17       MR. HALLORAN: All right. Why don't we go
18 off record for just a minute.
19       (Recess held.)
20 BY MR. HALLORAN:
21 Q. Sir, you live in Anchorage; is that
22 correct?
23 A. Yes, that's correct.
24 Q. And you're in town for another week before
25 returning to Red Dog; is that right?

1  A.   That's correct.
2  Q.   And you'll serve a regular rotation then
3  when you --
4  A.   Yes.  I should be back up for four weeks at
5  work when I go back.
6       MR. HALLORAN: Okay. I'm going to continue
7  this deposition at this time until we get a ruling
8  from the Court on the question that came up earlier,
9  and I'll be asking the Court for expedited
10 consideration so that we can reconvene this
11 deposition within the next week. That's it. We're
12 off record.
13      MR. COVELL: Well, I'd like to stay on
14 record for a minute, please. This is Thursday today,
15 right?
16      MR. HALLORAN: That's correct.
17      MR. COVELL: Okay. I'm available the rest
18 of today. I'm not going to be able to do any written
19 response to anything. I'm down here. I'm on leave.
20 You're here till next Wednesday; is that right?
21      THE WITNESS: Yeah, Wednesday midday.
22      MR. COVELL: You know, I'll do whatever I
23 can to accommodate this. I'm leaving town tonight or
24 tomorrow, and I don't have any objection to you
25 continuing this deposition for the purposes of

```
 1   answering questions about the subject that was
 2   raised, but if you've got any other subject matter,
 3   I'd like you to take care of that today, and that the
 4   continuation will be limited to questions concerning
 5   the subject matter the Court's going to rule on.
 6          MR. HALLORAN:  Well, I'm not going to enter
 7   into a stipulation to that effect.
 8          MR. COVELL:  Well, if there are other
 9   questions, then I'm going to object to them.  So I
10   guess we can get the Court to rule on that, as well.
11          You know, I'll do everything I can to
12   accommodate you, but I think it's impractical that
13   we're going to receive a decision on that in that
14   amount of time.
15          I'll be back in Fairbanks between Monday
16   and Thursday of next week.  I'll be in the office
17   probably Thursday, Friday, Monday, Tuesday, and then
18   I'm going to be out again till the 20th.  If it's
19   necessary, we could possibly do it by telephone,
20   whatever.  But that's my statement for the record,
21   and if you want to talk about it on or off the
22   record, I'm happy to do so.
23          MR. HALLORAN:  We're done.
24          (Deposition concluded at 11:50 a.m.)
25          (Signature reserved.)
```