Sean Halloran
Hartig Rhodes Hoge & Lekisch, P.C.
717 K Street
Anchorage, Alaska 99501
Phone: (907) 276-1592
Fax:   (907) 277-4352
mail@hartig.com

Attorneys for Teck Cominco Alaska Incorporated.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| GREGG CONITZ, )<br>)<br>  Plaintiffs, )<br>)<br>vs. )<br>)<br>TECK COMINCO ALASKA INC., and )<br>NANA REGIONAL CORPORATION, )<br>)<br>  Defendant. )<br>) | Case: 4:06-CV-00015 RRB |

STATE OF ALASKA        )
                       ) ss
THIRD JUDICIAL DISTRICT )

**AFFIDAVIT OF SEAN HALLORAN**

I, Sean Halloran, being first duly sworn, depose and aver as follows:

1.   I have personal knowledge of and am competent to testify to all facts set forth in this affidavit.

2.  I am an attorney at Hartig Rhodes Hoge & Lekisch, which serves as counsel to Teck Cominco Alaska Incorporated in the above captioned matter.

3.  I was outside of Alaska and/or away from my office for much of September. During this time, it was necessary for me to attend to matters arising from the death of my mother. I also attended my sister's wedding in Washington, DC, spent time vacationing back east with friends from Massachusetts and North Carolina, took time off work to add 1100 square feet to my house, and was required to spend considerable amounts of time attendant to other client matters that required immediate and substantial amounts of my time.

4.  Mr. Logan's letter at Docket 66-7 arrived in the mail at my office on September 24, which was the same day he set as a deadline to receive a response. Although I was in the office for part of that day, I was not present when the mail arrived, and did not receive that letter for several days afterward. Upon receiving that letter, I assigned an associate in my firm to review the case law that Mr. Logan cited, conduct appropriate research and prepare a draft response. The instant motion to compel was filed before such a response to the letter had been completed. When the motion was filed, I directed the associate attorney to not finalize his letter and instead convert his work into arguments that could be incorporated into an oppositon to the motion. If Mr. Logan or Mr. Covell had enquired prior to filing their motion, my staff would have advised them as to my unavailability in September and the fact that I had not received the letter until October.

5.  If Mr. Logan or Mr. Covell had conferred with me prior to filing their motion, I would have attempted to negotiate with them, to the end result that Teck Cominco would agree to answer some of the questions if they would acknowledge that others needn't be answered,

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

AFFIDAVIT OF SEAN HALLORAN  
*Adams et. al. v. Teck Cominco Alaska*, A04-00049 CV (JWS)

and if they would agree that Mr. Conitz has exceeded the allowable limit for interrogatories and should not propound any more to Teck Cominco.

6. I am aware that Teck Cominco has only one person working at Red Dog Mine who is a notary public, and that mine personnel are working to address that problem. When, as here, a plaintiff sends discovery requests that are unaccompanied by a proposed verification page, my staff prepares a verification page for the defendant to sign. On this occasion, my staff prepared and forwarded to Mr. Knapp a verification page that called for his signature to be notarized. Mr. Knapp was at Red Dog at that time, and as of that day and for the next several weeks, there was no notary available to him as a result of his and the notary's work schedules. Mr. Knapp informed my office that no notary was available when he returned the signed verification. Teck Cominco is happy to have Mr. Knapp re-sign the verification before a notary, and I would have informed Mr. Covell or Mr. Logan if either of them had enquired.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
SEAN HALLORAN

SUBSCRIBED AND SWORN TO before me this 22nd day of October, 2007, at Anchorage, Alaska.

STATE OF ALASKA
NOTARY PUBLIC
Katherine D. Daniel
My Commission Expires May 20, 2008

_____
Notary Public in and for Alaska
My Commission Expires: May 20, 2008

CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of September, 2007
a true and correct copy of the foregoing was served
on Kenneth Covell & Thomas Daniel by electronic
means through the ECF system as indicated on
the Notice of Electronic Filing.

_____
Hartig Rhodes Hoge & Lekisch PC

F:\Docs\62880\198\PLEADINGS\Sean Halloran AFF 10.22.07.doc

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

AFFIDAVIT OF SEAN HALLORAN
*Adams et. al. v. Teck Cominco Alaska*, A04-00049 CV (JWS)                                    Page 3 of 3