KENNETH L. COVELL
LAW OFFICE OF KENNETH L. COVELL
712 Eighth Avenue
Fairbanks, Alaska 99701
Phone: 907.452.4377
Fax: 907.451.7802
kcovell@gci.net

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREGG CONITZ, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| TECK COMINCO ALASKA, INC., | ) |
| | ) |
| Defendant | ) |
| _____ | ) Case No. 4:06-CV-00015 RRB |

## POINTS AND AUTHORITIES SUPPORTING REPLY TO OPPOSITION TO MOTION TO COMPEL DISCOVERY, COMPEL SIGNATURE UNDER OATH, AND TO EXPAND THE NUMBER OF PERMISSIBLE INTERROGATORIES

COMES NOW Plaintiff, Gregg Conitz, by and through counsel, THE LAW OFFICE OF KENNETH L. COVELL, and submits his Reply to the Opposition to his Motion To Compel Discovery Responses.

### Introduction

The solution to this discovery skirmish, based upon interpretation of the number of interrogatories represented by each individual interrogatory, is to require a response, permit added interrogatories, and provide some guidance to help the parties avoid future disagreement.

Conitz needs the information contained in the interrogatories he propounded. Counsel drafted the August 16 interrogatories with the intent to remain within the limits but seems to have miscounted by one interrogatory. Conitz asks this Court to examine the interrogatories and decide which side is missing the point and provide some guidance in order to help avoid these discovery conflicts in the future.

Although no Ninth Circuit authority was found, Ninth Circuit District Courts have said that courts generally agree that "interrogatory subparts are to be counted as one interrogatory . . . if they are **logically or factually subsumed within and necessarily related to the primary question.**"[1]

A persuasive treatise suggests that the preferred solution would be agreement among the parties. . . or **a court order allowing more questions.**[2] (emphasis added)

### The Interrogatories

On March 14, 2007 Conitz propounded one (1) interrogatory. (Exhibit 1)

---

[1] Safeco of *America v. Rawston*, 181 F.R.D. 441, 445 (C.D. Cal. 1998), *citing, Kendall v. GES Exposition Services*, 174 F.R.D. 684 (D. Nev. 1997); all cited in *Zamora v. D'Arrigo Bros. Co.*, 2006 U.S. Dist. LEXIS 21208 (D. Cal. 2006)(emphasis added)

[2] 8A, *Federal Practice & Procedure*, C. Wright, A. Miller & R. Marcus (2nd. Ed. 1994) at 261, and supplement to 2007)(FP&P)

On March 19, 2007 Conitz propounded two (2) interrogatories. (Exhibit 2)

On April 12, 2007 Conitz propounded either one (1) or two (2) interrogatories. (Exhibit 3) Counsel drafting the August interrogatories counted this as one (1) interrogatory and seems to have been mistaken.

On August 16, 2007 Conitz propounded twenty-one (21) interrogatories. (Exhibit 4)

Conitz intended the sub-parts to be part of the question. Teck is not likely to expand the number of interrogatories voluntarily since it just stopped answering when it reached what it determined to be 25 questions and never responded to counsel's letter, with included authority, seeking to resolve the issue. (Exhibit 5)[3]

### Otherwise Objectionable

Objections to individual interrogatories are usually included in the response. To conserve the Court's (and Conitz's) resources, Conitz will address this briefly.

Reports relating to the ethnicity, and other information about employees must be compiled and retained by law. 42 USC

---

[3]   Counsel tried to reach Teck's counsel by telephone and then faxed the letter to Teck's counsel. Counsel refuses to engage in "finger pointing."  The telephone works both ways and Teck's counsel could have called rather than Oppose.

§2000e – 8(c) and 29 USC §211(c) This information must be disclosed.

The lost file will be addressed in another motion, but these are records are required to be created and preserved by law. 29 CFR §1607.1 *et. seq.*

Conitz asked about the number of native shareholders of NANA and other demographic information. This information is better available to Teck than Conitz and much of it may be contained in the records and reports required of Teck.

Finally, Teck tries to characterize this as a case limited to competing qualifications. This case is about racial discrimination in the workplace, and not just about Conitz.

### Another 50 Interrogatories – Or Some Other Remedy

Counsel wants to stop fighting about discovery. An early question asked about "native" hire. The response seized upon the word "native" to avoid providing the information required because the interrogatory did not use the word "shareholder of the NANA corporation" instead. To obtain the information sought, counsel must repeat the question using the words Teck demands.

Teck complains that many of the interrogatory responses could be gleaned from the Initial Disclosures. Initial Disclosures are not responses, under oath, in response to questions put as required by FRCP 33.

Conitz invites any remedy that will permit him to obtain the information needed in this complex case without repeated trips down "discovery lane." Permitting another 50 interrogatories, with the proviso that misuse will result in sanctions, is one suggestion.

## Attempts To Withdraw

Counsel will not dwell on who attempted to resolve this matter appropriately. When telephone contact was impossible a letter, with authority, followed. (Exhibit 5) Telephones work both ways. Counsel is always open to suggestions that will advance the case without court intervention. A reasonable resolution would have meant withdrawing the motion.

## Signature Under Oath

The reason interrogatory answers must be under oath is that this becomes sworn evidence. Unsworn responses are no response at all. Counsel looks forward to the properly executed document and invites counsel to contact him if ever obtaining a notary is difficult for some reason. Open dates invite misunderstanding. A date by which the sworn response is due should be set, unless the Court's order moots the issue.

## REQUESTED REMEDY

Counsel is drafting the interrogatories to avoid providing an escape based upon restrictive interpretation of the question.

Conitz is not harassing Teck. The information requested is directly relevant, or calculated to lead to relevant, evidence.

Counsel invites the court to address this problem creatively and suggests the 50 added interrogatories as one solution.

The purpose of discovery is disclosure without undue oppression. Discovery battles may have tactical advantages and serve to limit the admissible evidence produced, but the days of trial by ambush are gone. Ordering the interrogatories answered is a beginning.

Setting a date for the notarized responses may be moot if the responses must be completed.

For all these reasons Conitz asks this court to order Teck to respond to the August interrogatories and do what it can to make further discovery battles unpalatable to either side.

DATED this 29th day of October, 2007 at Fairbanks, Alaska.

LAW OFFICES OF KENNETH L. COVELL
Attorney for the Plaintiff, Gregg Conitz

s/Kenneth L. Covell
712 8th Ave.
Fairbanks, AK 99701
Phone: 907.452.4377
Fax: 907.451.7802
E-mail: kcovell@gci.net
Attorney Bar #: 8611103

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing has been
Served electronically, via ECF to the following attorney(s):

Sean Halloran
Thomas M. Daniel – TDaniel@perkinscoie.com


Dated: 10/29/07


By:  /s/ Melissa Dick
         Melissa Dick for Kenneth L. Covell