LAW OFFICES OF
**KENNETH L. COVELL**
712 8TH AVENUE
FAIRBANKS, ALASKA 99701

KENNETH L. COVELL

PHONE (907) 452-4377
FAX (907) 451-7802

September 19, 2007

Mr. Sean Halloran
Hartig Rhodes Hoge & Lekisch, P.C.
717 K Street
Anchorage, AK 99501

RE: *Conitz v. Teck Cominco Alaska, Inc.*

Dear Mr. Halloran,

I want to address Teck's response to Plaintiff's 4/12/07 interrogatory. Tech has renumbered each bit of related information to assert that it is a separate interrogatory. I've seen this before and recognize it to be a tactical decision.

Before we file a Motion to Compel I want to try to resolve the matter short of motion practice, as is required by rule.

Only "discrete subparts" of an interrogatory can be considered separate interrogatories. The meaning of "discrete subparts" is undefined. Consider the following authority:

"It would appear that an interrogatory containing subparts directed at eliciting details concerning the common theme should be considered a single question, although the breadth of an area inquired about may be disputable. On the other hand, an interrogatory with subparts inquiring into discrete areas is more likely to be counted as more than one for purposes of the limitation."

8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2168.1, at 261 (2d ed. 1994)(emphasis added)

In *Clark v. Burlington Northern Railroad*, 112 F.R.D. 117, 120 (N.D. Miss. 1986) a court held that "an interrogatory is to be counted as but a single question for purposes of [our local rule], even though it may call for an answer containing several separate bits of information, if there is a direct relationship between the various bits of information called for. (emphasis added)

Exhibit 5  page 1 of 2

Although the term "discrete subparts" does not have a precise meaning, courts generally agree that "interrogatory subparts are to be counted as one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question." Safeco of America v. Rawston, 181 F.R.D. 441, 445 (C.D. Cal. 1998), citing Kendall v. GES Exposition Services, 174 F.R.D. 684 (D.Nev. 1997); all cited in Zamora v. D'Arrigo Bros. Co., 2006 U.S. Dist. LEXIS 21208 (D. Cal. 2006)(emphasis added)

Tech has tried to turn one interrogatory into 23 interrogatories and then use this unilateral enlargement to justify failure to answer added interrogatories in another discovery set. Tech can't do this.

Please respond to the added unanswered interrogatories by September 24th, 2007, or contact me to work out a stipulation for time for you to either bring a motion for a protective order or agree to answer the interrogatories on a date certain. Otherwise, I am left with no choice but to proceed by motion and seek the expense of the motion practice from your client.

Thank you for your time to analyze the correctness of our position and contact me about how to proceed.

Most sincerely,

Donald F. Logan

Exhibit 5   page 2  of 2