JASON P. BEATTY
LAW OFFICE OF JASON P. BEATTY
P.O. BOX 70301
FAIRBANKS, ALASKA 99707
PHONE: 907.978.4274
jason_bea@msn.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREGG CONITZ, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| TECK COMINCO ALASKA, INC., | ) |
| | ) |
| Defendant | ) |
| _____ | ) Case No. 4:06-CV-00015 RRB |

**EMERGENCY MOTION**
**POINTS AND AUTHORITIES SUPPORTINNG**
**NON-PARTY DEPONENT'S EMERGENCY MOTION FOR PROTECTIVE ORDER AND EMERGENCY MOTION TO QUASH SUBPOENA AND FOR ATTORNEY FEES AND COSTS REQUIRED TO BRING THIS MOTION.**

**COME NOW** the Non-Party Deponent, John Kells, by and through counsel, Jason P. Beatty, and moves this court to grant Non-Party's Deponent's Emergency Motion for Protective Order and Emergency Motion to Quash Subpoena on Expedited Consideration and Order Defendant to pay Attorney's Fees and Costs associated with bringing this motion.

## FACTS

Plaintiff deposed Non-Party Deponent Kells in Healy, Alaska on November 21st. The local courtroom had to be used because one of the parties' attorney decided to attend by telephone.

The courtroom closed at 4:30 p.m. but the clerk there allowed Mr. Halloran to continue his questions for some time thereafter. Simultaneously, Donald Logan, the attorney deposing Mr. Kells for Plaintiffs located an alternative place just across the street and set things up to immediately continue the deposition at that location. (Logan Declaration)

When faced with the need to actually complete the deposition counsel Halloran refused to participate claiming that he had to drive back to Anchorage and had meetings the following day. (Logan Declaration)

Mr. Daniels, for NANA corporation, declined to question until Mr. Halloran had finished. (Logan Declaration)

Having offered to continue the deposition and been rejected by the defendants the court reporter and counsel returned to Fairbanks. (Logan Declaration)

This non-party deponent has already been inconvenienced and subjected to a deposition which was concluded only because the defense refused to continue. Mr. Kells believes that before he

may be deposed further the Defendant must obtain leave of the court. [Federal Rule Civ. P.] 30(a)(2)(b).

Mr. Kells works days in Healy and will have to take two days off work and drive a round trip of approximately two hundred and forty miles to attend this proposed deposition. Moreover, the date of the deposition is just before Christmas and scheduling will be a problem for Mr. Kells. Mr. Kells claims this is an undue burden upon him. (Kells Declaration)

### Inability to Meet And Confer

[Federal Rule Civ. P.] 35.1 Requires the parties to meet and confer regarding examination of a witness. Plaintiffs are willing to do this deposition at Mr. Kells' convenience. (Logan D3eclaration).

I called Defendant's Counsel Mr. Halloran on December 13, 2007, to try to work this matter out and was unable to speak with Mr. Halloran. I was able to speak with his assistant Becky Lewis. Mrs. Lewis informed me that she would try to e-mail Mr. Halloran because he was out of state and did not have a cell phone.

I have left a voice message to discuss NANA's position with Mr. Daniels.

I was only retained on December 13, 2007, to represent the Mr. Kells and have been unable to reach Mr. Halloran Mr.

Daniels, personally or by telephone for the reasons set forth above.

Mr. Kells will not stipulate to this proposed deposition. I have been unable to confer with Defendants counsel nor has the Defendants counsel received "Leave from the Court" to depose Mr. Kells a second time. It is the Christmas holidays, Mr. Kells, will have to take off work two days and travel two hundred miles forty round trip from Healy to make the deposition. We don't know what the weather or road conditions will be this time of year and these actions are unreasonable. (Kells' Declaration)

## APPLICATION

Defendant has not received leave form the court for a second deposition as required by [Federal Rule Civ. P.] 30(a). Defendant TECK, is being unreasonable. Mr. Kells would be willing to be deposed at a later date in Healy. (Kell's Declaration) "Reasonable" means at very least that the lawyers call the deponent before setting depositions and sending subpoenas.

The Emergency Motion for Protective Order and Emergency Motion to Quash on Expedited Consideration must be grated and the Defendant must obtain leave of the Court before deposing Non-Party Deponent a second time.

## CONCLUSION

This deposition might be accomplished by negotiation if the parties were reasonable. My client, Mr. Kells, the deponent, has had no service of the subpoena yet. No one contacted Mr. Kells to see how his life would be affected. Leave of court is required for a second deposition absent agreement. Notice must be reasonable, which means at least consulting with the witness before setting the deposition. Forcing Mr. Kells to give up two days of work and drive 240 miles to be deposed is unreasonable.

For the foregoing reasons, Mr. Kell's asks this court to quash the subpoena and cancel the deposition until all involved can agree.

RESPECTFULLY SUBMITTED this 14th day of December, 2007 at Fairbanks, Alaska.

s/JASON P. BEATTY
P.O. BOX 70301
FAIRBANKS, ALASKA 99707
PHONE: 907.978.4274
jason_bea@msn.com
ATTORNEY FOR Non-Party Deponent
ABA NO. 0711066

**CERTIFICATE OF SERVICE**
This is to certify that a copy of the foregoing has been
Served electronically, via ECF to the following attorney(s):
Sean Halloran
Thomas M. Daniel – TDaniel@perkinscoie.com

Dated: 07/20/2007

By: _____/s/ Rene_____
          Rene    for Jason P. Beatty

*Conitz v. Teck Cominco,* Case No. 4:06-CV-00015 RRB
Points and Authorities Supporting Kells Request for a protective order.
Page 6 of 6