Sean Halloran
Hartig Rhodes Hoge & Lekisch, P.C.
717 K Street
Anchorage, Alaska 99501
Phone: (907) 276-1592
Fax: (907) 277-4352
mail@hartig.com

Attorneys for Teck Cominco Alaska Incorporated

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| Gregg Conitz,<br><br>            Plaintiff,<br><br>vs.<br><br>TECK COMINCO ALASKA, INC. and<br>NANA REGIONAL CORPORATION,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case: 4:06-CV-00015 RRB

## MOTION TO STRIKE CONITZ EXHIBITS

Teck Cominco moves to strike Exhibits 4, 5, 6, 9, and 10 to Mr. Conitz's Motion for Order of Rule of Law of the Case, filed at Docket 64. Documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment. *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987); *Bias v. Moynihan*, ___ F.3d ___, 2007 U.S. App Lexis 27526(9th Cir. 2007). The Federal Rules of Civil Procedure require that support for summary judgment motions be based on facts that would be admissible in evidence. Civil Rule 56(e) necessitates that "[a] supporting or opposing affidavit must be made on personal knowledge, set out facts that would be

admissible in evidence, and show that the affiant is competent to testify on the matters stated therein". [Fed.R.Civ.P. 56(e).] Thus, in accordance with the hearsay rule, documents must be authenticated and attached to a declaration wherein the declarant is the "'person through whom the exhibits could be admitted into evidence.'" *Bias v. Moynihan*, ___ Fed ___, 2007 U.S. App. LEXIS 27526, 2007 WL 4198211 (9th Cir. 2007), citing *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1551 (9th Cir. 1990).

A proper foundation has not been laid to authenticate Exhibits 4, 5, 6, 9, and 10 to Mr. Conitz's Motion for Order of Rule of Law of the Case. These exhibits are not supported by affidavits made on personal knowledge. The source of these documents is unknown and the content unverified. Because Exhibits 4, 5, 6, 9, and 10 to Mr. Conitz's Motion for Order of Rule of Law of the Case and the facts asserted therein quite simply do not satisfy the authenticity requirements of either the Evidence Rules or the Rules of Civil Procedure, these exhibits should be stricken from the record.

DATED at Anchorage, Alaska, this 24th day of January, 2008.

> HARTIG RHODES HOGE & LEKISCH PC
> Attorneys for Defendant
> Teck Cominco Alaska Incorporated.
>
> By: _____
> Sean Halloran

Certificate of Service

I hereby certify that on the 24 day of January, 2008 a true and correct copy of the foregoing was served on Kenneth Covell & Thomas Daniel by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

_____
Hartig Rhodes Hoge & Lekisch PC