Sean Halloran
Hartig Rhodes Hoge & Lekisch, P.C.
717 K Street
Anchorage, Alaska 99501
Phone: (907) 276-1592
Fax: (907) 277-4352
mail@hartig.com

Attorneys for Teck Cominco Alaska Incorporated

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| Gregg Conitz,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>TECK COMINCO ALASKA, INC. and<br>NANA REGIONAL CORPORATION,<br><br>　　　　　Defendants. | Case: 4:06-CV-00015 RRB |

**OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE
DUE DATE IN RESPONSE TO DEFENDANT
TECK COMINCO'S MOTION FOR SUMMARY JUDGMENT**

On the date that his opposition to Teck Cominco's summary judgment motion was due, Mr. Conitz requested a nearly four month extension of time to file any opposition he may make on the basis that it is "likely" that he may want to conduct some discovery. Teck Cominco assumes that Mr. Conitz's request is made pursuant to Civil Rule 56(f), although he does not specify as much. His request for additional time is not only unjustified but is also unjustifiable, and should be denied accordingly.

Before a ruling on summary judgment may be postponed pending further discovery, a Rule 56(f) movant is obligated to make three showings. First, he must provide a description of the particular discovery the movant intends to seek; second, he must explain how that discovery would preclude the entry of summary judgment; and third, he must justify why the requested discovery had not been or could not have been obtained earlier. See Tatum v. City of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006); Garrett v. City and County of San Francisco, 818 F.2d 1515, 1518 (9th Cir. 1987); Continental Maritime v. Pacific Coast Metal Trades District Council, 817 F.2d 1391, 1395 (9th Cir. 1987); Trask v. Franco, 446 F.3d 1036, 1042 (10th Cir. 2006); Adorno v. Crowley Towing & Transporation Co., 443 F.3d 122, 128 (1st Cir. 2006); Exigent Tech., Inc.v. Atrana Solutions, Inc., 442 F.3d 1301, 1310 (Fed. Cir. 2006); Baker v. American Airlines Inc., 430 F.3d 750, 756 (5th Cir. 2005). Mr. Conitz fails to meet any of these three criteria.

A.  **Conitz Failed To Identify Needed Discovery.**

According to Mr. Conitz, he is "likely" to want to conduct discovery "about many of the affiants" whose testimony was submitted in support of summary judgment. [Docket 112.] He gives no hint as to which affiants he may want to learn about, and he gives no hint as to what it is about them that he might want to know. "Rule 56(f) requires affidavits setting forth the particular facts expected from the movant's discovery." Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439 (9th Cir. 1986); California v. Campbell, 138 F.3d 772 (9th Cir. 1998). A failure to comply with this requirement "is a

proper ground for denying discovery and proceeding to summary judgment". Id. Mr. Conitz's motion should be denied accordingly.

### B. Conitz Failed To Show That Any Discovery Could Preclude Summary Judgment.

In moving a court to permit further discovery before ruling on a summary judgment motion, the burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment. Nidds v. Schindler Elevator Corp., 113 F.3d 912, 920 (9th Cir. 1996). Thus a court may grant a Rule 56(f) motion only "if the movant can show how allowing additional discovery would have precluded summary judgment", Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1026 (9th Cir. 2006).

Mr. Conitz has made no attempt to show how any discovery he might choose to conduct would preclude summary judgment. His request for additional time should therefore be denied.

### C. Conitz Has Not Been Diligent In Conducting Discovery.

A Rule 56(f) movant must verify that he has been diligent in pursuing discovery. Chance v. Pac-Tel Teletrac Inc., 242 F.3d 1151, 1161 n6 (9th Cir. 2001); Byrd v. Guess, 137 F.3d 1126, 1131 (9th Cir. 1998). Accordingly, a party that has failed to pursue discovery diligently is not entitled to obtain additional time for discovery. Frederick S. Wyle, P.C. v. Texaco, Inc., 764 F.2d 604, 612 (9th Cir. 1985.)

This case was filed in June 2006; more than a year and a half ago. In all the ensuing months, Mr. Conitz has taken only three depositions. Even when he knew that a

summary judgment motion was being prepared (the court may recall that it was Mr. Conitz who first reported to the court that Teck Cominco intended to file its summary judgment motion as soon as the Kells deposition was completed), Mr. Conitz, whose attorney approaches this case as a "hobby", made no effort to conduct any discovery. [See Halloran Affidavit. Exhibit 1] As a matter of law, Mr. Conitz is not now entitled to any additional time to respond to the pending summary judgment motion. His request should be denied accordingly.

DATED this 1st day of February, 2008.

By: _____
Sean Halloran

Certificate of Service

I hereby certify that on the 1st day of February, 2008 a true and correct copy of the foregoing was served on Kenneth Covell & Thomas Daniel by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

_____
Hartig Rhodes Hoge & Lekisch PC