Sean Halloran
Hartig Rhodes Hoge & Lekisch, P.C.
717 K Street
Anchorage, Alaska 99501
Phone: (907) 276-1592
Fax: (907) 277-4352
mail@hartig.com

Attorneys for Teck Cominco Alaska Incorporated

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| Gregg Conitz, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> TECK COMINCO ALASKA, INC. and ) <br> NANA REGIONAL CORPORATION, ) <br> ) <br> Defendants. ) <br> _____) | Case: 4:06-CV-00015 RRB |

AFFIDAVIT OF SEAN HALLORAN

I, Sean Halloran, being first duly sworn, depose and aver as follows:

1. I have personal knowledge of and am competent to testify to all facts set forth in this affidavit.

2. I am an attorney at Hartig Rhodes Hoge & Lekisch, PC, which serves as counsel to Teck Cominco Alaska Incorporated in the above captioned matter.

3. On December 12, 2007, this court granted Mr. Conitz the right to propound 26 additional interrogatories to Teck Cominco. As of this date, no additional discovery requests have been received from the plaintiff.

4. The only depositions taken in this case by the plaintiff are those of Mr. Zigarlick, Mr. Somers, and Mr. Kells. Mr. Zigarlick's deposition encompassed a full day. Mr. Kells' deposition was only noticed after Mr. Kells agreed with plaintiffs counsel that he should be deposed instead of providing an affidavit in support of Teck Cominco's summary judgment motion.

5. Over the past year or more, I have repeatedly offered to make Mr. Scott available for a deposition in this case, and on more than one occasion have provided information on his scheduling and availability to plaintiff's counsel. The plaintiff has made no effort to notice a deposition of Mr. Scott.

6. Mr. Baker and Mr. Hanna are both referenced in the plaintiff's Complaint. I informed Mr. Covell on June 20, 2007 that if he wished to take Mr. Baker's deposition, Mr. Baker is no longer an employee of Teck Cominco, but works for another mining company and is a resident of Nome. At the same time, I provided Mr. Covell with scheduling and availability information regarding Mr. Hanna for the period of June through August 2007 if Mr. Covell wanted to take his deposition. Mr. Covell made no attempt to notice a deposition for either of those individuals.

7. On the afternoon of January 29, 2008, the day that Mr. Conitz's opposition to Teck Cominco's summary judgment motion was due, I received a fax letter from Mr. Covell in which he asked "when and where might all the witnesses you submitted affidavits for with your motion for summary judgment be reasonably available for depositions?" Attached to that letter was a list naming myself, Mr. Zigarlick, Mr. Scott, Mr. Baker, Mr. Hanna, Mr. Draper, and the four individuals that process mail for Teck Cominco as persons that Mr. Covell wishes to depose. I am aware of no reason

why I could legitimately be deposed in this case. As mentioned above, Mr. Zigarlick has already been deposed in this case by Mr. Covell.

8. Mr. Draper is referenced in the plaintiff's Complaint. In checking my files, I can find no instance where Mr. Covell ever requested that Mr. Draper be made available for a deposition prior to the letter sent to me on January 29, 2008.

9. The Complaint asserts that someone opened mail addressed to Mr. Conitz on two specific occasions. In checking my files, I can find no instance where Mr. Covell ever requested that any of the Teck Cominco employees who theoretically could have opened Mr. Conitz's mail be made available for a deposition prior to the letter sent to me on January 29, 2008.

10. If Mr. Conitz rreceives as extension to oppose the pending summary judgment motion, Teck Cominco will be prejudiced. I am scheduled to participate in a trial spanning 12 weeks that will commence on May 19, as I have previously reported to plaintiff's counsel and this court. Most of my time in April and early May will be consumed in the trial preparation, and Judge Sedwick has ordered that I may not schedule any conflicting matters through October 1, 2008. Mr. Covell has indicated that he is willing to take any depositions that he may ultimately desire only in the week of April 7, with the exception of April 10 or 11. Even if it is assumed that witnesses could all be available that week, and even if it is assumed that logistics could be coordinated for taking depositions in Vancouver (Mr. Scott), Nome (Mr. Baker) Anchorage (Ms. Outwater, Ms. McNeal, Ms. Holbrook, Ms. Radakovich and MR. Hanna) and where ever it is that Mr. Draper resides, it would be difficult or impossible for Teck Cominco Counsel to participate, and may require that discovery be extended for a year or more. I

am aware that Mr. Conitz reports he is "not really in any rush" to get this case resolved, and that his attorney treats this matter as "a hobby case" [See Exhibit1] it would be patently unfair to Teck Cominco to require this case to drag out for an additional year or more when the relevant facts are before the court now.

    11.    Exhibit 1 is a true and correct copy of correspondence from Mr. Conitz to Mr. Kells as produced by Mr. Kells in his deposition.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Sean Halloran

SUBSCRIBED AND SWORN TO before me this 1st day of February, 2008, at Anchorage, Alaska.

_____
Notary Public in and for Alaska
My Commission Expires: 1-9-2012

CERTIFICATE OF SERVICE

I certify that on the 1st day of February, 2008,
a true and correct copy of the foregoing was
served on Kenneth Covell & Thomas Daniel by
electronic means through the ECF system as
indicated on the Notice of Electronic Filing.

_____
Becky Lewis

AFFIDAVIT OF SEAN HALLORAN                                    Page 4of 4
*Conitz v. Teck Cominco*    4:06-CV-00015 RRB