Sean Halloran
Hartig Rhodes Hoge & Lekisch, P.C.
717 K Street
Anchorage, Alaska 99501
Phone: (907) 276-1592
Fax: (907) 277-4352
mail@hartig.com

Attorneys for Teck Cominco Alaska Incorporated

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| Gregg Conitz, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TECK COMINCO ALASKA, INC. and )<br>NANA REGIONAL CORPORATION, )<br>)<br>Defendants. )<br>) | Case: 4:06-CV-00015 RRB |

## TECK COMINCO'S OPPOSITION TO MOTION AT DOCKET 116

At Docket 116, the plaintiff seeks three different extensions of time to file papers with the court. As to each, Teck Cominco is opposed.

1. **The Request For Additional Time To File a Late Reply To The Docket 115 Opposition To Motion For Extension Of Time Should Be Denied.**

Teck Cominco filed a summary judgment motion on January 14, 2008. On the date that his opposition was due to be filed, the plaintiff moved the

court to allow him to wait until May to respond, asserting it was "likely" that he would want to conduct discovery. Teck Cominco opposed that motion, pointing out that his Rule 56(f) request was both unjustified and unsupported by any affidavit. Any reply that the plaintiff may have wanted to file to Teck Cominco's opposition would have been due on February 13. The plaintiff allowed that due date to come and go without filing anything with the court. The plaintiff now asks the court to allow him until March 7 to file a belated reply to his motion for more time. His request should be denied.

The plaintiff may not permissibly use his reply to supply the arguments and evidence that were lacking in his motion. Unless he is going to assert that Rule 56 does not require that his motion identify the discovery that he seeks, show how that discovery would preclude summary judgment, and be supported by testimony showing that the evidence could not have been obtained earlier, as was asserted by Teck Cominco in its opposition, any reply that the plaintiff may wish to make could easily have been drafted in a very short time. Plaintiff's counsel is assisted by other attorneys in this case. There is no justification as to why one of those attorneys could not have drafted a reply by the deadline, and there is no justification for coming to the court after the deadline has run seeking even more time to prepare one. The only purpose served by the plaintiff's request for more time is that it effectively delays any consideration of the contested Rule 56(f) motion, and thereby advances the plaintiff's goal of delaying a ruling on Teck Cominco's

summary judgment motion. The instant motion should be denied accordingly.

## 2. The Request For Additional Time To File a Late Opposition To The Docket 105 Motion To Strike Should Be Denied.

Teck Cominco moved to strike certain exhibits that Mr. Conitz had filed with the court in support of his motion for "rule of law" on the basis that theere was no affidavit or other testimony authenticating the documents and/or their contents. According to Mr. Conitz, any opposition that he may have wanted to file was due on February 8. Teck Cominco believes that his opposition was actually due three days later, on the 11th. Either way, however, the plaintiff allowed the due date to come and go without filing anything with the court. Once again, the plaintiff now asks the court to allow him until March 7 to file a belated opposition to the motion to strike.

The only legitimate basis for opposing the motion to strike would be if the exhibits at issue are somehow self authenticating, that the evidence rules do not require authentication, or that the plaintiff is somehow excused from adhering to the rules governing both civil procedure and evidence in this court. It is hardly likely that the plaintiff could make any of those arguments in good faith. There is no showing as to why any opposition that the plaintiff wishes to make could not have been timely drafted by one of the attorneys working on his behalf, and there is no justification offered for approaching

the court well after the opposition was due to request even more time to prepare one. The motion should be denied accordingly.

### 3. The Request For Yet More Additional Time To Reply To The Docket 104 and Docket 106 Oppositions To Motion For Rule Of Law Should Be Denied.

Mr. Conitz moved the court to establish a "rule of law" in this case. Teck Cominco and NANA each opposed that motion. Mr. Conitz in turn requested that he be given either an unlimited extension or until February 22 to file his reply. Both NANA and Teck Cominco informed the court that they had no objection to an extension until February 22. Teck Cominco made clear that it was opposed to giving Mr. Conitz additional time beyond February 22. Mr. Conitz now asks that he be given until March 7 to file his replies, despite his stated expectation that they will be ready by February 22. Where Mr. Conitz has an uncontested motion pending to extend his due date to the 22nd of February, the court should grant that motion and deny his newest request for even more time.

Mr. Conitz has done everything he can to drag this case out for as long as possible.[1] Teck Cominco and its counsel (and also NANA) will soon be involved in a months-long trial[2] that will preclude them from attending to this case in any significant way through the duration of that trial. The

---

[1] As shown at Docket 115-3, this is a "hobby case" for plaintiff's counsel.

[2] <u>Adams, et.al. v. Teck Cominco et. al.</u>, A04-00049 CV (JWS).

extensions that the plaintiff seeks seem designed only to ensure that this case drags on into 2009 and perhaps beyond. Delaying the inevitable, however, will not change it. The court should deny the instant motion, and recognize that Teck Cominco's pending summary judgment motion is ripe for consideration.

DATED this 19th day of February, 2008.

HARTIG RHODES HOGE & LEKISCH, PC
Counsel for Teck Cominco Alaska Incorporated

By: _____
Sean Halloran

Certificate of Service

I hereby certify that on the19th day of February, 2008
a true and correct copy of the foregoing was served
on Kenneth Covell & Thomas Daniel by electronic
means through the ECF system as indicated on the
Notice of Electronic Filing.

_____
Hartig Rhodes, Hoge & Lekisch PC