KENNETH L. COVELL
LAW OFFICE OF KENNETH L. COVELL
712 Eighth Avenue
Fairbanks, Alaska 99701
Phone: 907.452.4377
Fax: 907.451.7802
kcovell@gci.net

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREGG CONITZ, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| TECK COMINCO ALASKA, INC., | ) |
| | ) |
| Defendant | ) |
| _____ ) | Case No. 4:06-CV-00015 RRB |

## REPLY TO OPPOSITION TO PLAINTIFFS MOTION TO CONTINUE DUE DATE IN RESPONSE TO DEFENDANT TECK'S MOTION FOR SUMMARY JUDGMENT

Granting of a continuance pursuant to Rule 56 for discovery on a summary judgment motion is within the sound discretion of the trial court *California v. Campbell* 138 F.3d 772(9th Cir.1998). Rule 56(f)states; "Should it appear from the affidavits from a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the parties opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or

*Conitz v. Tack Cominco,* Case No. 4:06-CV-00015 RRB
Reply to Opposition to Plaintiff's Motion to Continue Due Date in Response to
Defendant Teck's Motion for Summary Judgment
Page 1 of 9

depositions to be taken or discovery to be had or may make other

order as is just." FRCP 56(f)

Defendant Teck Comico filed an approximately 23 page motion

for summary judgment, with attachments and exhibits bringing the

total to perhaps 100 pages.  Additionally there are 10 affidavits

with the motion for summary judgment.

Besides the fact that Plaintiff Conitz needs time to conduct

discovery, Plaintiff needs to meet with counsel in person and

discuss the matter.  Unfortunately with Mr. Conitz's four week on

two week off schedule, the likelihood of this may not come about

until April.    In any event a continuance until April is

appropriate.

Teck's motion for summary judgment raises a number of

interesting, novel and unique ideas and thoughts.  First the motion

states as a matter of fact that Mr. Conitz has no claim because he,

Mr. Baker and Mr. Hanna are all North Americans and therefore there

is no race or national origin discrimination.  (It is well known in

this litigation that both Mr. Baker and Mr. Hanna are Alaska

Natives and NANA Shareholders.)

Second the motion states that Mr. Conitz was not

qualified for the positions he applied and those who were hired

were qualified for the positions and therefore there is no issue of

material fact because of defendant's affidavits.  Yet, defendants

*Conitz v. Tack Cominco,* Case No. 4:06-CV-00015 RRB
Reply to Opposition to Plaintiff's Motion to Continue Due Date in Response to
Defendant Teck's Motion for Summary Judgment

acknowledge, on Page 15 of their motion, that indeed Mr. John Kells a supervisory employee at the mine; who was assigned to evaluate the potential candidates for one of the jobs, found Mr. Conitz to be most qualified.  They then go on into a legal defense saying even if this raises a material fact, that discriminating in favor of Alaska Natives is a political discrimination and not racial or national origin discrimination.  And further that if it is not a political discrimination; that Teck can discriminate on the basis of shareholder status pursuant to 43 USC 1626(g), which states that when an ANCSA corporation owns 25% of the equity of an entity, the entity can have a hiring preference.  Lastly, they state there should be *Chevron* deference given to an informal resolution, of an Alaska State Commission of Human Rights file; known as Pankowski.

Mr. Conitz works up north at the mine.  Mr. Conitz is currently up north at the mine, and will not get back until the 20th of February, 2008.

I am concerned about attempting to contact Mr. Conitz at the mine because communications at the mine are controlled by the mine, and all communication goes through the hands of and equipment of Defendant Teck.  Additionally Mr. Conitz is working day shifts of approximately twelve hours a day, seven days a week.  I hope to confer with Mr. Conitz during the week of February 25th on this matter; however, I currently have a murder trial in State Court

*Conitz v. Tack Cominco,* Case No. 4:06-CV-00015 RRB
Reply to Opposition to Plaintiff's Motion to Continue Due Date in Response to
Defendant Teck's Motion for Summary Judgment

scheduled for State v. Curtis Johnson, for that time.  Mr. Conitz then leaves on March 5th to go to work back at the mine for another four weeks.  Mr. Conitz does not return to Anchorage until Wednesday, April 2, 2008.  If we are to take depositions in this matter it would be my hope to take them during the week of April 7th, 2008.  I may be making a trip out of the jurisdiction sometime during that week.  The next time Mr. Conitz is in town would be approximately the 14th-28th of May, 2008 leaving the week of May 19th, 2008 as a possible week for depositions.

Fact issues present themselves that need to be explored in this matter.

First of all the claim that all the candidates for the jobs are North Americans, and therefore there all of the same class and there can be no racial discrimination is weak. However, since the defense has raised this issue, plaintiff desires to develop these facts.  Plaintiff may develop these facts through written discovery and/or through depositions.  Mr. Hanna is understood to be in Northwest Alaska somewhere and his deposition might be taken while Mr. Conitz is at the mine.  Other depositions might be taken up at the mine as well.  However, it is not known when Mr. Hanna is available and what his work schedule is and whether or not arrangements can be made with other counsel for such deposition to take place.

*Conitz v. Tack Cominco,* Case No. 4:06-CV-00015 RRB
Reply to Opposition to Plaintiff's Motion to Continue Due Date in Response to
Defendant Teck's Motion for Summary Judgment
Page 4 of 9

(Counsel had left the continuance date open in hopes that he had response from defendants counsel Mr. Halloran, an attempt to begin to possibly arrange some depositions or discovery in this matter, including Mr. Scott who is in Vancouver, British Columbia. No communication has been had from defendants counsel Mr. Halloran to date; rather the opposition to the motion was filed.)

**MATERIAL FACT AS TO QUALIFICATION FOR THE JOB**

On page fifteen defendants seem to concede that Mr. Kells' depositions creates a question of material fact about whether or not Mr. Conitz was most qualified for the job. Nonetheless they seem to be asking for summary judgment even though they acknowledge a dispute of material fact. In any event Mr. Scott's deposition is submitted in support of the motion in this regard. Mr. Scott was the general manager of the mine during much of the time in question and submits an affidavit concerning his knowledge of date of hire, preferences, and qualifications of Mr. Conitz. No FRCP 26(a) disclosure has ever been given concerning Mr. Scott. There have been prior attempts to try to arrange a mutually available time to take Mr. Scott's deposition, but this has never reached fruition. Counsel may ask the court to order defendant to produce Mr. Scott for deposition in the United States. In any event it is likely necessary to depose Mr. Scott before an appropriate response to the motion can be made.

*Conitz v. Tack Cominco,* Case No. 4:06-CV-00015 RRB
Reply to Opposition to Plaintiff's Motion to Continue Due Date in Response to
Defendant Teck's Motion for Summary Judgment

**ANCSA**

Defendants claim that discrimination on the basis of shareholder status is political discrimination and therefore permissible racial or national origin discrimination. This defense is for the first time introduced in this motion. Defendant needs to conduct discovery both paper and otherwise as to what basis this assertion is made upon.

**43 USC 1626(g)**

Defendants assert that the Teck Cominco mine is now a joint venture with NANA Regional Corporation.

This is a rather remarkable assertion on the part of the defendants. The parties have litigated discovery of the operating agreement made between NANA and Teck, and defendants have sought to keep that agreement secret. The court has ordered production of parts of it. It would appear now that with this assertion being made that NANA and Teck should divulge all operating agreements between the parties. It would appear for the purposes of this motion and for the purposes of the pending motion for order of rule of law that the burden would be upon Teck and NANA to demonstrate that this indeed a "joint venture". However, in any event this novel proposition of a joint venture is the first that has been heard in this case. Plaintiff needs an opportunity to explore this both in written

*Conitz v. Tack Cominco,* Case No. 4:06-CV-00015 RRB
Reply to Opposition to Plaintiff's Motion to Continue Due Date in Response to
Defendant Teck's Motion for Summary Judgment
Page 6 of 9

discovery; and likely revisiting the issue concerning production

of the operating agreement and other agreements between NANA and

Teck and to otherwise discover this purported factual basis for

a defense to defendants claim.

Additionally the statue requires that the ANCSA Corporation

own 25% of the equity of the other entity.  There has been no

such demonstration; and once again that burden ought to be on

the plaintiff, nonetheless in order to raise material fact in

that regard discovery likely will need to be conducted.

Lastly, defendants indicate that there should be *Chevron*

deference to some paperwork from The Alaska State Human Rights

Commission.  Discovery needs to be conducted from Defendant Teck

as to there documents, paperwork and knowledge in regard to this

matter.

These are the more lengthy reasons why a continuance is

requested.  The length of the continuance will be dependant on

conducting significant discovery in the case.  Mainly the issues

in which discovery needs to be conducted are raised for the

first time by defendants motion.  Plaintiff had hoped to have a

more comprehensive suggestion to the court as to when

continuance was necessary to based upon some response from

defendant concerning the availability of witnesses for

depositions.  The more critical issues to work out are when and

*Conitz v. Tack Cominco,* Case No. 4:06-CV-00015 RRB
Reply to Opposition to Plaintiff's Motion to Continue Due Date in Response to
Defendant Teck's Motion for Summary Judgment

Page 7 of 9

where Mr. Scott might be available and whether Mr. Conitz can be available as well as Mr. Halloran and Mr. Daniels.

We all have busy lives and busy practices.  I understand if Mr. Halloran is tied up in a trial. The undersigned counsel certainly does not want to see this matter drag on and on but, if it really has to be held off until September or whenever than maybe that is what has to be done.  In the alternative Teck could use an associate on the case.  Frankly the undersigned counsel believes that once the court decides plaintiff's Motion for Order of Rule of Law many of the issues in Defendant Teck's Motion for Summary Judgment will become inconsequential, and the defendants will focus on the importance of that issue.  However, for the time being, nonetheless, the continuance needs to be requested and granted.

If the defendants want a date for filing the opposition to the motion for summary judgment it can be set for the end of April; April 30th.  Should more time be necessary as the situation develops a further motion can be filed.

### CONCLUSION

For all the foregoing reasons the continuance should be granted.

*Conitz v. Tack Cominco,* Case No. 4:06-CV-00015 RRB
Reply to Opposition to Plaintiff's Motion to Continue Due Date in Response to
Defendant Teck's Motion for Summary Judgment
Page 8 of 9

Respectfully submitted this 22nd day of February, 2008 at

Fairbanks, Alaska.


                              LAW OFFICES OF KENNETH L. COVELL
                              Attorney for Plaintiff, Gregg Conitz


                                          s/Kenneth L. Covell
                                               712 8th Ave.
                                          Fairbanks, AK 99701
                                          Phone:  907.452.4377
                                            Fax:  907.451.7802
                                          E-mail:  kcovell@gci.net
                                          Attorney Bar #:  8611103


**CERTIFICATE OF SERVICE**
This is to certify that a copy of the foregoing has been
Served electronically, via ECF to the following attorney(s):
**Sean Halloran**
**Thomas M. Daniel – TDaniel@perkinscoie.com**
Dated: 02/22/2007
By:        /s/ Renee Kimble
        Renee Kimble for Kenneth L. Covell


*Conitz v. Tack Cominco,* Case No. 4:06-CV-00015 RRB
Reply to Opposition to Plaintiff's Motion to Continue Due Date in Response to
Defendant Teck's Motion for Summary Judgment