KENNETH L. COVELL
LAW OFFICE OF KENNETH L. COVELL
712 Eighth Avenue
Fairbanks, Alaska 99701
Phone:    907.452.4377
Fax: 907.451.7802
kcovell@gci.net

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| GREGG CONITZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| TECK COMINCO ALASKA, INC., | ) |
| | ) |
| Defendant, | ) |
| | ) |
| vs. | ) |
| | ) |
| NANA REGIONAL CORPORATION | ) |
| | ) |
| Intervenor | ) |

Case No.   4:06-CV-00015 RRB

## SPOLIATION

## POINTS AND AUTHORITIES SUPPORTING CONITZ'S MOTION FOR DISMISSAL OR TO ESTABLISH A PRESUMPTION OF FAVORABLE CONTENT BECAUSE DEFENDANT TECK COMINCO HAS FAILED TO CREATE OR HAS LOST OR DESTROYED A CRITICAL FILE IN THIS CASE

**Facts:** On March 24, 2006, counsel for Teck Cominco Alaska, Inc. (Teck) wrote to Plaintiff's counsel and said that a file prepared in conjunction with Ted Zargalick's review of the various applicants for the position for which Conitz claims he

was discriminated against could not be found in its Human Resources office. (Exhibit 1)

Mr. Sommers of the Teck Human Resources department testified at his deposition that the supervisor file had "gone missing." Mr. Sommers estimated the chances of it still existing as "50/50.) Sommers Depo:, page 62 (Exhibit 2)

Ted Zagarlick, who supposedly made the hiring decision, testified at his deposition that he took no notes of his conversations with Mr. Kells who was involved in the advancement decision. Zigarlick Depo: page at 185, lines 3 - 8)(Exhibit 3) Mr. Zigarlick admitted at his deposition that the selection process has improved over the years with a more formal protocol. Zigarlick Depo: page at 187, lines 9 - 20)(Exhibit 3)

42USC §2000e-8(c) requires every employer to keep records relevant to whether unlawful employment practices have been or are being committed.

**Summary:** Keeping records of the employment decisions here in question was legally required. Teck's counsel admitted there was a file that had been lost. The Human Resources person at Tech testified that he was aware that the supervisor file had "gone missing." Mr. Zigarlick testified that he took no notes and there was no file. Mr. Zigarlick further testified that Teck has recently improved its record keeping.

The evidence unambiguously shows that evidence critical to Conitz either existed and was lost or destroyed, or was not kept, which was a violation of law.

Conitz submits that failure to keep a legally required record, or the loss of one, equals spoliation.

**Spoliation Law:**  The seminal case is *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337 (9th Cir. 1995)  In that case the District Court dismissed in favor of *Natural Beverage.* A dismissal is permissible pursuant to the court's inherent power and Rule 37. *Anheuser-Busch*, 69 F.3d at 348. Willful spoliation occurs if a party has notice that potentially relevant documents are destroyed (or not created as required by law. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) Before imposing the harsh sanction of dismissal, the district court must weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Dismissal is also appropriate where no sanction can cure the prejudice. *State Farm Fire & Cas. Co. v. Broan Mfg. Co.*, 523 F. Supp. 2d 992, 998 (D. Ariz. 2007), *citing, Unigard Sec. Ins.*

*Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992)

**Discussion:**

Conitz is prejudiced because the file, if made as required or kept if made, would go far toward resolving what really happened at the meeting that resulted in his being passed over for a NANA shareholder who was a Native Alaskan. A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case. *Anheuser-Busch*, 69 F.3d at 353-354. A party is prejudiced when a party's refusal to provide certain documents "forces the opponent to rely on incomplete and spotty evidence" at trial. *Leon v. IDX Sys. Corp.*, 464 F.3d 951 at 959. It is **appropriate to presume** that where documents relevant to the merits of the litigation have been concealed the deception casts doubt on the concealing party's case. *Anheuser-Busch*, 69 F.3d at 354(emphasis added).

Applying the various possible remedies to this case leads to dismissal for several reasons. Dismissal can be a sanction for spoliation and the evidence supports the inference that spoliation occurred. Dismissal can also remedy a violation of law requiring the making and retention of records of employment decisions.

> Under Title VII, employers are required to "make and keep such records relevant to the determinations of whether unlawful employment practices have been or are being committed." 42 U.S.C. § 2000e-8(c). The EEOC's record keeping regulations require that employers retain applications and other documents related to hiring for one year. 29 C.F.R. § 1602.14. Additionally, if a charge of discrimination has been filed, an employer is required to retain all relevant personnel records until the final disposition of the charge.

*See e.g., EEOC v. Target Corp.*, 460 F.3d 946, 954 (7th Cir. 2006).

**Conclusion:**

Conitz has made out his *prima* facie case.[1] No matter what the sanction, be it outright dismissal of Teck's defense; exclusion of evidence contradicting Conitz's position and evidence about what happened at the meeting among Kells, Zigarlick and Scott; or establishing a presumption that the evidence in the unmade or lost file would have been favorable to Conitz, the result is the same. Teck will be unable to carry its burden to demonstrate a legitimate non-discriminatory reason for its action. If Teck cannot carry this burden, then disposition favoring Conitz follows as a matter of course. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)

---

[1] The defendant(s) acknowledge Conitz has made out a *prima* facia case by apparently shifting their defense from claiming no shareholder/ racial preference was used to claiming that shareholder racial preference is a legitimate preference to exercise in one form or another. Teck acknowledges at page 15 of its Motion for Summary Judgment that Mr. Kells' testimony makes out Conitz' *prima* facia case and acknowledges that it would creates a triable issue of fact. Relevant portions of Kells' testimony are attached here as exhibit 4, pages 1 thru 36.

DATED this 12th day of March, 2008 at Fairbanks, Alaska.

LAW OFFICES OF KENNETH L. COVELL
Attorney for the Plaintiff

/s/Kenneth L. Covell
712 8th Ave.
Fairbanks, AK 99701
Phone:  907.452.4377
Fax:  907.451.7802
E-mail:  kcovell@gci.net
Attorney Bar #:  8611103

**CERTIFICATE OF SERVICE**
This is to certify that a copy of the foregoing has been
Served electronically, via ECF to the following attorney(s):

**Sean Halloran**
**Thomas M. Daniel**

Dated: 03/12/08
By: /s/ Kenneth L. Covell
        Kenneth L. Covell