Sean Halloran
Hartig Rhodes Hoge & Lekisch, P.C.
717 K Street
Anchorage, Alaska 99501
Phone: (907) 276-1592
Fax: (907) 277-4352
mail@hartig.com

Attorneys for Teck Cominco Alaska Incorporated

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| Gregg Conitz,<br><br>      Plaintiff,<br><br>vs.<br><br>TECK COMINCO ALASKA, INC. and<br>NANA REGIONAL CORPORATION,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case: 4:06-CV-00015 RRB |

TECK COMINCO'S MOTION TO STRIKE

    Teck Cominco moves to strike pages 5 through 44 of Exhibit A and pages 4 through 42 of Exhibit B to Mr. Conitz's Supplemental Pleading Concerning Authenticity of Exhibits 4, 5, 6, 9, and 10 filed March 12, 2008. Teck Cominco also moves to strike paragraphs 4, 5, 7, 9, 10, 11, and 12 of Ms. Ripple's affidavit; paragraphs 3 and 4 of Mr. Keber's affidavit; and paragraphs 4-7 of Mr. Covell's affidavit. Mr. Conitz's Supplemental Pleading continues to not authenticate these Exhibits, and the selected portions of the affidavits do not comply

with the Federal Rules of Evidence, therefore these exhibits and affidavits should be stricken from the record.

It is error to rely on a document lacking a proper foundation. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1551 (9th Cir. 1989). Emily Starr Ripple, Patrick Keber, and Kenneth L. Covell all lack the necessary specialized knowledge to authenticate the exhibits at issue. *See id.* They did not prepare or post the websites or the websites' contents, nor did they explain in their affidavits where the websites or websites' contents originated through any technical analysis. *Cf. Id.* Conitz has again failed to lay a proper foundation to admit these exhibits and they must be struck from the record.

The Court's March 4, 2008 Minute Order gave Mr. Conitz until March 14, 2008 to "(1) further explain which exhibits came from where and when; and (2) establish whether the exhibits are 'business records.'" This opportunity indicates why pages 5 through 44 of Exhibit A and pages 4 through 42 of Exhibit B, previously filed as Exhibits 4, 5, 6, 9, and 10, should not be admitted: Conitz has failed to identify the declarant of the statements he seeks to admit through these Exhibits.

In asking the Court to admit a statement, the party submitting the statement bears the burden of identifying the person who makes the statement. Conitz has not identified the declarant of the statements offered into evidence in Exhibits 4, 5, 6, 9, and 10. The Federal Rules of Evidence are construed to secure fairness in administration, to eliminate unjustifiable expense and delay, and to promote the growth and development of the law of evidence to the end that the truth may be ascertained and proceedings justly determined. [FRE 102.] In the interest of justice, a plaintiff must identify the party making a statement

offered into evidence so that the defendant may defend against that party's assertions. Conitz' Supplemental Pleading fails to authenticate where and when Exhibits 4, 5, 6, 9, and 10 came from. Without a declarant identified, such submissions cannot be admitted because the Court cannot then identify if the Exhibits are admissible as an exception to hearsay or are not hearsay.

Federal Rule of Evidence 901 addresses the requirement of authentication or identification:

> (a) General provision. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
>
> (b) Illustrations. By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:
>
> (1) Testimony of witness with knowledge. Testimony that a matter *is* what it is claimed to be.

[Emphasis added.] Mr. Conitz attempts to meet this condition precedent by offering the testimony of Emily Starr Ripple, Patrick Keber, and Kenneth L. Covell. In his Supplemental Pleading, Mr. Covell testifies in support of the web address he offers of each document that "I expect it would be likely that Ms. Ripple, myself and Mr.Keber or just about any other witness would say they found these documents at these locations and they *appear* to be what they propose to be." [Docket 126 at 3 (emphasis added).] To admit these documents, however, Conitz must meet the requirements in the Federal Rules of Evidence. Conitz bears the burden of proving not just that each document and its contents *appears* to be what he proposes them to be, but that each document and its contents *are* what he proposes them to

be. [*See supra* FRE 901.] To identify the *declarant* of the statements found in the websites to the extent sufficient to support a finding that the matter in question is what its proponent claims, Conitz must show that both the website documents and their contents qualify for admissibility under the Rules of Federal Evidence.

The burden of proof Conitz faces is described in *Boim v. Holy Land Found. For Relief and Dev.*, 511 F.3d 707 (7th Cir. 2007). Although the rules of evidence do not limit what type of information an expert may rely upon in reaching his opinion, the court in *Boim* required an expert witness to lay out in greater detail, "the basis for his conclusion that these websites are in fact controlled by Hamas and that the postings he cites can reasonably and reliably be attributed to Hamas" so that the hearsay rule not be circumvented. *Boim v. Holy Land Found. For Relief and Dev.*, 511 F.3d 707, 753 (7th Cir. 2007). In considering information found on websites, the court explained:

> Such postings would not be admissible into evidence for their truth absent proper authentication, and this would typically require some type of proof that the postings were actually made by the individual or organization to which they are being attributed--in this case, Hamas--as opposed to others with access to the website. *United States v. Jackson*, 208 F.3d 633, 638 (7th Cir. 2000); see also *Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 555 (D. Md. 2007). Paz's declaration identifies the websites from which he quotes as ones controlled by Hamas, but it does not describe the basis for his conclusion, and consequently his declaration does not permit any independent assessment of the purported links between these sites and Hamas and the source of the postings that he recounts.
> . . .
> [A] judge must take care that the expert is not being used as a vehicle for circumventing the rule against hearsay. *In re James Wilson Assocs.*, 965 F.2d 160, 173 (7th Cir. 1992). Where, as here, the expert appears to be relying to a great extent on web postings to establish a particular fact, and where as a result the factfinder would be unable to evaluate the soundness of his conclusion without hearing the evidence he relied on, we believe the expert must lay out,

in greater detail than [the expert] did, the basis for his conclusion that these websites are in fact controlled by Hamas and that the postings he cites can reasonably and reliably be attributed to Hamas.

*Boim v. Holy Land Found. For Relief and Dev.*, 511 F.3d 707, 753 (7th Cir. 2007).

Pages 5 through 44 of Exhibit A and pages 4 through 42 of Exhibit B to Mr. Conitz's Supplemental Pleading Concerning Authenticity of Exhibits 4, 5, 6, 9, and 10 quite simply contains hearsay within hearsay and fail to meet the requirements of FRE 805. To allow statements made on these webpages to be admitted for the truth of the matter asserted would create dangerous precedent. Conitz has failed to show that an exception exists to the first layer of hearsay (identifying the publisher of each webpage). Conitz has not even attempted to identify the declarant of the statements appearing on each webpage (the second layer of hearsay).[1] Rather, Conitz relies on the idea that because the names of the websites all "*seem* to contain the name NANA" therefore they "all would *seem* to be sponsored by NANA," [Docket 126 at 2 (emphasis added)], and therefore they all *are* sponsored by NANA and all of the statements found on each website were made by NANA. Such a syllogism shows a naive understanding of the internet and a lack of respect for the Federal Rules of Evidence.

Conitz consistently offers insufficient evidence as to *how* Mr. Keber ascertained that "three of the five *appear* to be sponsored by NANA Regional Corporation," or how he could

---

[1] Recent changes to the Wikipedia website which made posters of statements identifiable, illustrates the value in identifying the source of the second layer of hearsay. Here the need for identification is greater, however, because a great injustice is served if a statement made on a website is admitted in a trial as a statement against a party's interest when the author of the statement remains unidentified.

narrow the "publisher of the web pages of exhibits 4 and 6, between NANA Regional Corporation and NANA Development Corporation [Docket 128 ¶¶ 3, 4 (emphasis added).] Additionally, no basis is given as to how Mr. Keber "was able to establish what *appeared* to be the publishing dates of those websites." [Docket 128 ¶ 3 (emphasis added).] Such conclusive statements are exemplary of the opinions found in Paragraphs 7 and 11 of Ms. Ripple's affidavit and Paragraph 5 & 6 of Mr. Covell's affidavit. Mr. Keber only offers as a basis for his knowledge that "all the websites have NANA in the title." [Docket 128 ¶ 4.] The Federal Rules of Evidence, and cases such as *Boim*, direct against the admission of such opinion testimony.[2]

None of Conitz's affiants claim to have any personal, technical, or specialized knowledge as to who actually controlled the websites and if the postings therein can reasonably and reliably be attributed as Conitz argues. [FRE 602, 701.] Federal Rule of Evidence 602 requires that "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Emily Starr Ripple, Patrick Keber, and Kenneth L. Covell do not profess to have first-hand experience as to who actually published each webpage and made postings to them. Nor are they offered, or qualified, as experts having specialized knowledge of computers or the inner-workings of web pages, such as web page management or web page authentication. Ms. Ripple is identified as a paralegal, legal secretary, and office manager employed by the

---

[2] Regardless of if they are stricken from the record, such testimony consistently fails to meet the burden of FRE 901(b)(1) allowing authentication by "[t]estimony that a matter *is* what it is claimed to be." Each affiant always qualifies his or her statement with qualifiers such as "appears" or "seems."

TECK's Motion to Strike            Page 6 of 8
*Conitz v. Teck Cominco*
4:06-CV-00015 RRB

Law Office of Kenneth L. Covell from May 2006 to August 2007. [Docket 118-2 ¶ 1.] Patrick M. Keber is identified as someone eighteen years of age or older. [Docket 128 ¶ 1.] Thus, Paragraphs 7 and 11 of Ms. Ripple's affidavit, Paragraphs 3 and 4 of Mr. Keber's affidavit, and Paragraphs 5 and 6 Mr. Covell's affidavit contain conclusive statements of opinion that should be stricken from the record.

Mr. Covell and Ms. Ripple also claim that because the defendant did not previously object to the submission of these documents that they therefore must be admissible. [Docket 126 at 3; Docket 118-2 ¶10.] It is Conitz, not the defendant, who bears the burden of proof, however, and the defendants have no obligation to rebut facts that the plaintiffs have yet to establish with admissible evidence. *Boim v. Holy Land Found. For Relief and Dev.*, 511 F.3d 707, 755 (7th Cir. 2007) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158, 160, 90 S. Ct. 1598, 1609-10 (1970); *Am. Nurses' Ass'n v. Ill.*, 783 F.2d 716, 729 (7th Cir. 1986)). As a result paragraph 7 of Mr. Covell's affidavit and paragraphs 9 and 10 of Ms. Ripple's affidavit should be stricken from the record as irrelevant.

Paragraphs 4 and 5 of Ms. Ripple's affidavit contain legal opinions. Not only is Ms. Ripple unqualified to give legal advice, but the correct place for legal arguments made on Conitz's behalf are in his motions. These paragraphs should be stricken.

A review of Exhibits 4, 5, 6, 9, and 10 indicates that Ms. Ripple perjures herself in paragraph 12 of her affidavit. Each exhibit does not contain the website address from which it was obtained. Paragraph 12 of Ms. Ripple's affidavit should be stricken from the record. Additionally, paragraph 4 of Mr. Covell's affidavit should be stricken from the record. Not only is this statement hearsay, but it directly conflicts with Mr. Keber's affidavit.

Pages 5 through 44 of Exhibit A and pages 4 through 42 of Exhibit B to Mr. Conitz's Supplemental Pleading Concerning Authenticity of Exhibits 4, 5, 6, 9, and 10 filed March 12, 2008 should be stricken because, as with Exhibits 4, 5, 6, 9, and 10 to Docket 64, Conitz has not authenticated the source of these documents. The statements in these documents cannot be admitted without an identified declarant because to do so would allow unfair prejudice, mislead the trier of facts, and would create dangerous precedent.

Conitz's has already wasted the time of everyone involved in this litigation and has created undue delay in this trial process by attempting to submit unauthenticated documents. The interest of fairness which underlies the Federal Rules of Evidence must be upheld. For the reasons given above, the law requires pages 5 through 44 of Exhibit A and pages 4 through 42 of Exhibit B to Mr. Conitz's Supplemental Pleading, and paragraphs 4, 5, 7, 9, 10, 11, and 12 of Ms. Ripple's affidavit, paragraphs 3 and 4 of Mr. Keber's affidavit, and paragraphs 4 and 7 of Mr. Covell's affidavit to be struck from the record.

DATED this 14th day of March, 2008.

HARTIG RHODES HOGE & LEKISCH PC
Attorneys for Defendant
Teck Cominco Alaska Incorporated.

By: _____
Catherine Rogers

Certificate of Service

I hereby certify that on the 14th day of March, 2008 a true and correct copy of the foregoing was served on Kenneth Covell & Thomas Daniel by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

_____
Hartig Rhodes Hoge & Lekisch PC