Sean Halloran
Hartig Rhodes Hoge & Lekisch, P.C.
717 K Street
Anchorage, Alaska 99501
Phone: (907) 276-1592
Fax: (907) 277-4352
mail@hartig.com

Attorneys for Teck Cominco Alaska Incorporated

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| Gregg Conitz,<br><br>    Plaintiff,<br><br>vs.<br><br>TECK COMINCO ALASKA, INC. and<br>NANA REGIONAL CORPORATION,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case: 4:06-CV-00015 RRB |

STATE OF ALASKA        )
                       ) ss
THIRD JUDICIAL DISTRICT )

### AFFIDAVIT OF SEAN HALLORAN

I, Sean Halloran, being first duly sworn, depose and aver as follows:

1.     I am an attorney in the law firm of Hartig Rhodes Hoge & Lekisch, P.C. My firm has been retained by Teck Cominco Alaska Incorporated, defendant in the above captioned case, to represent it. I have personal knowledge of and am competent to testify to all facts set forth in this affidavit.

2.     I am aware that Mr. Conitz has asserted that his Exhibit 1 at Docket 125-3 is a letter that I "wrote to plaintiff's counsel". [Docket 125-2 at 1.] In fact, it is a one page excerpt of a seven page letter that I wrote to F. Frances Palmer of the United States EEOC. At the time that I wrote it, I was under the impression that Mr. Conitz had made a complaint to the EEOC regarding Teck Cominco's decision to not promote him to the position of supervisor effective April 1, 2005. In response to that letter, I was notified by the EEOC that Mr. Conitz had clarified that his EEOC complaint addressed only the mobile equipment trainer position (he referenced it as a "Mine Operations Trainer" position) into which he was not hired effective May, 2005. A true and correct copy of my March 24 letter to Ms. Palmer is attached as Exhibit A. A true and correct copy of the letter I received in response is attached as Exhibit B.

3.     The letter attached as Exhibit A, along with all documents referenced within it, was produced to Mr. Conitz as part of Teck Cominco's initial disclosures in this case, as was a comparable letter and set of documents pertaining to the mobile equipment trainer position that is at issue in this litigation. Numerous other documents have also been produced in this litigation that arguably pertain to

the decision to not promote Mr. Conitz to the supervisor position in April, 2005 and/or the decision to not award Mr. Conitz the mobile equipment trainer position in May, 2005.

4. Teck Cominco was first notified of the claims asserted in this case on July 3, 2006.

5. The identity of the various individuals who were applicants for the supervisor position that Mr. Conitz sought and that is addressed by this litigation has been repeatedly disclosed to the plaintiff in this litigation. To the best of my knowledge, the identities of those individuals is not an issue that is being contested by any party, and, with the exception of the successful candidate and the plaintiff, it has not ever been suggested to me that their identities are considered relevant to the claims that have been asserted by Mr. Conitz.

6. My normal hourly rate, and the rate at which Teck Cominco compensates my firm for my services, is $275 per hour. That rate is reasonable and within the range of rates customarily charged by attorneys in Anchorage having my skills and experience. I devoted 3.8 hours to the preparation of this opposition, including reading the motion, contacting Mr. Covell and asking him to withdraw the motion, reading the cases cited within the motion and researching the statute relied upon by the plaintiff, conferring with my client and drafting the opposition

and this affidavit. Accordingly, the total cost to Teck Cominco for addressing the motion at bar is $1,045.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
SEAN HALLORAN

SUBSCRIBED AND SWORN TO before me this 26th day of March, 2008, at Anchorage, Alaska.

_____
Notary Public in and for Alaska
My Commission Expires: 01-09-2012

