KENNETH L. COVELL
LAW OFFICE OF KENNETH L. COVELL
712 Eighth Avenue
Fairbanks, Alaska 99701
Phone: 907.452.4377
Fax:    907.451.7802
kcovell@gci.net

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREGG CONITZ,                        )<br>                                                )<br>                  Plaintiff            )<br>                                                )<br>     vs.                                       )<br>                                                )<br>TECK COMINCO ALASKA, INC.,    )<br>                                                )<br>                  Defendant,         )<br>                                                )<br>and NANA Corporation,              )<br>                                                )<br>                  Intervenor.         )<br>_____) | Case No. 4:06-CV-00015 RRB |

## SUPPLEMENTAL PLEADING CONCERNING MOTION FOR ORDER OF RULE OF LAW OF THE CASE

To the extent that preferential wages, hours, and job assignments are tied to ownership of the Company's stock, the shareholder preference plan violates Title VII because the plan's effect is to discriminate against [plaintiffs] with respect to [their] compensation, terms, conditions, or privileges of employment because of [their] race, color, . . . or national origin.

*Bonilla v. Oakland Scavenger Company* 697 F.2d 1297, 1303-1304 (9th Cir. 1982).

This is controlling Ninth Circuit authority and dictates the court's ruling on this matter. The only hope for escape that Teck has, is to say that Teck does not fall under the gamet of Title VII. Teck asserts that it is exempt from Title VII pursuant to 42 USCA 1626(g).; by asserting it is a joint venture, in which NANA Corp. owns not less than "25 per centum of the equity", such claim is simply not true.

The Court has asked plaintiff why *Aleman v. Chugach Support Services, Inc.* 485 F.3d 206 (4th Cir. 2007) does not favor Teck's position. *Aleman* does not favor Teck for two reasons. One, Teck is not a Native Corporation; nor is it, a joint venture or other entity of which a Native Corporation owns "25 per centum of the equity". Even if Teck were exempt under 1626(g), it would not be exempt under 42 U.S.C. § 1981, and Title 18 of the Alaska Statutes, the Alaska Human Rights Act.

Either way, *Aleman* does not protect Teck from the finding that any preference in favor of NANA shareholders is illegal under applicable anti-discrimination law.

## DISCUSSION

This matter has been extensively briefed and Conitz refers the court to his "Reply To Oppositions To Plaintiff's Motion For Order Of Rule Of Law Of The Case Filed At Docket 64", filed by plaintiff at Docket 123. The purpose of this pleading is to respond to the court's comments at the status conference of May 15, 2008. There the court questioned the applicability of *Aleman* to the present case. The court indicated it would then rule on the legality of any NANA shareholder preference, at the Teck Cominco Mine.

## TECK IS NOT NANA

The question of whether or not Chugach Support Services qualified under 1626(g) was not addressed in the text of that case; however it appears that Chugach Support Services is either a Native Corporation or an entity that the Corporation owns at least "25 per centum of the equity". Another case that addressed the 25 per centum question, was *Pratt v. Chenega Integrated Systems*

2007 WL 2177335 (N.D.Cal. 2007).  In that matter, the court noted "here Chenega provided documentation that demonstrates it is at least 25% owned by a Native Corporation, Chenega Corp, and Pratt does not contest this status. (Suppl. Austin Decl., Ex. 4 at 4.)" *Chenega* at p.3.  The issue there, was discussed and uncontested.

Plaintiff notes that both Chugach Support Services and Chenega Integrated Systems have the base, or root name, of a Native Corporation in their name.  Plainly Teck does not.  As previously discussed in plaintiff's Reply at p.10-12 (Docket 123) including citations provided to the materials therein, shows that the business agreement between Teck and NANA is that of a lease.  Congress drew the line in the sand in 42 U.S.C. 1626(g), in authorizing discrimination on the basis of shareholder status at a 25% ownership.[1]  The court and the parties know that NANA does now own "25 per centum of the equity" of Teck; because were it so, the defendant would have by now plainly stated such, and produced unflappable documentation thereof.  The absence of such evidence, were it to exist; which would easily be within the access of defendants and its counsel, precludes the necessity of further discussion of the evidentiary issue.

Without the 1626(g) exemption Teck is subject to Title VII, *Oakland Scavenger* controls the applicability of the rule of law concerning company's with fifteen or greater employees; that give employment preferences to one class of employees over another class of employees, based upon their ownership of stock which can only be obtained if the employees are of the "correct" ancestry.  The burden would be on the company to demonstrate a legitimate and overriding business consideration justifying its actions.  See *Oakland Scavenger*.

> To meet this burden, the company points to an allegedly superior interest in protecting and providing for members of the immediate families of the founder's of the company.  But Title VII case law has from the beginning made clear that nepotistic concerns cannot supersede the nation's paramount goal of equal economic opportunity for all.  *Oakland Scavenger* at p.1301.

---

[1] The wisdom and constitutionality of such statute is left for another day.

## EVEN IF THEY WIN THEY LOSE

Even if the court were to say that Teck did qualify for the 1626(g) exemption, *Aleman* makes clear that the 1626(g) exemption in no way preempts 42 U.S.C. Sec.1981; and therefore even if there is a Title VII exemption, Conitz's 1981 action would survive. Thus the Court would still be compelled to rule in Conitz's favor concerning the illegality of a NANA shareholder preference at the Teck Cominco Mine. (See discussion of Title VII exclusion *Aleman* p.4-6.)

Nor would a finding of the 1626(g) exemption preclude an action under Title 18 of the Alaska Statues, the Alaska Human Rights Act. See *Malbed v. North Slope Borough* 335 F.3d 864, 870-873 (9th Cir. 2003)

The same result would obtain whether or not Teck was incorrectly exempted under 1626(g). The court would order that as a matter of law that any NANA shareholder preference at the Teck Mine violates civil rights laws, including 42 U.S.C. Sec. 1981, and Title 18 of the Alaska Statues.

## WARDLE AND OTHER CASES

*Aleman* says that the 10th Circuit in *Wardle v Ute Indian Tribe* 623 F.2d 670-673 (10th Cir. 1980) said that Indian Tribes were exempt from suit for discriminatory discharge under Sec. 1981. *Wardle* is short and does not intricately discuss the matter of preemption of the 1981 action, by Title VII. Arguably, the language attributed to *Wardle* in *Aleman* decision isn't there. But if the language is, the explanation can be found in the court dealing with an Indian Tribe, as opposed to an Alaska Native Corporation. Additionally, any such ruling is contrary to both *Aleman,* and more importantly, the controlling authority of *Malabed*. The controlling 9th Circuit authority of *Malabed* indicates an exception from Title VII, does not preclude action under other state and federal civil rights laws (as discussed above).

A good example of a case of this nature is *Penobscot Nation v. Fellencer,* 999 F.Supp. 120 (D.Me. 1998), where a public health nurse brought a discrimination claim against the Penobscot Nation. Under the unique Maine Federal Indian Law, the court found that the Penobscot Nation was not exempt under Title VII or the Maine Human Rights Act. In a similar type case *Wampanoag Tribe of Gay Head (Aquinnah) v. Massachusetts Commission Against Discrimination,* 63 F.Supp.2d 119 (D.Mass. 1999), the court noted there that the distinction between the Massachusetts Native Settlement Act from the Maine Settlement Act. At page 6, the court noted that Congress has no problem abrogating immunity concerning Indian Tribes. The lesson here is that Congress would indeed have provided an immunity solely from Title VII by enacting 42 U.S.C. 1626(g); Congress has no problem including or excluding immunity, and if Congress had desired to have the immunity extend to state and local laws it could easily have said so, and did not.

## CONCLUSION

It is the overriding public policy of the United States, and all of the individual states that there will be equal economic opportunity in employment. One does not have to be a lawyer to know this. Should an employer impose some racial preference in employment, a person of common sense, would put it to the employer as to why there should be some exception to the rule. Defendants state it is because they did business with a Native Corporation. This is not enough. If I have a coffee stand and sell coffee to a native corporation, am I entitled, or even compelled, to discriminate in favor of natives or shareholders in my business?

If I have a building and rent space in the building, or lease, to a native corporation then, am I entitled, or even required to, discriminate in favor of natives or shareholders (the shares of which can only be obtained based upon ancestry).

Teck's proposition in this matter stretches credulity. Congress chose to draw a line in the sand at "25 per centum of the equity". Teck and NANA are in the position to bring forth any such

proof and have failed to do so. (Particularly if the court has prohibited discovery by plaintiff of this nature). The Court must follow the dictates of *Bonilla v Oakland Scavenger Company*, and rule as matter of law that any preference for NANA shareholders in employment at Teck Cominco Mine is illegal; and in violation of Title VII, 42 U.S.C. Sec. 1981, and Title 18 of the Alaska Statues, the Alaska Human Rights Act.

Respectfully submitted this 5th day of June, 2008 at Fairbanks, Alaska.

LAW OFFICES OF KENNETH L. COVELL
Attorney for Plaintiff, Gregg Conitz

s/Kenneth L. Covell
712 8th Ave.
Fairbanks, AK 99701
Phone: 907.452.4377
Fax: 907.451.7802
E-mail: kcovell@gci.net
Attorney Bar #: 8611103

**CERTIFICATE OF SERVICE**
This is to certify that a copy of the foregoing has been
Served electronically, via ECF to the following attorney(s):

Sean Halloran
Thomas M. Daniel – TDaniel@perkinscoie.com
Gregg Conitz

Dated:
By: _____
    && for Kenneth L. Covell