Thomas M. Daniel, Alaska Bar No. 8601003
TDaniel@perkinscoie.com
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
Telephone: 907.279.8561
Facsimile: 907.276.3108

Attorneys for Defendant/Intervenor
NANA Regional Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREGG CONITZ,<br><br>      Plaintiff,<br><br>v.<br><br>TECK COMINCO ALASKA, INC.,<br><br>      Defendant,<br><br>and<br><br>NANA REGIONAL CORPORATION,<br><br>      Defendant/Intervenor. | Case No. 4:06-cv-00015-RRB |

**INTERVENOR NANA'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL PLEADING CONCERNING MOTION FOR RULE OF LAW REGARDING SHAREHOLDER PREFERENCE**

Plaintiff has filed a supplemental pleading per the Court's minute order of May 16, 2008 (Docket No. 140) addressing the lawfulness of Teck Cominco's preference in employment for shareholders of NANA Regional Corporation. Plaintiff argues that the exemption in Title VII of the Civil Rights Act of 1964 for Alaska

Native corporations and joint ventures in which a Native corporation owns a 25% equity interest is not applicable to Teck Cominco Alaska. The issue of whether Teck Cominco Alaska's relationship with NANA Regional Corporation qualifies as a joint venture within the meaning of 42 U.S.C. § 1626(g), was fully addressed by Teck Cominco in its motion for summary judgment dated January 14, 2008, (Docket No. 91) at 17-22.

Plaintiff also argues that even assuming the exemption in Title VII for Native corporations is applicable to Teck Cominco Alaska, the shareholder preference nevertheless is unlawful under 42 U.S. C.§1981 and the Alaska Human Rights Act, AS 18.80.220, because those statutes do not include an exemption for Native corporations or their joint venturers. Even if plaintiff is correct, his challenge to the shareholder preference fails for the reasons articulated in *Intervenor NANA Regional Corporation's Opposition to Plaintiff's Motion for Rule of Law Regarding Shareholder Preference Policy and Cross-Motion for Summary Judgment* (filed January 24, 2008, Docket No. 106). The reasons, briefly stated, are (1) the shareholder preference is an economic preference -- not a racial preference, (2) the disparate impact theory of discrimination on which Plaintiff principally relies is not applicable to the shareholder preference policy because the preference does not disadvantage a historically disfavored group, and (3) even if the Court views the shareholder preference as a race-based policy, it is nevertheless lawful under court decisions approving voluntary affirmative action plans. The Court is referred to Intervenor NANA's opposition brief for further explanation of these arguments.

Accordingly, NANA's Cross-Motion for Summary Judgment should be granted and plaintiff's claims should be dismissed.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DATED: June 12, 2008.

        s/ Thomas M. Daniel, Alaska Bar No. 8601003
        TDaniel@perkinscoie.com
        Perkins Coie LLP
        1029 West Third Avenue, Suite 300
        Anchorage, AK  99501-1981
        Telephone:  907.279.8561
        Facsimile:  907.276.3108

        Attorneys for Defendant/Intervenor
        NANA Regional Corporation

The undersigned hereby certifies that a true and correct copy of the foregoing document is being electronically served on Sean Halloran and Kenneth Covell this 12th day of June, 2008.

s/Thomas M. Daniel

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

NANA'S RESPONSE TO SUPPLEMENTAL PLEADING
CONITZ V. TECK COMINCO
CASE NO. 4:06-CV-00015-RRB
Page 3 of 3
18531-0014/LEGAL14364912.1