IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| GREGG CONITZ,<br>Plaintiff,<br>vs.<br>TECK COMINCO ALASKA, INC.,<br>Defendant,<br>and<br>NANA REGIONAL CORPORATION,<br>Defendant/Intervenor. | Case No. 4:06-cv-0015-RRB<br><br>**ORDER REGARDING PENDING MOTIONS** |
| --- | --- |

Plaintiff Gregg Conitz ("Plaintiff"), an employee of Teck Cominco Alaska, Inc. ("Teck Cominco"), alleges that he was turned down for two separate promotions because of Teck Cominco's hiring preference for NANA Regional Corp. ("NANA") shareholders. Plaintiff, who is not a NANA shareholder, argues that this shareholder hiring preference is a "surrogate" or "proxy" for race

and therefore illegal under state and federal anti-discrimination law.[1]

To assert a claim for discrimination and retaliation under federal and state law, a plaintiff-employee must first establish a prima facie case that sets forth facts which raise an inference of discrimination. Only after Plaintiff establishes a prima facie case does the burden shift to the employer to articulate some legitimate nondiscriminatory reason for the employee's rejection.[2]

To establish a prima facie case "the complainant must show that (1) the complainant belongs to a protected class; (2) the complainant applied for and was qualified for a job for which the employer was seeking applications; (3) the complainant was rejected despite the complainant's qualifications; and (4) after the complainant's rejection, the position remained open and the employer continued seeking applications from persons with the complainant's qualifications."[3] "[I]f an employer has not left the disputed position open, and has instead hired someone else, the fourth element of the prima facie case is the hiring of an

---

[1] See 42 U.S.C. § 2000e, et seq. (Title VII); 42 U.S.C. § 1981; Alaska Stat. § 18.80.220.

[2] See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Brown v. Wood, 575 P.2d 760, 770 (Alaska 1978).

[3] Raad v. Alaska State Comm'n for Human Rights, 86 P.3d 899, 904 (Alaska 2004).

individual not within the same protected class as the complainant."[4]

Plaintiff's discrimination and retaliations claims necessarily fail because Plaintiff has not demonstrated that he was qualified for the training and supervisory positions which he sought. Plaintiff therefore fails to establish elements 2 and 3 of the prima facie case. Indeed, the evidence shows that Plaintiff has a poor safety record, little leadership and supervisory experience, and no formal training as a trainer.[5] Additionally, the evidence shows that the individuals who were ultimately selected for the positions were more qualified than both Plaintiff and all other applicants.

Because Plaintiff has not established a prima facie case of discrimination, the burden does not shift to Teck Cominco to demonstrate legitimate nondiscriminatory reasons for not promoting Plaintiff. Even so, Teck Cominco's policy of hiring the most qualified applicants and its concern regarding Plaintiff's poor safety record are both legitimate and nondiscriminatory and do not appear to be pretexts for discrimination. When a hiring or firing

---

4 Id.

5 See, e.g., Docket 91 at 3-4, 12-14; Docket 142 at 4.

decision is based upon a lack of proper qualifications, the decision is legitimate and nondiscriminatory as a matter of law.[6]

Further, even if Teck Cominco's explanations were pretextual, application of the shareholder hiring preference is not prohibited by law because it is based on the permissible distinction of shareholder status rather than race.[7] Not all Natives are NANA shareholders and not all NANA shareholders are Alaska Natives. A non-Native can become a NANA shareholder through marriage, adoption, or inheritance, and counsel for NANA avers that at least 65 of NANA's 11,655 current shareholders fall into this category.[8] Thus, Plaintiff's claim that the shareholder hiring preference is a "surrogate" or "proxy" for race is incorrect.

Because Plaintiff has not established a prima facie case, and because the shareholder hiring preference is based on a permissible distinction, the Court need not consider whether 43 U.S.C. § 1626(g) exempts Teck Cominco from the state and federal anti-discrimination laws upon which this suit is based.[9]

---

[6] See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1282 (9th Cir. 2000); Sakeller v. Lockheed Missiles & Space Co., 765 F.2d 1453, 1456 (9th Cir. 1985).

[7] See Morton v. Mancari, 417 U.S. 535, 554 n.24 (1974); Doe v. Kamehameha Sch./Bernice Pauahi, 470 F.3d 827, 850-51, 56-57 (9th Cir. 2006) (W. Fletcher, concurring); Alaska Chapter, Assoc. Gen. Contractors, Inc. v. Pierce, 694 F.2d 1162, 1168-69 n.10 (9th Cir. 1982).

[8] Docket 106 at 4.

[9] See supra note 1.

Finally, regarding Plaintiff's claim that Teck Cominco employees invaded Plaintiff's privacy by opening his personal mail which he had forwarded to his work address, the Court finds that Plaintiff has presented no evidence to support his claim that mail addressed to him was intentionally opened or read. Without evidence of intentionality, Plaintiff has no claim.[10]

The Court therefore concludes that Teck Cominco is entitled to summary judgment on all claims presented by Plaintiff. Accordingly, Teck Cominco's Motion at **Docket 91** is **GRANTED**, all other pending motions are DENIED as moot, and this matter is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

ENTERED this 21st day of July, 2008.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

[10] See Greywolf v. Carroll, 151 P.3d 1234, 1244-45 (Alaska 2007); Walmart v. Stewart, 990 P.2d 626, 632 (Alaska 1999).