Sean Halloran
Hartig Rhodes Hoge & Lekisch, P.C.
717 K Street
Anchorage, Alaska 99501
Phone: (907) 276-1592
Fax: (907) 277-4352
mail@hartig.com

Attorneys for Teck Cominco Alaska Incorporated

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| Gregg Conitz,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TECK COMINCO ALASKA, INC. and<br>NANA REGIONAL CORPORATION,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　Case: 4:06-CV-00015 RRB<br>) |

## MOTION FOR ORDER TO DISGORGE FEES
## OBTAINED THROUGH MISREPRESENTATION

In December, 2007, witness John Kells appeared through counsel Jason Beatty with a motion to quash the continuation of his deposition and to reimburse Mr. Kells for his attorney fees. Mr. Kells' counsel asserted that his client incurred two hours of attorney fees at $175 per hour relative to the preparation of his motion. [Exhibit 1 at 13, 19.] The court ordered the deposition to go forward the

following week and then took up Mr. Kells' request to be reimbursed. The court specifically asked Mr. Beatty whether "you are not a party to the litigation? you just represent the client, right?" [Exhibit 1 at 13.] Mr. Beatty affirmatively represented that he represented only Mr. Kells. [Id.] The court also asked attorney Logan whether he represented Mr. Kells in addition to the plaintiff, to which no suggestion was made contrary to Mr. Beatty's representation. [Id. at 16.] Ultimately, the court ordered that Mr. Kells should be made whole by requiring Mr. Conitz and Teck Cominco to each pay $175 to Mr. Beatty. [Id. at 19.]

At Mr. Kells' continued deposition, he revealed that plaintiff's counsel Don Logan contacted him shortly after the notice of the continued deposition was issued and offered that if the continued deposition "is something that you don't want, there is an attorney that we can hook you up with who can help get this waived." [Kells depo. at 146.] Mr. Logan then arranged for Mr. Beatty to represent Mr. Kells. [Id.] Mr. Kells met with Mr. Beatty in attorney Covell's office, where Mr. Beatty works as an intern for plaintiff's counsel. [Id. at 145.] Mr. Kells further volunteered that the cost of Mr. Beatty's representation was only $1.

Teck Cominco paid $175 to Mr. Beaty in compliance with the court's order. [Exhibit 2.] However, the order requiring Teck Cominco to pay a portion of Mr. Kells' attorney fees was obtained through intentional misrepresentation. The attorneys involved in representing Mr. Kells and the plaintiff misrepresented their relationship to this court, and affirmatively misrepresented the amount of the fee

that was charged to Mr. Kells.[1] Where the total fee was only $1, and not the $350 that was falsely reported to the court, Teck Cominco should not have been made to pay $175 to an attorney who was surreptitiously working for the plaintiff. Plaintiff's counsel, including Mr. Beatty, should be required to disgorge the $175 that was paid by Teck Cominco as a direct and proximate result of their misrepresentation.

DATED this 29th day of July, 2008.

By: _____
Sean Halloran

Certificate of Service

I hereby certify that on the 29th day of July, 2008
a true and correct copy of the foregoing was served
on Kenneth Covell & Thomas Daniel by electronic
means through the ECF system as indicated on the
Notice of Electronic Filing.

_____
Hartig Rhodes Hoge & Lekisch PC

---

[1] Mr. Logan also failed to be candid with the court when, in his supporting declaration, he falsely asserted that he had sought to "immediately" reconvene the deposition across the street when the parties were required to vacate the Healy courthouse. In fact, he wanted to take an hour and forty five minute break before reconvening. [Kells depo. at 106-107.] Teck Cominco believes that the true purpose of the motion to quash was an attempt to inconvenience Teck Cominco counsel by forcing the deposition to be continued in Healy, knowing that Teck Cominco would be required to incur more than $2,700 in fees over and above the cost of attending in Fairbanks. [See Exhibit 1 at 17.]