Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

GREGG CONITZ,                    )
                                 )
                                 )
          Plaintiff,             )
                                 )
vs.                              )
                                 )
TECK COMINCO ALASKA, INC., and   )
NANA REGIONAL CORPORATION,       )
                                 )
          Defendants.            )
_____)
Case No. 4:06-CV-00015 RRB

DEPOSITION OF JOHN R. KELLS
November 28, 2007

APPEARANCES:

    FOR THE PLAINTIFF:           MR. DONALD F. LOGAN
                                 Attorney at Law
                                 P.O. Box 73162
                                 Fairbanks, Alaska 99707
                                 (907) 590-4341

    CO-COUNSEL (Telephonic):     MR. KENNETH L. COVELL
                                 Attorney at Law
                                 Law Office of Kenneth Covell
                                 712 Eighth Avenue
                                 Fairbanks, Alaska 99701
                                 (907) 452-4377

    FOR THE DEFENDANT
    TECK COMINCO ALASKA INC.:    MR. SEAN HALLORAN
                                 Hartig, Rhodes, Hoge,
                                   & Lekisch
                                 Attorneys at Law
                                 717 K Street
                                 Anchorage, Alaska 99501
                                 (907) 276-1592

EXHIBIT 3
PAGE 1 OF 10

Page 4

1                    P R O C E E D I N G S

2              (Deposition Exhibits 1 through 11 marked)

3              COURT REPORTER: Okay. We are on record.....

4              MR. LOGAN: All I get.....

5              COURT REPORTER: We're.....

6              MR. LOGAN: Go ahead.

7              COURT REPORTER: We're on record in Conitz v.

8    Teck Cominco Alaska, Inc., and Nana Regional Corporation; case

9    number 4:06-CV-00015 RRB. Today's date is November 28th, 2007.

10   The time set for this deposition was 1:00 o'clock. The time

11   currently is 1:36:56. This is being held in Healy in the

12   District Courtroom.

13             Will counsel identify themselves for the record

14   and then I'll swear the witness in.

15             MR. LOGAN: Donald Logan. I'm representing

16   Mr. Conitz.

17             MR. COVELL: Ken Covell on the phone for Mr.

18   Conitz.

19             MR. DANIEL: Tom Daniel on the telephone for

20   Nana Regional Corporation.

21             MR. HALLORAN: Sean Halloran for Teck Cominco.

22   And, for the record, we object to Mr. Logan taking this

23   deposition and that Mr. Kells' only -- excuse me. Mr. Conitz's

24   only attorney of record is Mr. Covell, who is present on the

25   phone for the deposition and Mr. Logan has informed me that

EXHIBIT 3
PAGE 2 OF 10

Page 5

1  he's not part of Mr. Conitz's [sic] firm.
2              We also object to the fact that we were given
3  notice that this was to be a video deposition, and there's no
4  video equipment present in the room, so it's not being taken as
5  a video deposition.
6              MR. COVELL:  Okay.  Mr. Logan works for me on a
7  contract basis and he's working under my auspices at this time.
8  The video deposition issue is that this was set for a regular
9  deposition.  I had a scheduling conflict and decided I would
10 like to have it videotaped.  We sent out notice of a video
11 deposition a day or two ago.  Ms. D'Amour, the court reporter,
12 thought she had the appropriate equipment; however, had one set
13 of equipment committed to another deposition and then the set
14 that she was going to bring here was broken.  We tried to
15 obtain a third camera and Mr. Logan and Ms. D'Amour know what
16 happened with that.  They tried to get that going this morning
17 and that wasn't operational.  So that's why there is no video.
18 The video initially wasn't anticipated and to the extent it's
19 not there, it's due to circumstances beyond our control.
20             COURT REPORTER:  Okay.  I'm going to swear the
21 witness in.  Sir, would you raise your right hand.
22         (Oath administered)
23             MR. KELLS:  I do.
24             COURT REPORTER:  Thank you.
25                     JOHN R. KELLS

EXHIBIT 3
PAGE 3 OF 10

Page 106

1   finished. I suspect we can -- don't have to go more than a few
2   more hours. We're getting close to the six-hour limit anyway.
3   We might as well finish it while we're down here today. Unless
4   somebody else has a much better idea, I'm going to adjourn it
5   now for an hour and let's go find a hotel and finish doing what
6   we're doing.
7                   MR. COVELL: Fine with me, Don. I'm available.
8   A       Can we set a time for that? I want to go line my crew
9           out at 5:30. We are going to have a safety meeting. I
10          have some specific topics with them. And let's say
11          6:15.
12                  MR. HALLORAN: Hey, Tom?
13                  MR. LOGAN: I'll make it 6:30. That should be
14  enough.
15  A       Perfect.
16                  MR. LOGAN: At -- we'll be -- everybody needs
17  to call my cell phone. You may need to write it down; I don't
18  think you have it, Mr. Halloran.
19                  MR. HALLORAN: Hang on a second. Tom?
20                  MR. DANIEL: Yes?
21                  MR. HALLORAN: How many questions do you have?
22                  MR. DANIEL: It probably depends on how many
23  more you have, but, you know, right at this point, I'd say I
24  probably only have about 15 minutes of questions.
25                  MR. HALLORAN: I mean, I'm still looking at

EXHIBIT 3
PAGE 4 OF 10

Page 107

1  another five hours after we're done here to drive home tonight.
2  I've already been, you know, involved in this since 7:30 this
3  morning when I left to come here.
4          MR. DANIEL:  Right.
5          MR. HALLORAN:  I don't want this to go on.
6  It's already a quarter to 5:00 in the evening.  You know, I
7  don't want it to go on for the rest of the day and Mr. Kells is
8  supposed to be at work right now.
9          MR. LOGAN:  I'm aware of that.  I'm continuing
10 with the deposition until 6:30.
11         MR. DANIEL:  Yeah, that isn't going to.....
12         MR. LOGAN:  Unless you guys can move quickly, I
13 might be able to prevail on her to wait for another 15 minutes
14 if we can promise her we're going to get out of here.  But if I
15 can't promise her that, she has to go home.
16         MR. HALLORAN:  We're not going to be done in 15
17 minutes.
18         MR. LOGAN:  Well, then we're going to go.....
19         MR. HALLORAN:  But.....
20         MR. LOGAN:  We're going to go at 1830.
21         MR. HALLORAN:  No, I think we ought to continue
22 it to a time that's convenient.  The.....
23         MR. LOGAN:  We're going to continue it to a
24 time that.....
25         MR. HALLORAN:  The business day is over.

EXHIBIT 3
PAGE 5 OF 10

Page 122

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

GREGG CONITZ, )
)
)
Plaintiff, )
)
vs. )
)
TECK COMINCO ALASKA, INC., and )
NANA REGIONAL CORPORATION, )
)
Defendants. )
)

Case No. 4:06-CV-00015 RRB

VOLUME II
DEPOSITION OF JOHN R. KELLS
December 28, 2007

APPEARANCES:

| | |
|---|---|
| FOR THE PLAINTIFF: | MR. DONALD F. LOGAN<br>Attorney at Law<br>P.O. Box 73162<br>Fairbanks, Alaska 99707<br>(907) 590-4341 |
| CO-COUNSEL (Telephonic): | MR. KENNETH L. COVELL<br>Attorney at Law<br>Law Office of Kenneth Covell<br>712 Eighth Avenue<br>Fairbanks, Alaska 99701<br>(907) 452-4377 |
| FOR THE DEFENDANT<br>TECK COMINCO ALASKA INC.: | MR. SEAN HALLORAN<br>Hartig, Rhodes, Hoge,<br>  & Lekisch<br>Attorneys at Law<br>717 K Street<br>Anchorage, Alaska 99501<br>(907) 276-1592 |

EXHIBIT 3
PAGE 6 OF 10

Page 144

```
 1         essentially taking Caterpillar's word for that.  Is
 2         that correct?
 3   A     No.  I think it would have been the shop's word.
 4   Q     But you don't know who in the shop?
 5   A     No.
 6   Q     Between the time that we were all together in Healy and
 7         today, have you had any conversations with Mr. Logan?
 8   A     I did see him at the post office and again somewhere
 9         else, but I -- it was Fred Meyer's or something.  Just
10         said hi and merry Christmas.
11   Q     Did you have any conversations about this case?
12   A     No.  The e-mail that I forwarded to you, that was the
13         only thing specific to this case that we've talked
14         about.
15   Q     And that was on the night of the deposition?
16   A     I don't know if it was then.  It was shortly
17         thereafter.  It was the e-mail that he said it wasn't
18         his position to advise me on how to deal with phone
19         calls or anything, but that his recommendation, I
20         think, was to have him included in the phone call -- in
21         the phone conversation, which I think it makes sense.
22         Although, the conference calls are kind of clumsy.  I
23         think the e-mail would have been a better -- a better
24         method on that.
25               MR. HALLORAN:  Can you mark that.  Sorry, I
```

EXHIBIT 3
PAGE 7 OF 10

Page 145

1    don't have copies for you folks.
2                          (Deposition Exhibit 12 marked)
3    Q     I'm handing you exhibit 12.  Is this the e-mail that
4          you were just talking about?
5              MR. LOGAN:  Do you think we might be able to
6    see it over on this side of the table as well, please?
7              MR. HALLORAN:  Uh-huh.
8              MR. LOGAN:  Thank you.
9    A     Yeah, that's it.
10   Q     All right.  Between the time we were all in Healy and
11         today, have you had any conversations with Mr. Covell?
12   A     I said hi to him at his office.  That was it.
13   Q     When were you at his office?
14   A     I was there to talk with Jason about getting the
15         deposition postponed so I could do it on my time off
16         versus taking time off.
17   Q     And what is the connection between Jason and
18         Mr. Covell's office?
19   A     I think he's interning as a lawyer.  I don't think he's
20         working for Ken Covell.  He's just looking to get some
21         experience in doing what lawyers do and this is -- he's
22         just recently out of law school or the bar exam or.....
23   Q     Have you ever employed Mr. Beatty before this
24         deposition?
25   A     No.

EXHIBIT 3
PAGE 8 OF 10

Page 146

| | | |
|---|---|---|
| 1 | Q | What made you choose Mr. Beatty to become your attorney? |
| 3 | A | That, I think was recommended by Don Logan. |
| 4 | Q | And when did Don Logan recommend Mr. Beatty? |
| 5 | A | It must have been after I got the deposition. When you e-mailed me the deposition, I believe it was that day, so there is a phone call in there. And what I remember about it was Don said if this is something that you don't want, there is an attorney that we can hook you up with who can help get this waived. |
| 11 | Q | So you did actually have a conversation with Mr. Logan then..... |
| 13 | A | Yes, I did. |
| 14 | Q | .....between the time we were in Healy and now? |
| 15 | A | Yeah. |
| 16 | Q | And it was about this case? |
| 17 | A | Yeah. |
| 18 | Q | Did Mr. Logan make any representations to you about what you would be charged or how you would be charged by Mr. Beatty? |
| 21 | | MR. COVELL: Object to relevance. |
| 22 | Q | You can answer the question. |
| 23 | A | I'm not sure. I know when I talked to Jason, he said he'd do it for a dollar. |
| 25 | Q | Uh..... |

EXHIBIT 3
PAGE 7 OF 10

Page 147

1   A      But as far as what Don said, I can't remember.
2          MR. BEATTY:  Objection; that's attorney/client
3   privilege, also.
4   Q      How many times have you ever met with Mr. Covell?
5   A      I met with him two summers ago in his office and I --
6          again, I saw him the other day at his office.  He just
7          stopped in and said hi.
8   Q      When you saw him, that would have been in August two
9          summers ago?
10  A      It could have been.  It was in the summer and I think
11         that's in these notebooks somewhere.  And it's -- also,
12         the dates are implied in those e-mails between me and
13         Gregg Conitz, because he e-mails me on one day and
14         says, thanks for talking to my lawyer yesterday.
15  Q      That actually would have been about a year and a half
16         ago, then, right?
17  A      Sure.
18  Q      I mean, if it was in the summer, it's a half year one
19         way or the other.  It's two and a half or one and a
20         half and.....
21  A      That's fine with me.
22  Q      .....in this case it'd be one and a half, right?
23  A      Sure.
24  Q      The lawsuit had already been filed by the time you met
25         with Mr. Covell, do you know?

EXHIBIT 3
PAGE 10 OF 10