Sean Halloran, Esq.
Hartig Rhodes Hoge & Lekisch, P.C.
717 K Street
Anchorage, Alaska 99501
Phone: (907) 276-1592
Fax:    (907) 277-4352
mail@hartig.com

Attorneys for Teck Cominco Alaska Incorporated

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREGG CONITZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| TECK COMINCO ALASKA INC., and ) | |
| NANA REGIONAL CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | Case No. 4:06-CV-00015 RRB |

**TECK COMINCO'S RESPONSE TO PLAINTIFF'S
DISCOVERY REQUESTS OF 8/16/07**

**INTERROGATORIES**

1:    DESCRIBE in detail, including dates and author, any correspondence, telephone calls,

electronic mails, whether commemorated in writing or not, between NANA and Teck Cominco

Alaska, Inc., regarding the variously described Native-hire preference, Shareholder preference,

regional preference, specifically in relation, but not limited to Gregg Conitz, Karen Conitz, or any

other employee of Teck Cominco Alaska and it's predecessors.

EXHIBIT I
PAGE 1 OF 5

**Interrogatory 69:** Referring to the trainer position for which Conitz was rejected, please disclose how much more money and added benefits were paid to an individual acting as a trainer *vis-à-vis* Conitz's then usual position. If this is more than a simple answer, please describe the process and differences in detail for all positions where there is a transfer to relief supervisor.

**ANSWER:**

Objection. This interrogatory is unintelligible. Teck Cominco assumes it is asking how much Mr. Conitz would have been paid if he had become a trainer (with respect to the trainer position at issue) in comparison to the amount he was paid as an operator. As an operator, Mr. Conitz was paid $25.18 per hour, which amounts to $88,180.36 per year. If Mr. Conitz had become a trainer, he would have been paid a salary of $83,327 per year. The bonuses and benefits available to hourly and exempt employees are the same, and are as set forth in the policy manual previously produced.

**Interrogatory 70:** Referring to the Supervisor's position for which Conitz was rejected, please disclose how much more money and added benefits were paid to an individual acting as a supervisor *vis-à-vis* Conitz's then position. If this is more than a simple answer, please describe the process and differences in detail for all positions where there is a transfer to supervisor.

**ANSWER:**



to Interrogatory no. 2 above, including drafts or official responses. If you claim privilege, please provide a privilege log.

**RESPONSE:** Objection. This request seeks information protected from disclosure by the work product doctrine. This request seeks documents protected from disclosure by the attorney client privilege. Without waiving these objections, no non-privileged documents exist.

**3:**    PRODUCE the personnel files, and any other files, paperwork, applications, evaluation forms/sheets, whether they be electronic or otherwise, as they pertain to the filling of the position(s) requested in Interrogatory No. 1 and 2, above.

**RESPONSE:** Interrogatories 1 and 2 did not request any position(s) or the filling of any position(s). Accordingly, there are no responsive documents.

**4:**    PRODUCE any forms or exemplars for evaluating and/or selecting candidates for jobs and/or promotions and for consideration of shareholder or native status.

**RESPONSE:** Objection. The term "shareholder" in this request is ambiguous. As the plaintiff well knows, Teck Cominco does not ever consider "native status" when hiring employees, and no documents are responsive to that portion of the request. Otherwise, and without waiving its objection, responsive documents are attached..

**5:**    PRODUCE a copy of Section C-1 as referenced in Exhibit 33 attached hereto.

**RESPONSE:** Teck Cominco is without knowledge as to what is referenced by "Section C-1" in Exhibit 33. Accordingly, no responsive documents are known to exist.

EXHIBIT |
PAGE 3 OF 5

without knowledge of what, if any, "agreements" might be referenced by this request, and is

unaware of any agreement between itself and NANA that uses the words "stockholder" and

"shareholder". Teck Cominco is therefore not able to admit or deny this request for admission

or denial.

**8:** Admit or deny that only the General Manager of the Mine can make changes in the

Policy Manual.

**RESPONSE:** Objection. The term "Policy Manual" is ambiguous. Assuming that it is a

reference to the Red Dog Operations Policy Manual, Teck Cominco Alaska admits that its

General Manager must approve all amendments to policies contained within the Manual before

such amendments can become effective, but otherwise denies this request.

**9:** Admit or deny that the shareholder preference applied by Teck Cominco Alaska, Inc. at

the Red dog Mine has the effect of giving a preference to a particular racial group, i.e., Alaska

Natives of the Northwestern Region of Alaska because these people comprise almost all of the

shareholders who are entitled to the preference.

**RESPONSE:** Defendant Teck Cominco Alaska Incorporated is unaware of any company

named Teck Cominco Alaska, Inc. Teck Cominco is without knowledge as to what is meant by

the term "shareholder preference" in this request. Assuming that this request references the

hiring preference at Red Dog Mine in favor of shareholders of NANA Regional Corporation,

the request is Denied.



EXHIBIT
PAGE 4 OF 5

"the policy" in this request, and is therefore unable to admit or deny this request for admission

or denial.

**14:**    Admit or deny that Teck Cominco Alaska has voluntarily complied with the policy.

**RESPONSE:** Defendant Teck Cominco is without knowledge as to what is meant by the term

"the policy" in this request, and is therefore unable to admit or deny this request for admission

or denial.

**15:**    Admit or deny that Teck Cominco Alaska's shareholder preference policy has no

termination date.

**RESPONSE:** Defendant Teck Cominco is without knowledge as to what is meant by the term

"shareholder preference policy" in this request, and is unable to determine what is meant by the

term "termination date". To the extent that Teck Cominco's assumptions as to the meaning of

those terms are applied to this request, the request is Denied.

**16:**    Admit or deny that Teck Cominco Alaska's goal is to have 100% shareholder

employment at the mine, excluding all non-shareholders.

**RESPONSE:** Teck Cominco admits that it has a perhaps unachievable goal of having

shareholders of NANA Regional Corporation eventually obtain all employment positions at Red

Dog Mine as they become open and available, but denies that it seeks to exclude non-

shareholders.

EXHIBIT ____
PAGE __ OF __