Sean Halloran
Hartig Rhodes Hoge & Lekisch, P.C.
717 K Street
Anchorage, Alaska 99501
Phone: (907) 276-1592
Fax:  (907) 277-4352
mail@hartig.com

Attorneys for Teck Cominco Alaska Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREGG CONITZ,<br><br>          Plaintiff,<br>   vs.<br><br>TECK COMINCO ALASKA, INC., AND<br>NANA REGIONAL CORPORATION,<br><br>          Defendant,<br>   vs.<br><br>NANA REGIONAL CORPORATION<br><br>          Intervenor. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

) Case No. 4:06-CV-00015 RRB

TECK COMINCO'S RESPONSES TO DISCOVERY REQUESTS
DATED FEBRUARY 21, 2008

INTERROGATORIES

Interrogatory 67: Please identify in a form sufficient to permit reference to it,

whether Teck Cominco Alaska, Inc. or its predecessors or successors, has had at any

time, any EEO statement, whether published, or not. For example, many companies

EXHIBIT 3
PAGE ___ of 18 ___ OF _10_

discovery of admissible evidence.  There are no documents that are "required to be produced" by 42 USC §2000e-8(c).

**REQUEST FOR PRODUCTION 18:**  PRODUCE any forms or exemplars or checklists or the like for evaluating and/or selecting candidates for jobs and/or promotions.

ANSWER

No responsive documents exist.

**REQUEST FOR PRODUCTION 19:**  PRODUCE all Daily logs from the Mine Department at Red dog from 1998 to 2006.

ANSWER

Objection.  This request seeks documents that are neither relevant nor likely to lead to admissible evidence.  The term "Mine Department at Red dog" is ambiguous, in that it could reference the Mine Operations Department, the Mine Technical Department, or a combination of Mine Operations, Mine Technical, Surface Operations, and Port Operations.  Without waiving its objections, no responsive documents exist.

**REQUEST FOR PRODUCTION 20:**  PRODUCE the Red Dog Operations Policy Manual for 2001 as referenced in the attached exhibit, and any previous or subsequent versions.

ANSWER

EXHIBIT 3
PAGE 2 OF 10

As the plaintiff has previously been informed, Teck Cominco does not have policy manuals for different years. A complete policy manual has previously been produced.

**REQUEST FOR PRODUCTION 21:** PRODUCE the Tech Cominco/NANA Agreement portions which are implicated in the exhibit, especially Section C-1 which is specifically referenced, if these documents have not already been produced. If the documents have been produced, please specify where in the production they can be found.

ANSWER

Teck Cominco is unaware of the existence of any "Tech Cominco/NANA Agreement". To the extent that "Tech Cominco/NANA Agreement" is meant to reference some agreement between one or more Teck Cominco company or companies and either NANA Regional Corporation or some NANA owned company or companies, Teck Cominco is without knowledge as to what agreement may be referenced. Teck Cominco assumes that the reference to "the exhibit" in this request is a reference to the document marked as "EX 6". Teck Cominco knows of no agreement that contains a "Section C-1" as might be referenced in the plaintiff's "EX 6". Teck Cominco is without knowledge as to what is referenced by "Section C-1" in the document identified as "EX 6".

**REQUEST FOR PRODUCTION 22:** PRODUCE Leo Thomas' employment file.

ANSWER

Objection. As the plaintiff has previously been informed: "Leo Thomas is not a Teck Cominco employee, but is and has been deceased since before any of the events at issue. His employment records have no relevance to this litigation, and are not likely to lead to the discovery of admissible evidence. Mr. Thomas never competed with the plaintiff for any employment position. Mr. Thomas never participated in making any employment decision affecting or concerning the plaintiff. Employment decisions concerning Mr. Thomas were made under different circumstances than were decisions affecting the plaintiff, and they were made by different people who likely applied different criteria for different reasons. The plaintiff is already aware that any rationale or criteria applied when making employment decisions concerning Mr. Thomas is not reflected in records of the type kept by Teck Cominco. The incident history for all employees and former employees of Teck Cominco has already been produced. "Seat time", as that phrase is understood by Teck Cominco, and "seat time reports" of any or all employees and/or past employees are entirely irrelevant to the case at bar, because, as testimony taken in this case has already established, "seat time" has no impact, either now or at any past time, on any employment decisions made by Teck Cominco. Notwithstanding its objections, responsive records not already produced are available for inspection and copying at Red Dog Mine, conditioned upon the plaintiff and his counsel agreeing to expand the existing agreement regarding employee record confidentiality and the return of such records

TCAK RESPONSES TO DISCOVERY REQUESTS DATED FEBRUARY 22, 2008
*Conitz. v. Teck Cominco* Case No: 4:06-00015 CV (RRB)                Page 31 of 38

EXHIBIT 3
PAGE 4 OF 10

upon conclusion of the case to encompass such records as would be produced. Access to records at Red Dog Mine can be arranged through counsel for Teck Cominco."

REQUEST FOR PRODUCTION 23: PRODUCE Leo Thomas' seat time records.

ANSWER

Objection. As the plaintiffs have previously been informed: "Leo Thomas is not a Teck Cominco employee, but is and has been deceased since before any of the events at issue. His employment records have no relevance to this litigation, and are not likely to lead to the discovery of admissible evidence. Mr. Thomas never competed with the plaintiff for any employment position. Mr. Thomas never participated in making any employment decision affecting or concerning the plaintiff. Employment decisions concerning Mr. Thomas were made under different circumstances than were decisions affecting the plaintiff, and they were made by different people who likely applied different criteria for different reasons. The plaintiff is already aware that any rationale or criteria applied when making employment decisions concerning Mr. Thomas is not reflected in records of the type kept by Teck Cominco. The incident history for all employees and former employees of Teck Cominco has already been produced. "Seat time", as that phrase is understood by Teck Cominco, and "seat time reports" of any or all employees and/or past employees are entirely irrelevant to the case at bar, because, as testimony taken in this case has already established, "seat time" has no impact, either now or at any past time, on any employment decisions made by Teck Cominco. Notwithstanding its objections, responsive records not already produced are available for inspection and copying at Red Dog Mine,

EXHIBIT 3
PAGE 5 OF 10

conditioned upon the plaintiff and his counsel agreeing to expand the existing

agreement regarding employee record confidentiality and the return of such records

upon conclusion of the case to encompass such records as would be produced. Access

to records at Red Dog Mine can be arranged through counsel for Teck Cominco."

REQUEST FOR PRODUCTION 24:   PRODUCE Leo Thomas' accident and

incident records.

ANSWER

Objection. As the plaintiffs have previously been informed: "Leo Thomas is not

a Teck Cominco employee, but is and has been deceased since before any of the

events at issue. His employment records have no relevance to this litigation, and

are not likely to lead to the discovery of admissible evidence. Mr. Thomas never

competed with the plaintiff for any employment position. Mr. Thomas never

participated in making any employment decision affecting or concerning the

plaintiff. Employment decisions concerning Mr. Thomas were made under different

circumstances than were decisions affecting the plaintiff, and they were made by

different people who likely applied different criteria for different reasons. The

plaintiff is already aware that any rationale or criteria applied when making

employment decisions concerning Mr. Thomas is not reflected in records of the type

kept by Teck Cominco. The incident history for all employees and former employees

of Teck Cominco has already been produced. "Seat time", as that phrase is

understood by Teck Cominco, and "seat time reports" of any or all employees and/or

EXHIBIT 3
PAGE 6 OF 10

past employees are entirely irrelevant to the case at bar, because, as testimony taken in this case has already established, "seat time" has no impact, either now or at any past time, on any employment decisions made by Teck Cominco. Notwithstanding its objections, responsive records not already produced are available for inspection and copying at Red Dog Mine, conditioned upon the plaintiff and his counsel agreeing to expand the existing agreement regarding employee record confidentiality and the return of such records upon conclusion of the case to encompass such records as would be produced. Access to records at Red Dog Mine can be arranged through counsel for Teck Cominco."

## REQUESTS FOR ADMISSION

REQUEST FOR ADMISSIONS 17: Admit or deny that the hiring preference applied by Teck Cominco Alaska, Inc., Teck Cominco, and/or its predecessors or successors to shareholders of NANA Regional Corporation has the effect of giving a hiring preference to particular racial group, i.e., Alaska Natives of the Northwestern Region of Alaska because these people comprise almost all of the shareholders who are entitled to the hiring preference.

ANSWER:

There is no company named Teck Cominco Alaska, Inc. This defendant assumes that the reference to "Teck Cominco" is a reference to defendant Teck Cominco Alaska Incorporated. Teck Cominco knows of no predecessors or

EXHIBIT 3
PAGE 7 OF 10

successors as are referenced in this request.  As the plaintiff has previously been informed, this request is denied.

REQUEST FOR ADMISSIONS 18:  Admit or deny that Teck Cominco Alaska, Inc., Teck Cominco, and/or its successors or predecessors, has never protested against the hiring preference for NANA Regional Corporation shareholders as being potentially illegal.

ANSWER:

There is no company named Teck Cominco Alaska, Inc.  This defendant assumes that the reference to "Teck Cominco" is a reference to defendant Teck Cominco Alaska Incorporated.  Teck Cominco knows of no predecessors or successors as are referenced in this request.  Teck Cominco admits it has not protested against its hiring preference for NANA Regional Corporation shareholders as being potentially illegal, and further admits that it would be improper to make such a protest when Teck Cominco has knowledge that the shareholder preference is not illegal but is in full compliance with law.

REQUEST FOR ADMISSIONS 19:  Admit or deny that Teck Cominco Alaska, Inc., Teck Cominco, and/or its successors or predecessors, knew that its hiring preference for NANA Regional Corporation shareholders might be illegal as discrimination based upon race, national origin, or other improper classification.

EXHIBIT 3
PAGE 8 OF 10

TCAK RESPONSES TO DISCOVERY REQUESTS DATED FEBRUARY 22, 2008
*Conitz. v. Teck Cominco* Case No. 4:06-00015 CV (RRB)

ANSWER:

There is no company named Teck Cominco Alaska, Inc. This defendant assumes that the reference to "Teck Cominco" is a reference to defendant Teck Cominco Alaska Incorporated. Teck Cominco knows of no predecessors or successors as are referenced in this request. Teck Cominco denies it knew that its hiring preference for NANA shareholders might be illegal, and denies that it is illegal.

REQUEST FOR ADMISSIONS 20: Admit or deny that Admit or deny that Teck Cominco Alaska, Inc., Teck Cominco, and/or its successors and/or predecessors, hiring preference for NANA Regional Corporation shareholders has no termination date.

ANSWER:

There is no company named Teck Cominco Alaska, Inc. This defendant assumes that the reference to "Teck Cominco" is a reference to defendant Teck Cominco Alaska Incorporated. Teck Cominco knows of no predecessors or successors as are referenced in this request. As the plaintiff has previously been informed, Teck Cominco is unable to determine what is meant by the term

"termination date" and to the extent that Teck Cominco's assumptions as to the meaning of that term is applied to this request, the request is Denied.

DATED at Anchorage, Alaska, this 20ᵗʰ day of March, 2008.

> HARTIG RHODES HOGE & LEKISCH
> Attorneys for Defendant
> Teck Cominco Alaska Incorporated
>
> By: _____
> Sean Halloran

## VERIFICATION

STATE OF ALASKA        )
                                ) ss.
SECOND JUDICIAL DISTRICT   )

     I, JIM SOMERS, say under oath and affirm on behalf of Teck Cominco Alaska Incorporated that that I have read Teck Cominco Alaska Incorporated's interrogatory responses to the discovery requests of February 22, 2008, and those responses are true and accurate to the best of my knowledge and belief.

_____
JIM SOMERS

     Subscribed and sworn to or affirmed before me at Red Dog Mine, on this 20ᵗʰ day of March, 2008.

_____
Notary Public in and for Alaska
My commission expires: July 4, 2009

EXHIBIT 3
PAGE 10 OF 10

TCAK RESPONSES TO DISCOVERY REQUESTS DATED FEBRUARY 22, 2008
*Conitz. v. Teck Cominco* Case No: 4:06-00015 CV (RRB)