Thomas M. Daniel, Alaska Bar No. 8601003
TDaniel@perkinscoie.com
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
Telephone: 907.279.8561
Facsimile: 907.276.3108

Attorneys for Defendant/Intervenor
NANA Regional Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREGG CONITZ,<br><br>        Plaintiff,<br><br>v.<br><br>TECK COMINCO ALASKA, INC.,<br><br>        Defendant,<br><br>and<br><br>NANA REGIONAL CORPORATION,<br><br>        Defendant/Intervenor. | Case No. 4:06-cv-00015-RRB |

**DEFENDANT INTERVENOR NANA'S MOTION
FOR AWARD OF ATTORNEYS' FEES**

Defendant Intervenor NANA Regional Corporation ("NANA") respectfully moves the court for an award of attorneys' fees. NANA intervened in this case because of the importance of the employment preference for NANA shareholders at the Red Dog Mine, the most significant private employer in the NANA region.

NANA'S MOTION FOR ATTORNEYS' FEES
CONITZ V. TECK COMINCO
CASE NO. 4:06-CV-00015-RRB
Page 1 of 4

18531-0014/LEGAL14576091.1

The legal standard for awarding attorneys' fees to a prevailing defendant in an employment discrimination case where the plaintiff asserts combined federal and state claims is addressed in Teck Cominco's motion, *i.e.*, where the plaintiff's claim was frivolous, unreasonable, or without foundation. Plaintiff's state law claim, invasion of privacy, was not asserted against NANA, so in contrast to Teck Cominco, NANA did not have to defend against that claim and therefore does not seek Alaska Rule 82 fees for defending that claim.

NANA is entitled to recover fees even though it was an intervenor rather than a named defendant. *See League of United Latin American Citizens Council, No. 4434 v. Clements*, 923 F.2d 365 (5th Cir. 1991) (en banc)(prevailing defendant intervenor could recover fees against plaintiff only if plaintiff's action was frivolous, unreasonable or without foundation.) In *King v. Illinois State Board of Elections*, 410 F.3d 404, 407-408 (7th Cir. 2005), the Seventh Circuit affirmed an award of attorneys' fees to Illinois voters, who had intervened in a suit to defend the constitutionality of a redistricting plan (although there, the defendant intervenors were essentially treated like prevailing plaintiffs who had succeeded in vindicating important rights under the Constitution and the Voting Rights Act). The Court recognized, however, that Congress intended for intervenors to be able to obtain attorneys' fees in § 1988 actions. *Id.* at 413 *citing* S.Rep. No. 94-1011, at 4 n. 8. ("The Senate report on § 1988 notes: 'In the large majority of cases the party or parties seeking to enforce such rights will be the plaintiffs and/or plaintiff intervenors. However, in the procedural posture of some cases, the parties seeking to enforce such rights may be the defendants and/or defendants intervenors.'")

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

NANA'S MOTION FOR ATTORNEYS' FEES
CONITZ V. TECK COMINCO
CASE NO. 4:06-CV-00015-RRB
Page 2 of 4
18531-0014/LEGAL14576091.1

Of course, where a prevailing intervenor's efforts are merely redundant and contribute little to the outcome, that may be a basis for denying fees to an intervenor. *See King*, 410 F.3d at 420; *Donnell v. United States*, 682 F.2d 240, 247-248 (D.C. Cir. 1982), *cert. denied*, 459 U.S. 1204 (1983).

Thus, if the court agrees with Teck Cominco that the plaintiff's claim was frivolous, unreasonable or without foundation, attorneys' fees should also be awarded to defendant intervenor NANA. NANA made a significant contribution to the defense by articulating one of the theories on which the defendants prevailed, *i.e.*, that the shareholder preference was not a racial preference at all, but was, in fact, an economic preference. However, recognizing that there was some duplication of effort, NANA only seeks 50% of its actual fees.

Accordingly, the defendant intervenor moves for an award of attorneys' fees in the amount of $23,966.55, which is 50% of the actual fees incurred by NANA. Attached hereto is the Affidavit of Thomas M. Daniel describing the work performed and fees billed to NANA.

DATED: August 12, 2008.

s/ Thomas M. Daniel, Alaska Bar No. 8601003
TDaniel@perkinscoie.com
**Perkins Coie LLP**
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
Telephone: 907.279.8561
Facsimile: 907.276.3108

Attorneys for Defendant/Intervenor
NANA Regional Corporation

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

NANA'S MOTION FOR ATTORNEYS' FEES
CONITZ V. TECK COMINCO
CASE NO. 4:06-CV-00015-RRB
Page 3 of 4
18531-0014/LEGAL14576091.1

The undersigned hereby certifies that a true and correct copy of the foregoing document is being electronically served on Sean Halloran and Kenneth Covell this 12th day of August, 2008.

s/Thomas M. Daniel

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

NANA'S MOTION FOR ATTORNEYS' FEES
CONITZ V. TECK COMINCO
CASE NO. 4:06-CV-00015-RRB
Page 4 of 4
18531-0014/LEGAL14576091.1