Sean Halloran
Hartig Rhodes Hoge & Lekisch, P.C.
717 K Street
Anchorage, Alaska 99501
Phone: (907) 276-1592
Fax: (907) 277-4352
mail@hartig.com

Attorneys for Teck Cominco Alaska Incorporated

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| Gregg Conitz, )<br><br>Plaintiff, )<br><br>vs. )<br><br>TECK COMINCO ALASKA )<br>INCORPORATED and )<br>NANA REGIONAL CORPORATION, )<br><br>Defendants. )<br> ) | <br><br><br><br><br><br><br><br><br><br>Case: 4:06-CV-00015 RRB |

TECK COMINCO'S REPLY TO OPPOSITION TO
MOTION TO DISGORGE FEES

Teck Cominco has asked that its portion of the $350 paid to

"reimburse" the $1 fee actually charged for the representation of Mr. Kells be

disgorged. The motion is opposed by attorney Beatty with what can most

kindly be called further misrepresentations.

Although Mr. Beatty proclaims that "I am not nor have I ever worked

for or in Mr. Covells' Office", in the very next sentence he confirms Mr. Kells

testimony by acknowledging that the work he performed for Mr. Kells was

performed in Mr. Covell's office. [Docket 153 at 3.] Although he testifies "I

do not work for Mr. Covell" [Docket 153-2 at 1], he simultaneously testifies "I

have stood in for Mr. Covell in other cases" [Docket 153-2 at 2]. Necessarily

we are left to wonder which of Mr. Beatty's conflicting representations are

the false ones. If he is telling the truth when he says that the work he

performed for Mr. Kells was carried out in Mr. Covell's office, then he isn't

telling the truth when he asserts that he's never worked "in Mr. Covell's

office". If he is telling the truth when he says that he elsewhere appears in

Mr. Covell's stead on behalf of Mr. Covell's clients, then he is not being

candid and truthful when he simultaneously says that he does not work for

Mr. Covell. Regardless of whether Mr. Kells applied the correct label to the

relationship between plaintiff's counsel and Mr. Beatty, it is clear that the

relationship is not at arm's length, and it is clear that Mr. Logan and Mr.

Beatty are not being candid with this court when they assert that there is no

relationship between Mr. Beatty and those who represent the plaintiff.

Mr. Beatty acknowledges that the total fee for the services provided to

Mr. Kells was only $1. [Docket 153 at 3; see also Docket 153-2 at 2.] In the

very next sentence, he asserts that "Therefore, this Court was correct in

ordering the reimbursment of attorney fees" in the amount of $350. [Docket

153 at 3.] Necessarily, however, any payment beyond $1 does not qualify as

"reimbursement".[1]  Despite the fact that Mr. Beatty charged Mr. Kells only

$1, when the court asked what he charged, Mr. Beatty misrepresented that

he charged two hours at $175 each.  [Exhibit 1 at 13, 19.]  The court's award

of fees in the amount of $350 was clearly based upon a misrepresentation by

Mr. Beatty.  Counsel should therefore be required to disgorge the $175 that

Teck Cominco was required to "reimburse".

Mr. Beatty attempts to deflect the court's attention by asserting that

he never would have filed Mr. Kells' motion except that the undersigned

"refused to cooperate with the rescheduling of the deposition" in that the

undersigned "never contacted me back" despite the parties having "previously

been warned by this Court to work these types of minor problems out through

the attorney's involved, and not to waste the Court's time or resources".

[Docket 153.]  Not only is this a red herring, it constitutes an additional

misrepresentation by Mr. Beatty.

Mr. Kells first retained Mr. Beatty on Friday, December 14, 2007.

[Docket 153 at 3 (retained at meeting in Covell office); Kells depo. at 148-149

(affidavit signed during Friday meeting at Covell's office); Docket 86 (signed

Friday December 14).]  On that same day, Mr. Beatty filed the motion to

quash.  [Docket 84.]  Mr. Beatty has previously acknowledged to this court

that he was advised by defense counsel's staff that the undersigned was "out

---

[1]    Merriam-Webster, *Webster's Third New International Dictionary Of The English Language, Unabridged* (1993) at "reimburse" (1: to pay back (an equivalent for something taken, lost or expended) to someone; repay. 2: to make restoration or payment of an equivalent to (as a person); indemnify).

of town" in meetings in Seattle on that date. [Docket 147-4 at 15.] Where

Mr. Beatty waited at most only a few short hours between the time he was

first retained by Mr. Kells and the time he filed Mr. Kells' motion, knowing

that the undersigned was not available, it was Mr. Beatty that did not allow

an opportunity for the attorneys to work out an accommodation for whatever

conflict had arisen with respect to Mr. Kells' schedule. His representation to

the contrary is just one more in an ever growing string of misrepresentations

made to this court.

The lies in this case need to stop. Where Teck Cominco was required,

as the result of misrepresentation, to reimburse fees that had never been

incurred, the payment should be disgorged.

DATED this 13th day of August, 2008.

> HARTIG RHODES HOGE & LEKISCH, PC
> Counsel for Teck Cominco Alaska Incorporated

> By: _____
> Sean Halloran
> Hartig Rhodes Hoge & Lekisch, P.C.
> 717 K Street
> Anchorage, Alaska 99501
> Phone: (907) 276-1592
> Fax: (907) 277-4352
> mail@hartig.com

Certificate of Service
I hereby certify that on the 13th day of August, 2008
a true and correct copy of the foregoing was served
on Kenneth Covell & Thomas Daniel by electronic
means through the ECF system as indicated on the
Notice of Electronic Filing.

Hartig Rhodes Hoge & Lekisch PC