Thomas M. Daniel
Alaska Bar No. 8601003
TDaniel@perkinscoie.com
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
Telephone:   907.279.8561
Facsimile:    907.276.3108

Attorneys for Intervenor
NANA Regional Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREGG CONITZ,<br><br>    Plaintiff,<br><br>v.<br><br>TECK COMINCO ALASKA, INC.,<br><br>    Defendant. | Case No. 4:06-cv-00015-RRB |

**NANA'S OPPOSITION TO CONITZ'S MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS**

Defendant Intervenor NANA Regional Corporation ("NANA") opposes plaintiff Gregg Conitz's motion for review of the costs taxed by the clerk. NANA concurs with the opposition submitted by defendant Teck Cominco Alaska, Inc. and additionally requests that the motion be denied as it fails to establish a reason for denying costs.

NANA'S OPPOSITION
*Conitz v. Teck Cominco*                                                              -1-
Case No. 4:06-cv-00015-RRB

18531-0014/LEGAL14624340.3

## I. Factual Background

On July 21, 2008, the Court granted summary judgment for Teck Cominco and NANA, dismissing all claims made by Conitz, with prejudice. [Docket No. 145] The Court held that Conitz failed to establish a prima facie case of discrimination or retaliation. *Id.* at 2. Even if he had been able to do so, the Court ruled that Teck Cominco's "policy of hiring the most qualified applicants and its concern regarding Plaintiff's poor safety record" were legitimate nondiscriminatory reasons for deciding not to promote Conitz. *Id.* at 3.

Judgment was entered in favor of Teck Cominco and NANA on July 29, 2008, dismissing the action and awarding costs to Teck Cominco and NANA. [Docket 146] The clerk taxed costs in the amount of $1,748.95, for NANA.

In response, Conitz submitted a motion to review the clerk's taxation of costs on August 18, 2008. [Docket 163]

## II. Conitz's Motion for Reconsideration Should Be Denied as He Fails to Establish a Reason for Denying Costs.

There is a presumption that the prevailing party will be awarded its taxable costs. Fed.R.Civ.P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorneys' fees – shall be allowed to the prevailing party."); *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944 (9th Cir. 2003); *Assoc. of Mexican-American Educators v. State of California*, 231 F.3d 572, 592 (9th Cir. 2000) (en banc). To overcome the presumption of a cost award, a losing party must establish a reason to deny costs. *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006); *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999).

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

NANA'S OPPOSITION
Conitz v. Teck Cominco                    -2-
Case No. 4:06-cv-00015-RRB

18531-0014/LEGAL14624340.3

The Ninth Circuit has disallowed an award of costs to punish "some fault, misconduct, or default worthy of punishment" by a defendant, a reason that is not applicable here. *Nat'l Info. Servs. v. TRW, Inc.*, 51 F.3d 1470, 1472 (9th Cir. 1995) *overruled on other grounds by Ass'n of Mexican-American Educators*, 231 F.3d 572 (9th Cir. 2000).

The Ninth Circuit also has disallowed costs for certain non-punitive reasons. *Assoc. of Mexican-American Educators*, 231 F.3d at 592. Two permissible factors in cost determinations were set out in *Stanley v. University of Southern California*: (1) the plaintiff's limited financial resources, and (2) the chilling effect on future civil litigants of imposing high costs. 178 F.3d 1069, 1079 (9th Cir.), *cert. denied*, 528 U.S. 1022, 120 S.Ct. 533, 145 L.Ed.2d 413 (1999); *see also Save Our Valley*, 335 F.3d at 945 (discussing the *Stanley* factors). Additionally, courts may consider the importance and complexity of the issues and the merit of the losing plaintiff's case. *Save Our Valley*, 335 F.3d at 946, *citing Assoc. of Mexican-American Educators*, 231 F.3d at 593.

Conitz has not demonstrated that he has limited financial resources. Although he argues that the court should take into account his "working man's" salary, in fact Conitz earned $83,692 in 2007 and Teck Cominco's payroll records indicate that Conitz will likely earn as much as $95,000 in 2008.[1] *See* Exhibit 2, attached.

Conitz's failure to show that "payment of costs would render [him] indigent" or even that taxation of costs would be a financial hardship are fatal to his argument.

---

[1] Conitz works an average of 34 weeks a year (based on a 4-week on/2 week off schedule). Conitz Dep., p. 6. *See* Exhibit 1, attached. Based on a $5,609.44 bi-weekly pay check, Conitz would make over $95,000 in 2008.

NANA'S OPPOSITION
Conitz v. Teck Cominco                    -3-
Case No. 4:06-cv-00015-RRB

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

*Stanley*, 178 F.3d at 1079; *see also McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994), *cert. denied*, 513 U.S. 889, 115 S.Ct. 233, 130 L.Ed.2d 157 (1994) (affirming award of costs where losing plaintiff "failed to establish in this record that he was incapable of paying the court-imposed costs at this time or in the future.") Conitz is currently employed at a good salary, which puts him in stark contrast to plaintiffs who have successfully avoided taxation based on financial hardship. *See Stanley*, 178 F.3d at 1080 (holding that imposition of $46,710.97 in costs on losing civil rights plaintiff, who was unemployed, may chill civil rights litigation). Furthermore, the amount of costs being taxed here is less than half the amount that the Ninth Circuit has found to be too small to have any chilling impact on future civil rights litigants. *Save Our Valley*, 335 F.3d at 945 ("No such injustice will result from the award of $5,310.55 in this case.").

    Nor is this a case in which the importance and complexity of the case or the merits of plaintiff's case justify disallowing an award of costs. Conitz's claims were dismissed on summary judgment, because he failed to establish a prima facie case of discrimination. Although Conitz attempted to raise an important issue – the lawfulness of a shareholder employment preference – he was not able to establish that preference came into play here because of his failure to establish the elements of a prima facie case. Cases in which the presumption of taxation was overcome were ones in which the unsuccessful claims "had some merit," *Assoc. of Mexican-American Educators*, 231 F.3d at 592, and in which the resolution of the issues raised was "far from obvious." *Stanley*, 178 F.3d at 1080. This case simply did not involve a complex issue of public importance like the one asserted in *Assoc. of Mexican-American Educators*.

NANA'S OPPOSITION
Conitz v. Teck Cominco    -4-
Case No. 4:06-cv-00015-RRB

18531-0014/LEGAL14624340.3

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

## CONCLUSION

Conitz has failed to carry his burden of establishing that taxation of costs would be inequitable. He has adequate financial resources to pay the small amount of costs that NANA and Teck Cominco incurred in defending against his unsupported and meritless claims. For the foregoing reasons, and for those set out in defendant Teck Cominco's opposition, NANA requests that Conitz's motion for review be denied.

DATED: September 5, 2008.

s/ Thomas M. Daniel, Alaska Bar No. 8601003
TDaniel@perkinscoie.com
**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
Telephone: 907.279.8561
Facsimile: 907.276.3108

Attorneys for Intervenor
NANA Regional Corporation

The undersigned hereby certifies that a true and correct
copy of the foregoing document is being electronically
served on Sean Halloran and Kenneth Covell September 5, 2008.

s/Thomas M. Daniel

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

NANA'S OPPOSITION
Conitz v. Teck Cominco                -5-
Case No. 4:06-cv-00015-RRB

18531-0014/LEGAL14624340.3