KENNETH L. COVELL
Kenneth L. Covell
LAW OFFICE OF KENNETH L. COVELL
712 Eighth Avenue
Fairbanks, Alaska 99701
Phone: 907.452.4377
Fax: 907.451.7802
kcovell@gci.net

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREGG CONITZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 4:06-CV-00015 RRB |
| ) | |
| TECK COMINCO ALASKA, INC., ) | |
| ) | |
| Defendant, ) | |
| ) | |
| vs. ) | |
| ) | |
| NANA REGIONAL CORPORATION ) | |
| ) | |
| Intervenor. ) | |

## MOTION TO DENY COSTS
## (TECK)

Plaintiff Conitz has brought an employment discrimination case and under Title VII Federal Civil Rights Act, 28 U.S.C. § 1981 and Title 18 of The State Human Rights Act. Conitz alleges that he was discriminated against on the basis of race and/or national origin. Defendants admit that they have an employment preference in favor of NANA shareholders. Previous authority establishes that native hire preferences are unconstitutional and illegal. See Malabad v. North Slope Borough, 335 F.3d 864 (9th Cir. 2003) The Malabad case took place in the neighboring borough (the North Slope Borough) to the location of Teck Cominco Mine, the Northwest Arctic Borough. Inupiat Eskimos

are in the majority in both regions and white people, among others, are in the minority. Mr. Conitz is the sole white person in the mine Operations Department. (See, Conitz declaration in support of Opposition to Motion for Attorney's Fees, Declaration of Gregg Conitz Concerning Ethnicity.) It was a brave act for Mr. Conitz to bring his action. He respectfully disagrees with the district court's ruling in the case and is appealing to the Ninth Circuit.

A prevailing party should be awarded costs, unless a court order provides otherwise. Fed.R.Civ.P. 54, Mexican American Educators (AMAE) v. State of California, 231 F.3d 572 592 (9th Cir. 2000)(en banc). "Costs are to be awarded as a matter of course in the ordinary case. The losing party bears the burden of showing that the award of costs would be inequitable under the circumstances. While a district court has the discretion to deny costs, it must 'specify reasons' explaining 'why a case is not "ordinary" and why, in the circumstances, it would be inappropriate or inequitable to award costs," The Ninth Circuit has approved as appropriate reasons for denying costs when 1) the losing party's limited financial resources and the degree of economic disparity between the parties, 2) the chilling effect of imposing such high costs on future civil rights litigants,[1] 3) the losing party's litigation in good faith. 4) The closeness and difficulty of the issues raised in this case. Discussion of the factors is as follows: Mansourin v. Board of Regent of University of California at Davis, _____ F.Supp.2d _____, 2008 WL 2775488(EDCal., 2008 July 15, 2008). Champion Produce, Inc. v. Ruby Robinson Co., Inc., 342 F.3d 1016, 1022 (9th Cir. 2003).

These factors will be discussed sequentially.

---

[1] The imposition of the approximately $100,000 in attorney's fees in this case would chill any future litigant from bringing a civil rights claim. The award of such fees in this matter would cripple if not bankrupt plaintiff. Even awarding the approximate $6,000 in costs will impede defendant's ability to prosecute his appeal. He has filed his appeal and believes it to be meritorious. (The court may wish to consider staying in position of costs and/or attorney's fees in this matter, pending resolution in the Ninth Circuit Appeal).

## FINANCIAL RESOURCES AND ECONOMIC DISPARITY

Awarding approximately $6,000 in costs would impede defendant's ability to prosecute his appeal. He has filed an appeal and believes it meritorious. The impact on plaintiff's financial resources are significant. The disparity between the income of the parties is fantastic.

Conitz's income is less than $100,000 annually. Teck Cominco had an operating profit of $819 million dollars in 2007 and $1,079,000,000 in 2006. Annual Report, www.teckcominco.com, copy attached as Exhibit A, pg 1 of 2. It appears that this is solely the profits from the Red Dog Mine. Averaging these two years, is about $900 million dollars per year in profit. This demonstrates an overwhelming disparity of Teck and Conitz. Teck Cominco Limited, the parent company of Teck Cominco, has worldwide operations and earned $1.6 billion dollars in 2007. See 2007 Highlights of Teck's annual report, attached as Ex. B.

(NANA reports at www.nana.com for 2006 revenues of $806 million and a net income of $16 million dollars. See NANA Shareholders 2006 Annual Report, p 5, attached as Ex C.)

## CHILLING EFFECT

Having to pay money to a defendant in a case such as this, where there is a question of law and an issue of first impression (and the defendant has made it difficult to get the case to the stages of pleadings where the court was willing to make a critical decision in the matter, has been taxing. The plaintiff now needs to file an appeal. An award of fees against a working person for a civil rights defendant will cause others to rethink the matter if and when they were to take up such a claim. While in this instance the costs are moderate, the chilling effect on others will be great. Many civil rights plaintiffs have limited resources and simply cannot afford to take that type of risk. Obviously defendants have vigorously prosecuted their claim for costs AND attorney's fees in hopes of dissuading plaintiff from bringing and/or continuing claims of this nature. This is the strongest factor to preclude costs in this matter.

## GOOD FAITH

Plaintiff has attempted to get the issue before the court as quickly and neatly as possible. Defendant has vehemently resisted this as is evidenced by their behavior to extend their time for filing the opposition to the Motion For Order Of Law Of The Case until after the Kells' deposition was taken, but not using Kells' deposition therein, and resisting production of the very document, the 1982 Agreement, that states their NANA shareholding hire preference.

Mr. Conitz has endeavored as fast and as hard as he could to get the crucial legal issue in the case to the court.  It has been difficult to do so because of the vehement defense asserted by Teck, and to a lesser extent NANA.  Contrary to the assertions made by Teck in its motion for attorney's fees, it has been Conitz's goal all along to have the court make a precipitating decision in the case so it could either continue to be prosecuted in the district court and/or be appealed to the Ninth Circuit. The fact that it took $100,000 in defense fees for that to happen, demonstrates the fervor with which the case was defended.  Conitz had no intention of getting this deeply into the matter.  It obvious that defendant is using its economic might in this matter to forestall Conitz's access to justice.  Awarding costs against Conitz will further his ability to pursue his appeal.

## CLOSENESS AND DIFFICULTY

Assuming the district court is affirmed in this matter, any appellate court would say that this was a close and difficult matter as the authority in Malabad v. North Slop Borough, 335 F.3d 864 (9th Cir. 2003); Bonilla v. Oakland Scavenger Co., 697 F.2d 1297 (9th Cir. 1982); and Doe v. Kamehameha Schools/Bernice Pauahi, 470 F.3d 827 (9th Cir. 2006), all seem to have supported Mr. Conitz's claim.  The appellate court would have to say it is especially close since the Kamahameha case, by its own terms, says it does not apply in employment litigation, (Kamahameha at p. 839-842) even though relied upon the district court as authority for its ruling.

For all these reasons defendant asks the court to order no costs awarded in this case. (Again, the court may wish to stay all of this pending appeal.)

Respectfully submitted this 5th day of September, 2008 at Fairbanks, Alaska.

LAW OFFICES OF KENNETH L. COVELL
Attorney for Plaintiff, Gregg Conitz

s/Kenneth L. Covell
712 8th Ave.
Fairbanks, AK 99701
Phone: 907.452.4377
Fax: 907.451.7802
E-mail: kcovell@gci.net
Attorney Bar #: 8611103

**CERTIFICATE OF SERVICE**
This is to certify that a copy of the foregoing has been
Served electronically, via ECF to the following attorney(s):

**Sean Halloran**
**Thomas M. Daniel – TDaniel@perkinscoie.com**

Dated: 09/05/2008
By: /s/ Wendy Blakeman
    Wendy Blakeman for Kenneth L. Covell