KENNETH L. COVELL
Kenneth L. Covell
LAW OFFICE OF KENNETH L. COVELL
712 Eighth Avenue
Fairbanks, Alaska 99701
Phone: 907.452.4377
Fax: 907.451.7802
kcovell@gci.net

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| GREGG CONITZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 4:06-CV-00015 RRB |
| ) | |
| TECK COMINCO ALASKA, INC., ) | |
| ) | |
| Defendant, ) | |
| ) | |
| vs. ) | |
| ) | |
| NANA REGIONAL CORPORATION ) | |
| ) | |
| Intervenor. ) | |

OPPOSITION TO NANA'S MOTION FOR ATTORNEY'S FEES

"It is the general rule in the United States that in the absence of legislation providing otherwise, litigants must pay their own attorney's fees. Congress has provided only limited exceptions to this rule 'under selective statutes granting or protecting various federal rights'". Internal citation omitted. <u>Christianburg Garment Co. v. EEOC</u>, 434 US 412, 415, 98 S.Ct. 694, 54 L.Ed.2d 648 (US 1978).

Section 703(k) Title VII makes no mention of intervenors. NANA has cited no statutory authority or Ninth Circuit authority indicating it is entitled to attorney's fees in this employment discrimination claim. None should be awarded.

Christianburg Garment Co. v. EEOC, 434 US 412 (1978), makes no mention of attorney's fees for intervenors. Some circuits have allowed attorney's fees to intervenors.

Compare EEOC v. Clear Lake Dodge, 25 F.3d 265, 272, 65 FEP 376 (5th Cir. 1994) (attorney's fees denied to intervenor in EEOC-initiated suit that was relatively simple; because EEOC already was paying attorneys to prosecute it, it would have been windfall to pay for another lawyer), *aff'd in part*, 60 F.3d 1146, 68 FEP 663 (5th Cir. 2005) *and* Grove v. Mead Sch. Dist. No. 354, 753 F.2d 1528, 1535 (9th Cir. 1985) (§ 1988 attorney's fee awards to intervenors should not be granted unless intervenor plays significant role in litigation) *with* St. Louis Fire Fighters Ass'n v. City of St. Louis, 96 F.3d 323, 331 (8th Cir. 1996) (remanding case for determination of reasonable attorney's fee award for intervenors where success in Title VII and § 1981 action was more than de minimus) *and* Davis v. Board of Sch. Commr's, 600 F.2d 470, 475, 22 FEP 1579 (5th Cir. 1979) (intervenors allowed attorney's fees for establishing violation of Title VII even though their individual claims fail).

"A defendant who prevails in a § 1983 action is awarded attorney's fees 'only where the action brought is found to be unreasonable, frivolous, meritless, or vexatious.' Mayer v. Wedgewood Neighborhood Coalition, 707 F.2d 1020, 1021 (9th Cir. 1983), Christianburg Garment Co. v. EEOC, 434 US 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978), awards to intervenors should not be granted unless the intervenor plays a significant role in the litigation. See Seattle School District No. 1 v. State of Washington, 633 F.2d 1338, 1349-50 (9th Cir. 1980), aff'd, 458 US 457 102 S.Ct. 3187, 73 L.Ed.2d 896 (1982); see also Donnell V. United States, 682 F.2d 240, 245-49 (D.C.Cir.1982), cert. denied, 459 US 1204, 103 S.Ct. 1190, 75 L.Ed.2d 436 (1983). A district

court's denial of fees is reviewed for abuse of discretion. Seattle School District No. 1, 633 F.2d at 1349." Grove v. Mead School District No. 354, 753 F.2d 1528 (9th Cir. 1985). In Mead, no attorney's fees were awarded and the court said the education association "did not play an exceptional role in this litigation." The district court's denial of attorney's fees was not an abuse of discretion.

There is no authority for award of attorney's fees. The role played by NANA in this case was not an "exceptional role".

Even if the court were to adopt the potential 1983 standards for intervenors' attorney's fees in a Title VII case, none should be awarded here. Conitz incorporates all the arguments made in his **Opposition to Teck's Motion for Attorney's Fees** and incorporates them herein.

NANA's request for attorney's fees is on the basis that plaintiff's case is frivolous, is somewhat self-defeating. If NANA really believes that, they would not have gotten the case and spent $50,000 on it.

Additionally, equitable interests would cut against any award of attorney's fees to NANA. An award of attorney's fees in a civil rights claim has a chilling effect on plaintiffs. As noted in the Opposition to Teck's Motion for Attorney's Fees, a Title VII claimant as acting as a private attorney general and vindicates the rights of the government in having a discrimination free work place. Additionally, a Title VII claimant is, if they prevail, winning an action against a violator of the federal law. Such factors are not present for a defendant intervenor, even if plaintiff does not win.

In important civil rights cases, no doubt, defendant intervenors can appear like flies. Awarding the defendant intervenor attorney's fees would have a chilling effect on civil rights plaintiff's from bringing important civil rights actions;. when many powerful and wealthy entities may exercise their might against the weak. NANA has a reported income for the year of 2007 gross revenues in the amount of $805 million. See Alaska Business Monthly, April 2007, p 56, copy

attached. Mr. Conitz's income for the past five years was slightly less than an average of $93,000 per year. For the same reasons that the court ought not to allow costs to the intervenor and/or defendant Teck, the court ought not to allow fees in a civil rights claim, particularly for a wealthy intervenor against a working person.

Respectfully submitted this 5th day of September, 2008 at Fairbanks, Alaska.

LAW OFFICES OF KENNETH L. COVELL
Attorney for Plaintiff, Gregg Conitz

s/Kenneth L. Covell
712 8th Ave.
Fairbanks, AK 99701
Phone: 907.452.4377
Fax: 907.451.7802
E-mail: kcovell@gci.net
Attorney Bar #: 8611103

**CERTIFICATE OF SERVICE**
This is to certify that a copy of the foregoing has been
Served electronically, via ECF to the following attorney(s):

**Sean Halloran**
**Thomas M. Daniel – TDaniel@perkinscoie.com**

Dated: 09/05/2008
By: /s/ Wendy Blakeman
      Wendy Blakeman for Kenneth L. Covell