Sean Halloran
Hartig Rhodes Hoge & Lekisch, P.C.
717 K Street
Anchorage, Alaska 99501
Phone: (907) 276-1592
Fax: (907) 277-4352
mail@hartig.com

Attorneys for Teck Cominco Alaska Incorporated

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| Gregg Conitz,<br><br>   Plaintiff,<br><br>vs.<br><br>TECK COMINCO ALASKA<br>INCORPORATED and<br>NANA REGIONAL CORPORATION,<br><br>   Defendants. | <br><br><br><br><br><br><br><br><br><br><br>Case: 4:06-CV-00015 RRB |

**OPPOSITION TO SECOND MOTION TO DENY COSTS**

Mr. Conitz filed a motion at Docket 163 asking the court to reverse its decision of July 29 that costs were to be taxed against the plaintiff and in favor of Teck Cominco and NANA. Teck Cominco and NANA each opposed that motion. [Dockets 166 and 172.] Without awaiting any ruling on his motion, Mr. Conitz has filed another motion at Docket 174 seeking once again to deny costs to Teck Cominco. The latest motion is even less timely than the initial one, and should be stricken or alternatively denied on the basis that it

was filed outside of the strict timelines established by Civil Rule 59. The motion serves to multiply the proceedings in this case, and should be stricken from the record ab initio or alternatively denied on that basis. The motion provides no adequate justification for denying costs. Thus, if the court reaches its merits, it should be denied for not having any.

ARGUMENT

On July 29, this court issued a judgment that expressly provided that "the defendants, Teck Cominco Alaska, Inc. and NANA Regional Corporation recover costs from the plaintiff, Gregg Conitz". [Docket 146.] Under Civil Rule 59, the strict deadline for Mr. Conitz to request that this provision of the judgment be altered or amended was August 8. [Fed.R.Civ.P. 59(e).] Where he did not file his motion until September 5, his request should be denied as untimely.

Where Mr. Conitz already has a motion pending at Docket 163 that seeks the identical relief he requests in the instant motion, he should not be permitted to file a new motion just because some of the glaring inadequacies of the earlier motion were exposed in the oppositions filed by Teck Cominco and NANA. Certainly, it would be inappropriate for Mr. Conitz to submit supplemental, unrequested briefing on a motion already briefed and submitted. [Local Civil Rule 7.1(h).] In the same vein, the court should recognize that it is improper to rebrief his motion simply by filing a second one. The motion at Docket 174 is a naked attempt to get another bite of the

apple, and serves merely to multiply the proceedings. It is vexatious and should be denied accordingly.

Mr. Conitz claims that his financial resources are so limited that he will be unable to proceed with his appeal if costs are awarded in this case. His argument is nonsense. Mr.Conitz earned more than $99,500 last year, and is well on his way to earning more than $100,000 this year. [Conitz decl. at Docket 173-10; Docket 172-3.] This is more than twice the average income of persons who, like Mr. Conitz, live in Anchorage.[1] Mr. Conitz's legal counsel, who has made a "hobby" of attempting to eliminate shareholder hire at Red Dog Mine, works for Mr. Conitz on a contingent fee basis, such that Mr. Conitz incurs no cost for prosecuting his various claims against Teck Cominco. [Exhibits 1, 2; see Kells depo. at 71-74.] Since he pays nothing for legal representation, no award of costs to Teck Cominco in the amount of $4,239.05 can reasonably be expected to affect Mr. Conitz's ability to either pursue his appeal or continue prosecuting the other claims that he has now filed in which he seeks to re-adjudicate the claims he lost here. [See Exhibit 3.]

Mr. Conitz further argues that any award of costs will have a chilling

---

[1] Teck Cominco asks the court to take judicial notice of the US Bureau of Labor Statistics published report that the average income in Anchorage, based upon a survey of data for the first quarter of 2007 (the latest published information), is $875 per week, or $45,500 per year. This data is published on the federal government's web site at:
http://www.bls.gov/cew/ew06table11.pdf
A true and correct copy of of the relevant table is attached for the convenience of the court as Exhibit 4.

effect on others who might want to file discrimination claims. However, Mr. Conitz acknowledges that "Costs are to be awarded as a matter of course in the ordinary case", concedes that he "bears the burden of showing that the award of costs would be inequitable under the circumstances", and asserts that a chilling effect results only from "imposing such high costs" as are unquestionably not at issue here, in light of Mr. Conitz's concession that the amount of costs that were taxed by the Clerk "are moderate". [Docket 174 at 2, 4.]

According to Mr. Conitz, he prosecuted his case as "quickly and neatly as possible". [Docket 174 at 4.] In this regard, he asserts that the degree of diligence attendant to his efforts to bring this case to a conclusion is indicative of his good faith. While Teck Cominco will agree that there is a correlation between his diligence and the degree to which he displayed good faith, the fact is that Mr. Conitz and the attorneys working for him did everything possible to delay the proceedings in this case. In this regard, Teck Cominco incorporates by reference its arguments at Docket 156. It took Mr. Conitz nearly ten months to produce his initial disclosures, and then, he produced them only under threat of a motion to compel. [See Exhibit 5.] Neither then nor at any time since has he prosecuted his claims "as quickly as posible". [See e.g. Docket 112 (requesting 4 month extension); Docket 113 (requesting 3 week extension); Docket 116 (requesting 3 week extension); Docket 132 (requesting 5 week extension); Docket 137 (requesting unspecified

extension); Docket 169 (requesting extension of missed deadline).] Although Mr. Conitz misrepresents that the Confidential Operating Agreement between Teck Cominco America and NANA defines the contours of Teck Cominco Alaska's NANA-shareholder hire program despite the clear evidence to the contrary, and asserts that Teck Cominco's successful motion to keep that Agreement confidential, when coupled with Teck Cominco's successful efforts to get the Kells deposition concluded in a timely manner, somehow constitute bad faith, there is absolutely no evidence to suggest that the defendants in this case have in any manner acted improperly. Neither Teck Cominco's good faith, nor the lack of good faith exemplified by the prosecution of the plaintiff's claims, provide any basis for denying costs to Teck Cominco. The instant motion should be denied accordingly.

Finally, Mr. Conitz asserts that the issues decided by the court were so close and difficult to address that any award of costs would be inequitable. This assertion is belied by the fact that Mr. Conitz steadfastly refused to present any evidence to support his claims (even when ordered to respond to a pending summary judgment motion), and lost because he failed to establish a prima facie case. The issues that the court ultimately had to decide were not difficult. Rather, the only thing that was difficult was that the plaintiff consistently frustrated all attempts to place the actual claims that were presented in the complaint before the court for resolution. Costs were properly awarded, and there is no legal or equitable justification for vacating

them. The instant motion should therefore be denied.

DATED this 9th day of September, 2008.

> HARTIG RHODES HOGE & LEKISCH, PC
> Counsel for Teck Cominco Alaska Incorporated
>
> By: _____
> Sean Halloran

Certificate of Service
I hereby certify that on the 9th day of September, 2008
a true and correct copy of the foregoing was served
on Kenneth Covell & Thomas Daniel by electronic
means through the ECF system as indicated on the
Notice of Electronic Filing.

_____
Becky Lewis

OPPOSITION TO SECOND MOTION TO DENY COSTS
4:06-CV-00015 RRB                                                              Page 6 of 6