EEOC FORM 131 (5/01)

# U.S. Equal Employment Opportunity Commission

| Personnel Administrator<br>TECKCOMINCO ALASKA, INC.<br>3105 Lakeshore Drive<br>Anchorage, AK 99517 | PERSON FILING CHARGE<br><br>Gregg W. Conitz |
|---|---|
| | THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s) |
| | EEOC CHARGE NO.<br>551-2008-02021 |

## NOTICE OF CHARGE OF DISCRIMINATION
(See the enclosed for additional information)

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act  [ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act  [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [X] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [ ] Please provide by _____ a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by _____ to _____

If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Steven A. Lane,
Investigator Support Asst
*EEOC Representative*

Telephone  (206) 220-6930

Seattle Field Office
909 First Avenue
Suite 400
Seattle, WA 98104

Enclosure(s): [ ] Copy of Charge

### CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN  [ ] AGE  [ ] DISABILITY  [X] RETALIATION  [ ] OTHER

ISSUES: Promotion

DATE(S) (on or about): EARLIEST: 11-23-2007  LATEST: 11-23-2007

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| August 26, 2008 | A. Luis Lucero, Jr., Director | *A. Luis Lucero Jr.* |


EXHIBIT 3
PAGE 1 OF 4



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Seattle Field Office**

Federal Office Building
909 First Avenue, Suite 400
Seattle, WA 98104-1061
National Contact Center:  (800) 669-4000
National Contact Center TTY:  (800) 669-6820
Seattle Status Line:  (866) 408-8075
Seattle Direct Dial:  (206) 220-6885
TTY (206) 220-6882
FAX (206) 220-6911

## Notice to the Respondent to retain records related to the Charging Party

The attached 131 Notice of Charge serves as notice to you that this Charging Party has presented sufficient written information to the EEOC for a charge to be filed. We are currently working with the Charging Party to prepare the formal EEOC charge. As soon as a formal EEOC charge is completed, a copy will be provided to you with further instructions on how to respond to the charge.

Please retain all records related to this Charging Party's application or employment, so that you will be able to respond to the investigation of this matter.

EXHIBIT 3
PAGE 2 OF 4

July 27, 2008
Dear Mr. Knapp,

I wish to file this complaint in response to the recent decision to appoint Charles Barger to the position of Mine Shift Supervisor. I would take this complaint through the chain of command as per company policy, however since I am currently involved in a lawsuit against Teck Cominco, and two of the people in the chain of command (Larry Hanna and Warren Draper) are at issue in that lawsuit, I feel that it is more appropriate to take the complaint directly to you.

I am currently a Level VI mine operator and until now have been a relief supervisor when needed. I have worked for Teck Cominco at Red Dog Mine for over eighteen years; five years as a level VI millwright and thirteen in mine operations. I have been acting as a relief supervisor off and on over the last nine years. I have about ten years of mining experience prior to coming to Red Dog and several years of experience in construction and logging related and firefighting work with the USFS.

I applied for the supervisor position through Larry Hanna, the Mine General Foreman, when it was posted in May 2008. I was never interviewed for the position, nor did anyone in management ever discuss it with me. I was informed by Larry on July 25th that the position had been offered to Charles Barger. When I asked him what qualifications Mr. Barger possessed that were superior to mine, Larry gave me no specific answer. When I asked if there was something about my performance that rendered me inferior to Mr. Barger again he was unable to give me a specific answer. I asked if this was due to the application of NANA shareholder preference and was told "no".

Mr. Barger, who is a NANA shareholder, has only six or seven years total mining experience, all of which is at Red Dog, and no other previous work experience. He has only been relief supervising for about two years.

In January of 2006 I filed a complaint with the EEOC concerning having been passed over for a mine supervisor position in 2004 and a mine trainer position in 2005 both of which were filled by NANA shareholders less qualified for the job than myself. This was clearly the result of NANA shareholder hiring preference that I believe to be illegal. Within two weeks of the filing of this complaint I was demoted from relief supervising by Warren Draper, then the Mine General Foreman. I was not informed of the demotion until I questioned him about it several months later, after it became obvious that I was being excluded. I believe that the demotion was illegal retaliation for my filing the EEOC complaint and subsequent lawsuit. Mr. Draper essentially told me this himself. When I asked him why I had been demoted he stated in reference to my EEOC complaint that "I would have to question the character of someone that would do something like that". He subsequently stated that I had a "bad safety record". This claim is exaggerated and unfair. At no other time in my eighteen years of working at Red Dog has anyone told me that I have a safety problem, either verbally or in writing. I have since made a concerted effort to reduce my personal incident rate, an effort that has been acknowledged in writing by Mr. Hanna.

EXHIBIT 3
PAGE 3 OF 4

Mr. Barger was selected to be relief supervisor at the time I was demoted which has given him the opportunity for the current promotion. I believe that this makes the selection of Mr. Barger a direct result of the illegal retaliation.

In my efforts to obtain advancement within the mine department I have been passed over by less qualified NANA shareholders numerous times. These include, for mine operations supervisor: Leo Thomas - 2003, Larry Hanna - 2004, Jimmy Baldwin – 2007, and Charles Barger – 2008, and for mine operations trainer: Mike Baker – 2005. I did not receive a justifiable explanation as to why I had been passed over on any of these occasions.

I feel that this decision is grossly unfair and completely unjustified. The total lack of any specific factual reason that Mr. Barger is a superior candidate for the job or that I am an inferior candidate can only lead to the rational conclusion that this is a result of NANA shareholder hiring preference. I believe that this is racial discrimination and is not legal. I fully intend to persevere in my efforts to prove this.

I would appreciate your consideration in this matter and would be happy to discuss it further with you at any time, or provide you with any further information you may need.

Sincerely,

Gregg Conitz

EXHIBIT 3
PAGE 4 OF 4