KENNETH L. COVELL
Kenneth L. Covell
LAW OFFICE OF KENNETH L. COVELL
712 Eighth Avenue
Fairbanks, Alaska 99701
Phone: 907.452.4377
Fax: 907.451.7802
kcovell@gci.net

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREGG CONITZ,  )<br>  )<br>    Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>  )<br>TECK COMINCO ALASKA, INC.,  )<br>  )<br>    Defendant,  )<br>  )<br>vs.  )<br>  )<br>NANA REGIONAL CORPORATION  )<br>  )<br>    Intervenor.  ) | Case No. 4:06-CV-00015 RRB |

### REPLY TO TECK'S OPPOSTION TO DENY COSTS

The court has discretion to deny costs. <u>Save Our Valley v. Sound Transit</u>, 335 F.3d 932 (9th Cir. 2003).[1] In considering factors sufficient to deny costs in <u>Save Our Valley</u>, the Ninth Circuit said,

> [Save Our Valley] has raised issues of great public importance, both to the local community and to civil rights plaintiffs everywhere. The legal questions it has raised are close and complex; indeed the circuits are split over a major question raised by

---

[1] The timing of the **Motion for Court Review of Clerk's Action of Taxation of Costs** at Docket 163 is addressed in plaintiff's reply to the opposition thereto, at Docket 168.. The local rules contemplate that objections shall be made at the cost hearing or later and does not require objections be made to "blank" costs. The plaintiff asked the court to set a briefing schedule to make his briefs due on September 5th, along with oppositions to motions for attorney's fees. The court had not ruled thereon, however; having suggested that date for the filing of his briefing, plaintiff filed his motions to deny costs (Teck Docket 174, and NANA Docket 176) on September 5th.

*Conitz v. Teck Cominco, Case No. 4:06-CV-00015 RRB*
*Reply to Teck's Opposition To Deny Costs*
*Page 1 of 4*

this appeal. These factors would have justified the district court's decision to deny costs to the prevailing party, had the district court exercised its discretion in that manner. Save Our Valley, 33 F.3d at 946.

It is clear that the Conitz case is of a nature and quality such that the district court has the authority to exercise its discretion, and deny costs.

It is undisputed that the disparity of income between the parties is fantastic. Taking $6,000 out of a working individual's pocket is a substantial amount of money.

The chilling effect this will have on future plaintiffs is strong. Any individual who might consider bringing a law suit would hesitate knowing that they may have to pay that amount of money if they failed to prevail, even in an important case.

Future potential plaintiffs with even less income than Mr. Conitz, especially as individuals, will be chilled if they know they may be liable for costs that might range anywhere from five to six thousand dollars, or possibly twenty, thirty or fifty thousand dollars.[2] Teck continues to suggest that plaintiff extended the litigation. Extending litigation is beneficial to defendants; there is simply no benefit to do so for a plaintiff. It wasn't until plaintiff's **Motion for Order of Rule of Law of the Case,** at Docket 64, was responded to by defendants that they would first acknowledge they "might" be exercising a shareholder preference. Had the defendants wished to have this issue litigated, it could have been done at the very beginning of proceedings. Even when the motion at Docket 64 was filed, defendants resisted having it cited as a matter of law. e.g. see defendant **Teck Cominco's Opposition to Conitz's Motion For Ruling of Law On the Case** at Docket 104 and **Motion for Summary Judgment** at Docket 91.

As in Save Our Valley, the court has the authority and opportunity to exercise its discretion and deny costs. Awarding costs in this matter unquestionably will chill the actions of future individual civil rights litigants. The court should exercise its discretion and deny any award of costs.

<u>NANA</u>

NANA has not filed its opposition to **Motion to Deny Costs** to date. NANA did file what appears to be a late opposition (at Docket 172) to **Motion for Court Review of Clerk's Action of Taxation of Costs** (at Docket 163). Plaintiff notes that intervenor NANA's response in opposition to **Court Review of Clerk's Action of Taxation of Costs**, filed at Docket 172, is approximately eighteen days after the filing at response to Docket 163; which was filed August 18th (the opposition was filed September 5th). Tom Daniel, NANA's counsel, represented that whether its position was filed at Docket 172 or in a subsequent opposition to **Motion to Deny Costs** (Docket 176), their position would be the same. The parties are therefore in agreement that the court should consider NANA's pleading at Docket 172 and NANA will file no further responsive pleading to **Motion to Deny Costs** (Docket 176). NANA appears to have advanced no Ninth Circuit authority for defendant intervenors in civil rights cases for an award of costs. Without such precedent the court should not award any costs to NANA.

Respectfully submitted this 15th day of September, 2008 at Fairbanks, Alaska.

LAW OFFICES OF KENNETH L. COVELL
Attorney for Plaintiff, Gregg Conitz

s/Kenneth L. Covell
712 8th Ave.
Fairbanks, AK 99701
Phone: 907.452.4377
Fax: 907.451.7802
E-mail: kcovell@gci.net
Attorney Bar #: 8611103

---

[2] This might be especially true if defendant's intervenor were able to flock to litigation in singles or droves; and a civil rights plaintiff is held accountable for their costs as well.

*Conitz v. Teck Cominco, Case No. 4:06-CV-00015 RRB*
*Reply to Teck's Opposition To Deny Costs*
*Page 3 of 4*

**CERTIFICATE OF SERVICE**
This is to certify that a copy of the foregoing has been
Served electronically, via ECF to the following attorney(s):

**Sean Halloran**
**Thomas M. Daniel – TDaniel@perkinscoie.com**

Dated: 09/15/2008
By: /s/ Wendy Blakeman
    Wendy Blakeman for Kenneth L. Covell