# HARTIG RHODES HOGE & LEKISCH, P.C.

ROBERT L. HARTIG (1928-1980)
JAMES D. RHODES (RETIRED)
G. KENT EDWARDS (RETIRED)

ROBERT C. BRINK
VICKI L. BUSSARD
ROBERT B. FLINT
SEAN HALLORAN
ANDREW E. HOGE
CHRISTINE FOOTE-HYATT

ATTORNEYS AT LAW

www.hartig.law.pro
717 K STREET
ANCHORAGE, ALASKA 99501-3397
TELEPHONE (907) 276-1592
FACSIMILE (907) 277-4352

MICHAEL JUNGREIS
PETER A. LEKISCH
CHRISTINA M. PASSARD
DOUGLAS C. PERKINS
MARGARET J. RAWITZ
TODD J. TIMMERMANS

August 14, 2007

Mr. Kenneth L. Covell
712 8th Avenue
Fairbanks, AK 99701

Re:        *Conitz v. Teck Cominco Alaska, Inc.*
File No.:   62880.198

Dear Ken:

Enclosed are copies of the personnel files of Mr. Conitz, Mr. Baker, Mr. Hanna, Mr. Parillion, and Mr. Sheldon. In accordance with our earlier agreement, personal and/or confidential information contained within them is not to be placed in the public record, and all copies of these files are to be returned to my office at the conclusion of the litigation.

I received your request that Teck Cominco make Mr. McClain available for a deposition. Although I'm at a loss as to why you would want to depose someone who has had absolutely no connection with Red Dog Mine since more than a dozen years before any of the events over which your client is suing, the fact that he has not been an employee of Teck Cominco for a decade and a half means that Teck Cominco does not have the ability to make him available. If you choose to follow through and locate Mr. McClain so as to depose him, please let us know. I anticipate that if you schedule a deposition, we will ask the court to quash it on the grounds that Mr. McClain has absolutely no relevance to the claims at issue, and that deposing him will constitute only a waste of everyone's time and resources.

As for scheduling a deposition of Mr. Scott, if you will propose specific dates, we will check his availability. Before everyone's time is wasted on traveling to Canada to obtain his testimony, however, we will represent once again that it was Mr. Zigarlick who made the hiring decision and not Mr. Scott.

In your letter of August 9, you indicated that you would like to address the situation caused by your client filing an affidavit in open court in which he purports to disclose the contents of what he readily acknowledges was a company secret. Teck Cominco considers this to be a breach of his confidentiality agreement. Before imposing discipline, however, Teck

EXHIBIT 15
PAGE 1 OF 2

Mr. Kenneth E. Covell
August 14, 2007
Page 2

Cominco has authorized me to find out what it is that you are proposing when you say you want to "deal with it". Please phone me at your convenience so that we may discuss the issue.

Sincerely,

HARTIG RHODES HOGE & LEKISCH, P.C.

By: _Sean Halloran_

cc: Tom Daniel

EXHIBIT 15
PAGE 2 OF 2